## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

**Case Title:** Gregory John te Velde    **Case No.:** 18-11651 - B - 11
**Adversary Title:** Sugarman v. IRZ    **Adv No.:** 19-01033
Consulting, LLC

**Docket Control No.** MNG-2
**Date:** 11/13/2019
**Time:** 1:30 PM

**Matter:**  [21] - Jury Demand Re: [1] Complaint Filed by Defendant IRZ Consulting, LLC (fdis) [21] - Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [MNG-2] Filed by Defendant IRZ Consulting, LLC (fdis)

**Judge: René Lastreto II**
**Courtroom Deputy: Debbie Chavez**
**Reporter: Electronic Record**
**Department: B**

**APPEARANCES for:**
**Movant(s):**
Defendant's Attorney - Hagop Bedoyan
**Respondent(s):**
Plaintiff's Attorney - John H. MacConaghy; (by phone) Creditor's Attorney - Sara Chenetz

### CIVIL MINUTES

Motion Denied

Court will issue the order. IRZ to file an answer 14 calendar days after entry of this order.

Randy Sugarman, Chapter 11 Trustee ("Trustee"), filed a complaint against IRZ Consulting, LLC aka IRZ Construction Division, LLC ("IRZ") objecting to IRZ's proof of claim and alleging breach of contract and negligence. These stem from IRZ's alleged failure to competently perform construction management services for the planning and construction of a dairy waste collection, treatment, conversion and disposal system for one of the debtor's large dairies in Oregon. The complaint includes four claims for relief: objection to claim, breach of contract, negligence—claims 1-3—to avoid an allegedly fraudulent transfer—claim 4. The fourth claim is not challenged here.

IRZ's proof of claim for about $350,000.00 is for unpaid amounts due under two "contracts" with the debtor. Trustee alleges no sums are due because of IRZ's material breaches of the contract. Those alleged breaches are the factual basis for the breach of contract and negligence claims which are at issue on this motion. Trustee claims damages of $850,000.00 which is what the debtor allegedly paid IRZ. Consequential damages exceeding $18,550,000.00 are alleged against IRZ. Trustee claims the development of the waste disposal system was severely flawed resulting in the closure of the dairy, sale of the herd and the affected dairy property at below market, remediation costs, profit loss, administrative fines and attorney's fees.

IRZ asks the court to dismiss the first three claims under Federal Rule of Civil Procedure[1] 12(b)(6) (applied in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b)). Other actions are pending raising the same issues as the claim objection, contends IRZ. There are two other adversary proceedings — one removed from the Oregon Circuit Court — about the same dairy as this adversary proceeding. Second, Trustee is precluded from bringing this action, says IRZ, because no certificate of merit under Or. Rev. Stat. § 31.300 was filed with the complaint. Finally, IRZ argues Trustee did not sue the right defendant since IRZ was performing construction management duties only and other firms were involved in the design and implementation of the dairy waste treatment plan.

Civil Rule 12 (b)(6)

A motion to dismiss for failure to state a claim under Civil Rule 12 (b)(6) tests the legal sufficiency of a claim. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The motion may be based on either absence of a cognizable legal theory or the lack of sufficient facts "alleged under a cognizable legal theory." Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Two of IRZ's arguments – wrong defendant and other actions pending – are not strictly dismissal motion contentions. The third – certificate of merit – may be. The court will briefly examine each.

_____

[1]Future references to the Federal Rules of Civil Procedure shall be denoted by "Civil Rule"; references to the Federal Rules of Bankruptcy Procedure shall be noted by "Rule."
Notably, IRZ's motion also includes a declaration of Wayne Downey, IRZ's Director of Construction. Doc. #24. Mr. Downey states many of

the design and construction services which impacted the efficacy of the waste system were not performed by IRZ but others. Id. Specifically pipe plant, manure system, flush/irrigation system, separation screen, and building structure services were the responsibility of unnamed parties. Id. "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

Other pending actions

IRZ's argument goes too far. The relief involved in the other actions relate to priority of the many liens asserted against the dairy. This adversary proceeding relates not only to claim allowance but affirmative claims the estate has against IRZ.

Also, Judge Clement has previously ordered this proceeding and the others dealing with this dairy consolidated for trial purposes. Doc. #94. So, the risk of inconsistent rulings is nonexistent.
     Consolidation is well within the court's discretion. Adams v. Cal. Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (overruled in part on other grounds in Taylor v. Sturgell, 553 U.S. 880, 904 (2008)).

