**7**

1   MILLER NASH GRAHAM & DUNN LLP
    Kyle D. Sciuchetti, OSB No. 965705
2   David A. Foraker, OSB No. 812280
    3400 U.S. Bancorp Tower
3   111 S.W. Fifth Avenue
    Portland, Oregon  97204
4   Telephone:     503.224.5858
    Facsimile:     503.224.0155
5
    Attorneys for Defendant
6   IRZ Consulting, LLC

7

8                    UNITED STATES BANKRUPTCY COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          FRESNO DIVISION

11

12  | In re | Bankruptcy Case No.  18-11651-A-11 |
    |---|---|
13  | GREGORY JOHN TE VELDE, | Chapter 11 |
14  | Debtor. | Adv. Pro. No.  19-01033-B |
15  | | |
    | RANDY SUGARMAN, CHAPTER 11 | DC No.  MNG-2 |
16  | TRUSTEE, | |
    | | DEMAND FOR JURY TRIAL |
17  | Plaintiff, | |
18  | v. | Date:  N/A |
    | | Time:  N/A |
19  | IRZ CONSULTING, LLC; aka IRZ | Place:  2500 Tulare Street |
    | CONSTRUCTION DIVISION, LLC; | Fresno, CA  93721 |
20  | | 5th Floor, Courtroom 13 |
    | Defendant. | Judge: Honorable René Lastreto II |
21
22
23
24

25        **DEFENDANT'S ANSWER TO COMPLAINT, AND AFFIRMATIVE DEFENSES**

26                       **DEMAND FOR A JURY TRIAL**

27        IRZ has a right to a jury trial, hereby demands a jury trial pursuant to Fed. R. Civ.

28

Miller Nash
Graham & Dunn
LLP
Attorneys At Law
Portland

4847-6656-3474.1                    -1-          DEFENDANT'S ANSWER TO COMPLAINT,
                                                      AND AFFIRMATIVE DEFENSES

P. 38, Bankruptcy Court Local Rule 7038-1, and District Court Civil Rule 201, and does not consent to that jury trial being conducted by the bankruptcy judge.

COMES NOW defendant IRZ CONSULTING, LLC ("IRZ") in answering to the allegations in the *Complaint (1) Objecting to Claim, (2) for Damages for Breach of Contract, (3) for Damages for Negligence, and (4) for Avoidance of Fraudulent Transfers* filed herein by plaintiff RANDY SUGARMAN ("Plaintiff") on February 7, 2019, and entered on docket at no. 1, in Adversary Proceeding No. 19-01033-B (the "Complaint") as follows:

**I**

**ANSWER**

1.      IRZ denies paragraph 1.

2.      IRZ denies paragraph 2.

3.      IRZ denies paragraph 3.

4.      IRZ denies paragraph 4.

5.      IRZ denies paragraph 5.

6.      IRZ denies paragraph 6.

7.      In response to paragraph 7, IRZ admits that it is an Oregon limited liability company.  Except as so stated, IRZ denies paragraph 7.

8.      Paragraph 8 is denied for lack of information.

9.      Paragraph 9 is denied for lack of information.

10.      Paragraph 10 is denied for lack of information.

11.      Paragraph 11 is denied for lack of information.

12.      In response to paragraph 12, IRZ admits that it entered into a written "Work Order" on or about September 30, 2015 (the "Work Order"), but alleges that Greg te Velde actually hired others to perform nearly all of the tasks listed in the Work Order and, thus, the Work Order does not accurately reflect the tasks performed by IRZ. Except as so stated, IRZ denies paragraph 12.

13.      IRZ denies paragraph 13 because Greg te Velde ultimately chose to hire IRZ to perform only limited services to assist Mr. te Velde in his duties as general contractor.

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
PORTLAND

4847-6656-3474.1                    - 2 -                    DEFENDANT'S ANSWER TO COMPLAINT,
AND AFFIRMATIVE DEFENSES

14.　　In response to paragraph 14, IRZ admits that the Work Order includes a provision limiting IRZ's liability for negligence damages, but denies that such provision merely "purports" to limit such damages.  Except as so stated, paragraph 14 is denied.

