# Exhibit 5



**Benjamin P. Tarczy**
benjamin.tarczy@millernash.com
562.247.7634 (direct)

December 17, 2021

**VIA EMAIL ONLY**

Duncan C. Turner
Badgley Mullins Turner PLLC
19929 Ballinger Way, Ste 200
Seattle, WA 98155
dturner@badgleymullins.com

Subject:     Response to Dari-Tech's Separate Statement In Support Of Motion To Compel
             IRZ To Provide Further Responses To Form Interrogatories

Dear Mr. Turner:

We are in receipt of your December 8, 2021 Proposed Separate Statement In Support Of
Motion To Compel IRZ To Provide Further Responses To Form Interrogatories (the "Motion"),
which you have threatened to file but, to date, have not. IRZ understands the reference to
"Form Interrogatories" to be a typographical error and that this separate statement is intended
to relate to IRZ's responses to Dari-Tech's interrogatories.  The Motion is entirely without merit,
and IRZ Consulting, LLC hereby attempts to meet and confer in good faith to resolve this
dispute.

<u>**MEET AND CONFER REQUIREMENTS**</u>

In order to properly "meet and confer" with respect to a discovery dispute in California: "[t]he
parties must present to each other the merits of their respective positions with the same
candor, specificity, and support during informal negotiations as during the briefing of discovery
motions. Only after all cards have been laid on the table, and a party has meaningfully assessed
the relative strengths and weaknesses of its position in light of all available information, can
there be a 'sincere effort' to resolve the matter." (*See Townsend v. Superior Court* (1998) 61
Cal.App.4th 1431, 1435.) "[A]rgument is not the same as informal negotiation . . . attempting
informal resolution means more than the mere attempt by the discovery proponent 'to
persuade the objector of the error of his ways'." (*See Clement v. Alegre* (2009) 177 Cal.App.4th
1277, 1294.)

California
Oregon
Washington



Duncan C. Turner
Badgley Mullins Turner PLLC
December 17, 2021
Page 2

With respect to those Requests to which IRZ contends that no further response is required, IRZ invites Dari-Tech to state its position, including specific facts, as to why good cause exists for defendant to provide further responses.

**INTERROGATORIES**

Interrogatory No. 2

Interrogatory No. 2's discrete subparts each seek the disclosure of information related to an expert. IRZ has properly objected on the grounds that such interrogatories prematurely seek expert-witness information.

FRCP 26 (b)(4)(D) states, in pertinent part, that "a party may not, by interrogatories . . . , discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation. . . ." Each of Interrogatory No. 2's discrete subparts seeks facts known to or opinions held by an expert or experts who have been retained or specially employed by IRZ in anticipation of litigation. Most notably, the subparts requesting information as to the basis for IRZ's expert's opinions expressly seek facts known to an expert. As such, the Interrogatories violate FRCP 26 (b)(4)(D) and no further response is required.

To the extent Dari-Tech claims that such information is not facts known or opinions held by an expert, the requests violate of FRCP 26(b)(1), which provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

None of Interrogatory No. 2's discrete subparts seek facts relevant to any party's claim or defense. Credentials of any of IRZ's experts do not have any material value to any party's claim

Duncan C. Turner
Badgley Mullins Turner PLLC
December 17, 2021
Page 3



in this matter. No matter what credentials are held by IRZ's experts, they have no effect on Dari-Tech or IRZ's factual actions in this matter. Such is true of what documents were provided, whether the expert visited the Dairy, nor the dates of such visit. Dari-tech has identified no specific facts to indicate such information is relevant or material in any way. As such, the Interrogatories violate FRCP 26 26(b)(1) and no further response is required.

IRZ invites Dari-Tech to state its position, including specific facts, as to why good cause exists for IRZ to provide further responses.

Interrogatory No. 4

Interrogatory No. 4's discrete subparts each seek information related to IRZ's anticipated contentions at trial regarding the failure of any specific items of equipment. IRZ responded by properly objecting that such interrogatories prematurely seek expert-witness information. In the interest of cooperation, IRZ further responded by stating has not yet made a determination of what contentions will be presented at the time of trial, and further identified specific items of equipment supplied by Dari-Tech and the claimed effects of such equipment that forms the basis of plaintiff's action in this indemnity lawsuit. This is an entirely proper response to speculative interrogatories, and no further response is required. Dari-Tech's objection to the fact that it received a response other than what it was hoping for to a speculative interrogatory as to contentions at the time of trial is no basis for a motion to compel further responses. IRZ has fully responded to the interrogatories.

Regardless, in the interest of cooperation, IRZ agrees to supplement its responses to discrete subparts 1, 2, 3, 4, and 7.

Interrogatory No. 6

Interrogatory No. 6's discrete subparts each seek information related to specific contentions raised in plaintiff's complaint in this indemnity action. IRZ responded by properly objecting that such interrogatories prematurely seek expert-witness information. In the interest of cooperation, IRZ further responded by stating has not yet made a determination of what contentions will be presented at the time of trial, and further identified specific items of



equipment supplied by Dari-Tech.  This is an entirely proper response to speculative interrogatories and no further response is required, as IRZ has identified Dari-Tech's acts or omissions.

Regardless, in the interest of cooperation, IRZ agrees to supplement its responses to discrete subparts 1, 2, and 7-11.

<u>Interrogatory No. 7</u>

Interrogatory No. 7's discrete subparts each seek further information regarding the acts or omissions of Dari-Tech.  IRZ responded by properly objecting that such interrogatories prematurely seek expert-witness information, and that the interrogatory exceeds the 25 written interrogatories, including all discrete subparts allotted by FRCP 33(a).

IRZ responded to Dari-Tech's request by responding to interrogatories 1, 2, 4, and 6, followed by the rest sequentially, as per your October 13, 2021 correspondence.  Interrogatory No. 1 included 2 subparts, Interrogatory No. 2 included 7 subparts, Interrogatory No. 4 included 7 subparts, and Interrogatory No. 6 included 12 subparts, amounting to no fewer than 26 subparts prior to reaching Interrogatory No. 7.  As such, no further response is required.

**CONCLUSION**

We look forward to hearing from you after you have had an opportunity to evaluate the foregoing. At that time, we can discuss our respective options, which we hope will include the possibility of resolving these issues without the need for judicial intervention.  Thank you for your anticipated courtesy and cooperation.

Very truly yours,

Benjamin P. Tarczy