# Exhibit 4



Duncan C. Turner    Direct 206.340.5907    dturner@badgleymullins.com

**Via Email Attachment – <u>benjamin.tarczy@millernash.com</u>**

October 13, 2021

Benjamin Tarczy
Miller Nash Graham & Dunn LLP
111 SW Fifth Avenue, Suite 3400
Portland, OR 97204

Re: Sugarman v. IRZ Consulting, LLC / IRZ v. Daritech, Inc. et al.

Dear Mr. Tarczy,

I am writing as a follow-up to our meet and confer telephone call of earlier today.

We believe that the number of interrogatories that we propounded were within the number permitted by the rules. In each instance, the "bullet points" were intended to identify the elements of a complete answer to the discrete central question being propounded.

We are interested in a complete statement of what IRZ currently believes are the facts and evidence that point to any potential liability by Daritech. If you intend to provide that in your responses, then rather than await the outcome of the looming discovery dispute, we will accept for now answers to the following questions as propounded. This is without limitation on our ability to seek full and complete responses to all of the questions that were posed.

- Interrogatory 1
- Interrogatory 2
- Interrogatory 4
- Interrogatory 6    (less bullet points 8 (re "porous decomposed granite") and 12 (re "construction management")

Using your method of counting "discrete subparts," we believe this results in 25 questions. You made no objection to the Requests for Production, so we expect those to be fully answered.

After we evaluate IRZ's responses to the above, we will determine the need for a motion to compel as to the others.

Filed 04/08/22　　　　　　　　　　　　Case 19-01033　　　　　　　　　　　　Doc 348

With best regards,

BADGLEY MULLINS TURNER, PLLC

*Duncan C. Turner*

Duncan C. Turner