What is more, in the Ninth Circuit, "claim splitting" is determined by application of claim preclusion rules. Assuming the parties in all the actions are the same—they are not—the "same cause of action" requirement of claim preclusion analyzes four criteria:

- Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
- Whether substantially the same evidence is presented in the two actions;
- Whether the two suits involve infringement of the same right;
- Whether the two suits arise out of the same transactional nucleus of facts.

Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). There is no "prior judgment" here. Some of the same evidence may be presented in all actions but that evidence would not include the gravamen of Trustee's claims here. The same right is not involved since affirmative claims asserted in this case differ from priority and sales proceeds issues in the other actions. Part of the claims in the removed action do involve the same transaction at issue here but the breach of contract, negligence and fraudulent transfer claims do not.

Wrong Defendant

Civil Rule 21 (applicable in adversary proceedings by Rule 7021) states in part: "Misjoinder of parties is not a ground for dismissing an action." IRZ's argument on this issue suggests IRZ should bring a third-party complaint against these parties. It does not support an order dismissing the complaint against IRZ. There is no argument on this motion that the allegations are insufficient to state a claim against IRZ. Discovery may establish other parties should be added. But for now, there is no basis to grant the motion to dismiss on this ground.

Permissive joinder of defendants under Civil Rule 20 (applicable to adversary proceedings by Rule 7020) is a right belonging to plaintiffs and a defendant cannot use Rule 20 to force the plaintiff to join a person as an additional defendant. Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983). The motion (and declaration) suggests the identities of other parties. But the motion contains no argument or analysis that the joinder of these parties is mandatory. So, the question is whether Trustee should join them. That is up to the Trustee.

Certificate of Merit

Or. Rev. Stat. § 31.300 (2019) requires an attorney before filing a complaint alleging a claim against a "design professional" arising out of that professional's activities for which the professional is licensed, to certify the attorney has consulted a design professional with similar credentials who is willing to testify as to the liability of the design professional. If this requirement is not complied with, a court must dismiss the complaint upon motion of the "design professional." Or. Rev. Stat. § 31.300(4). IRZ argues Trustee did not comply so dismissal is mandatory. The court disagrees.

First, the Downey declaration, if properly considered on this motion, states IRZ was involved in only "project management services." Those services are not included in the definition of "design professional" under Or. Rev. Stat. § 31.300(1). "Design professional" under that statute is limited to architect, landscape architect, professional engineer or professional land surveyor. There is no analysis by IRZ that "project management services" is contemplated under the statute.

Second, though less than unanimous in this circuit, when confronting application of a similar California statute, Cal. Civ. Proc. § 411.35, federal courts in diversity cases find the certificate of merit a procedural and not a substantive requirement of law. Apex Directional Drilling, LLC v. SHN Consulting Eng'rs & Geologists,

Inc., 119 F. Supp. 3d 1117 (N.D. Cal. 2015); Bard Water Dist. v. James Davey & Assocs., 671 F.App'x 506 (9th Cir. 2016). *But cf.*Lewis v. Ctr. for Counseling & Health Res., C08-1086 MJP, 2009 U.S. Dist. LEXIS 67415 (W.D. Wash. July 28, 2009) [discussing Washington's certificate requirement in malpractice actions]. Notably, even the title of Oregon's certificate of merit statute is "Pleading Requirements for Actions Against Design Professionals." True enough, jurisdiction in this case is based on 28 U.S.C. § 1334 not diversity, 28 U.S.C. § 1332, but that suggests an even narrower application of a state pleading requirement. In the absence of contrary authority, the court is not persuaded that a certificate of merit is a pre-requisite to the filing of this adversary proceeding.

Trustee's argument that IRZ is judicially estopped from raising the issue is without merit. The judicial estoppel doctrine is informed by several factors:

1. Whether a party's later position is clearly inconsistent with its earlier position;
2. Whether a party has succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled;
3. Whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Ah Quin v. City of Kauai DOT, 733 F.3d 267, 270 (9th Cir. 2013). Federal courts apply federal principles of judicial estoppel, even when based on statements made in other tribunals. Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 603 (9th Cir. 1996).

Trustee has presented nothing suggesting the second or third factors are present here. The motion was DENIED.