15.　　IRZ denies paragraph 15.

16.　　IRZ denies paragraph 16.

17.　　In response to paragraph 17, IRZ admits that it understood Greg te Velde desired to build a self-contained waste-recycling system substantially as described in paragraph 17, but IRZ denies that he hired IRZ to design or engineer that system.

18.　　IRZ denies paragraph 18.

19.　　Paragraph 19 is denied for lack of information.

20.　　Paragraph 20 is denied for lack of information.

21.　　IRZ admits paragraph 21.

22.　　IRZ admits there was no written Scope of Work included or attached to the 11/17/15 Agreement.  Except as so stated, paragraph 22 is denied.

23.　　IRZ admits that the 11/17/15 Agreement includes a provision limiting IRZ's liability for negligence damages, but denies that such provision merely "purports" to limit such damages.  Except as so stated, paragraph 23 is denied.

24.　　IRZ denies paragraph 24.

25.　　IRZ denies paragraph 25.

26.　　 IRZ denies paragraph 26.

27.　　In response to paragraph 27, IRZ admits that it assisted Greg te Velde to perform certain of his management services in his role as general contractor, and that it received some but less than full payment for such services, but IRZ otherwise denies the allegations in paragraph 27.

28.　　Paragraph 28 is denied for lack of information.

29.　　IRZ denies paragraph 29.

30.　　IRZ denies paragraph 30.

31.　　 In response to paragraph 31, IRZ responds that the numbers alleged are

1    only approximately correct and so the allegations in paragraph 31 are denied.

2            32.      IRZ denies paragraph 32.

3            33.      IRZ denies paragraph 33.

4            34.      IRZ denies paragraph 34.

5            35.      Paragraph 35 is denied for lack of information.

6            36.      IRZ denies paragraph 36.

7            37.      Paragraph 37 is denied for lack of information.

8            38.      IRZ denies paragraph 38.

9            39.      IRZ denies paragraph 39.

10            40.      In response to paragraph 40, IRZ realleges and reincorporates its responses

11    to the previous paragraphs.

12            41.      In response to paragraph 41, IRZ responds that the referenced document

13    speaks for itself.  Except as so stated, paragraph 41 is denied.

14            42.      IRZ denies paragraph 42.

15            43.      In response to paragraph 43, IRZ realleges and reincorporates its responses

16    to the previous paragraphs.

17            44.      IRZ denies paragraph 44.

18            45.      IRZ denies paragraph 45.

19            46.      IRZ denies paragraph 46.

20            47.      IRZ denies paragraph 47.

21            48.      In response to paragraph 48, IRZ realleges and reincorporates its responses

22    to the previous paragraphs.

23            49.      IRZ denies paragraph 49.

24            50.      IRZ denies paragraph 50.

25            51.      IRZ denies paragraph 51.

26            52.      IRZ denies paragraph 52.

27            53.      IRZ denies paragraph 53.

28            54.      IRZ denies paragraph 54.

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
PORTLAND

4847-6656-3474.1      - 4 -

DEFENDANT'S ANSWER TO COMPLAINT,
AND AFFIRMATIVE DEFENSES

55.      In response to paragraph 55, IRZ responds that the terms of the referenced documents speak for themselves. In further response to paragraph 55, IRZ responds that paragraph 55 calls for a legal conclusion, such that no response is required from IRZ. Except as so stated, paragraph 55 is denied.

56.      In response to paragraph 56, IRZ realleges and reincorporates its responses to the previous paragraphs.

57.      Paragraph 57 calls for a legal conclusion, such that no response is required from IRZ. To the extent an answer is required, paragraph 57 is denied for lack of information.

58.      IRZ denies paragraph 58.

59.      IRZ denies paragraph 59.

60.      IRZ denies paragraph 60.

61.      IRZ denies paragraph 61.

62.      Paragraph 62 is denied and/or denied for lack of information.

63.      IRZ denies paragraph 63.

64.      Except as expressly admitted in this answer, IRZ denies each and every allegation of plaintiffs' complaint.

## II

## **AFFIRMATIVE DEFENSES**

## **DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

65.      Plaintiff has failed to state facts sufficient to constitute a claim for relief against IRZ.

## **DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**
### **(In Pari Delicto/Comparative Fault)**

66.      Under the doctrine of in pari delicto, plaintiff/trustee stands in the shoes of the debtor, Gregory John te Velde. Here, plaintiff's damages, in whole or in part, are the result of debtor te Velde's comparative fault, which caused or contributed to plaintiff's damages and are, based on in pari delicto, attributable to plaintiff.

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
PORTLAND

4847-6656-3474.1        - 5 -        DEFENDANT'S ANSWER TO COMPLAINT, AND AFFIRMATIVE DEFENSES

1
2

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE
**(Fault of Others)**

3
67.     Plaintiff's claims should be dismissed because of plaintiff's failure to
4
comply with ORS 31.300.

5
## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE
**(Fault of Others)**
6

7
68.     Plaintiff's damages, if any, are the result of negligence by other parties
8
over which IRZ has no obligation, duty or right to control.

9
## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE
**(Betterment)**
10

11
69.     To the extent the scope and cost of the repairs are unreasonable and
12
unnecessary, it will amount to betterment.

13
## DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE
**(*Spearin* Doctrine)**
14

15
70.     On information and belief, IRZ performed its work pursuant to plans and
16
specifications prepared for the project. IRZ reasonably relied upon the sufficiency of those plans
17
and specifications. Any damages at the project are due to errors, omissions, and deficiencies in
18
the plans and specifications for which IRZ is not responsible.

19
## DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE
**(Spoliation of Evidence)**
20

21
71.     Plaintiff's claims are barred in whole or in part to the extent he (or debtor
22
Gregory te Velde, in whose shoes plaintiff stands) failed to take reasonable steps to preserve
23
material evidence necessary to IRZ, or to notify IRZ of the impending destruction of material
24
evidence.

25
## DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**
26

27
72.     Plaintiff (or debtor Gregory te Velde, in whose shoes plaintiff stands) has
28
failed to mitigate his damages, if any.

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
PORTLAND
4847-6656-3474.1          - 6 -          DEFENDANT'S ANSWER TO COMPLAINT,
AND AFFIRMATIVE DEFENSES

1
2

## DEFENDANT'S NINTH AFFIRMATIVE DEFENSE
### (Standard of Care)

3    73.    IRZ performed its work within the accepted standard of care for rendering

4  similar services in Morrow County, Oregon at the time the work was performed and completed.

5
## DEFENDANT'S TENTH AFFIRMATIVE DEFENSE
### (Offset)

6

7    74.    IRZ is entitled to an offset or reduction of damages, if any, to the extent

8  plaintiff received or receives payments from others and/or failed to pay IRZ for work performed.

9
## DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

10

11    75.    Some or all of plaintiff's claims are barred in whole or in part by the

12  doctrines of waiver and estoppel.

13

## RESERVATION OF RIGHTS

14

15    76.    IRZ reserves the right to allege any affirmative defenses or counterclaims

16  which become apparent through the discovery process.

17
## PRAYER

18    WHEREFORE, IRZ prays for relief in its favor, dismissing plaintiff's complaint

19  with prejudice, awarding to IRZ its reasonable attorneys' fees, costs and disbursements as

20  allowed by law, and awarding IRZ any and all other relief that is just and proper.

21

22  Dated:  November 21, 2019                MILLER NASH GRAHAM & DUNN LLP

23

24  By:  */s/ Kyle D. Sciuchetti*
25  Kyle D. Sciuchetti, OSB No. 765705
     Attorneys for Defendant IRZ Consulting, LLC,
26  admitted *pro hac vice* by Doc. No. 68

27

28