# Exhibit 3

MILLER NASH LLP
Kyle D. Sciuchetti, Admitted Pro Hac Vice
  *kyle.s@millernash.com*
Brianna J. Wellman, Admitted Pro Hac Vice
  *brianna.wellman@millernash.com*
US Bancorp Tower
111 SW Fifth Avenue, Suite 3400
Portland, Oregon 97204
Telephone:    503.224.5858
Facsimile:    503.224.0155

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Hagop T. Bedoyan, #131285
  *hagop.bedoyan@mccormickbarstow.com*
Matthew P. Bunting, #306034
  *mattnew.bunting@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    559.433.1300
Facsimile:    559.433.2300

Attorneys for IRZ Consulting, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 18-11651-A-11 |
| GREGORY JOHN TE VELDE, | Chapter 11 |
| Debtor. | Adv. Pro. No. 19-01033-B |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE, | **IRZ CONSULTING, LLC'S RESPONSE TO THIRD-PARTY DEFENDANT DARI-TECH, INC.'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO IRZ PARTIES** |
| Plaintiff, | |
| v. | |
| IRZ CONSULTING, LLC, a/k/a IRZ CONSTRUCTION DIVISION, LLC, | |
| Defendant. | |

1  IRZ CONSULTING, LLC, a/k/a IRZ
   CONSTRUCTION DIVISION, LLC,
2

3        Third-Party Plaintiff,

4              v.

5  U.S. FARM SYSTEMS; 4 CREEKS, INC.;
   JOHN FAZIO d/b/a FAZIO
6  ENGINEERING; DARI-TECH, INC.;
   LASER LAND LEVELING, INC.; MAAS
7  ENERGY WORKS, INC.; GEORGE
   CHADWICK d/b/a GEORGE CHADWICK
8  CONSULTING; VALMONT
   NORTHWEST, INC.; and NUCOR
9  BUILDING SYSTEMS UTAH LLC,

10       Third-Party Defendants.

11  TO THIRD PARTY DEFENDANT DARI-TECH, INC., AND ITS ATTORNEYS OF RECORD:

12         Pursuant to F.R.C.P. 26, 33, and 34, IRZ Consulting, LLC ("IRZ"), objects and

13  responds to Dari-Tech, Inc.'s ("Dari-Tech") First Interrogatories and Requests for Production

14  ("Discovery Requests") as follows:

15                              **GENERAL OBJECTIONS**

16         The following general objections are incorporated in each of the responses to

17  Dari-Tech's Discovery Requests as if specifically set forth therein.

18         1.     IRZ objects to the Discovery Requests to the extent that they impose any

19  obligations on IRZ beyond those authorized by the Federal Rules of Civil Procedure, or the Local

20  Rules of this court. IRZ will supply responses consistent with the obligations imposed by the

21  Federal Rules of Civil Procedure and other applicable laws and rules.

22         2.     IRZ objects to the Discovery Requests to the extent they call for documents

23  and information or material protected by the attorney-client privilege, the work product doctrine,

24  and any other applicable privilege or discovery immunity. IRZ will not produce any such

25  privilege-protected documents or information, and the Discovery Requests will be construed by

26  IRZ, where possible, as not calling for such information or material.

27  / / /

28  / / /

3.    IRZ objects to the Discovery Requests to the extent they seek information that is not relevant to the claims and defenses in this action or not reasonably calculated to lead to the discovery of admissible evidence. IRZ further objects to the extent that the Discovery Requests seek information that is not proportionate to the needs of this case.

4.    IRZ objects to the Discovery Requests to the extent that they call for the production of documents or information not within IRZ's possession, custody, or control.

5.    IRZ objects to the Discovery Requests to the extent that they seek discovery of public or other information that is as equally and readily available to Dari-Tech as it is to IRZ.

6.    IRZ generally objects to the Discovery Requests to the extent that they are overly broad or seek the production of documents that would impose an undue burden on IRZ by requiring an unreasonably intensive, costly, and/or laborious search for documents.

7.    In responding to the Discovery Requests, IRZ is making a good faith effort to identify readily accessible responsive electronic documents. Additional electronic records and computerized information not readily accessible will not be produced in the absence of an agreed-upon protocol, an appropriate protective order, and proper allocation of expenses.

8.    A statement by IRZ that they will produce documents is not an affirmative statement that such documents exist or, if they exist, that they are within the possession, custody, or control of IRZ; it is only a statement that IRZ will produce documents to the extent they exist.

9.    By producing documents, IRZ does not waive, but instead preserves, all evidentiary objections.

10.    When indicating below what documents will be produced, IRZ means they will produce only those documents that are not subject to a claim of privilege or an objection. Documents that IRZ agrees to produce will be produced at a mutually convenient time at the offices of Miller Nash LLP, 111 SW Fifth Avenue, Suite 3400, Portland, Oregon 97204.

Each of these general objections is incorporated in each response set forth below as though fully stated therein. IRZ does not waive any general objection even though they may provide a substantive response to the requests for production.

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1    Subject to and without waiving any objection, IRZ will provide the requested

2    information as follows:

3                            **PRELIMINARY STATEMENT**

4    Per our telephonic meet and confer conversation and your meet and confer

5    correspondence dated October 13, 2021, IRZ will respond to Interrogatories 1, 2, 4, and 6,

6    including discrete subparts, prior to any other interrogatories for the purposes of complying with

7    the twenty-five (25) discrete subpart limitation set forth by Fed. R. Civ. P. 33.

8                                 **RESPONSES**

9    **INTERROGATORY NO. 1:** In Paragraph 9 of the Third-Party Complaint, you

10   allege that "Dari-Tech, Inc. developed and designed the dairy's waste management system,

11   including the Biolynk flush system." Identify every component of the dairy's waste management

12   system that you will contend was developed and/or designed by Dari-Tech, and further identify

13   every fact upon which you relied in order to allege that Dari-Tech developed or designed any

14   portion of the waste management system other than the Biolynk Flush System.

15   <u>**RESPONSE:**</u>

16   <u>**Response to discrete subpart 1:**</u>

17   IRZ has not yet made a determination of what contentions will be presented at the

18   time of trial. Dari-Tech installed: (1) complete turnkey Biolynk tank system, piping and PLC

19   control; (2) manure pumps and agitators with controls; and (3) CST Storage water storage tank

20   with roof.

21   Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

22   Response.

23   <u>**Response to discrete subpart 2:**</u>

24   Dari-Tech's proposal for manure system for Willow Creek Dairy dated March 18,

25   2016, and agreed to by IRZ on March 22, 2016, included the installation of the items referenced

26   in IRZ's above-referenced Response to discrete subpart 1. Dari-Tech thereby installed the items

27   referenced in IRZ's above-referenced Response to discrete subpart 1.

28   / / /

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1    Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

2    Response.

3    **INTERROGATORY NO. 2:** In Paragraph 15 of the Third-Party Complaint, you

4    [sic] report stated as follows:

> 15.    The undersigned counsel hereby certifies that he has consulted a design
> professional with similar credentials who is qualified, available and willing to testify to
> admissible facts and opinions sufficient to create a question of fact as to the liability of third-party
> defendants and that the design professional is available and willing to testify that: 1) IRZ was not
> involved in the design of Lost Valley Farm; 2) to the extent there are defects in the design of Lost
> Valley Farm, they are the responsibility of the third-party defendants who were involved in the
> design of Lost Valley Farm and the self-contained waste recycling system; 3) plaintiff alleges
> conduct in the Complaint regarding the design of Lost Valley Farm and its failure to meet the
> standard of professional skill and care ordinarily provided by other design professionals with
> similar credentials, experience and expertise and practicing under the same or similar
> circumstances; and 4) plaintiff has alleged that the failure to properly design was a cause of the
> claimed property damages, losses or other harm.

15    Given that the work of these persons are now part of the court record, identify every design

16    professional referred to above with whom you consulted as to the acts and/or omissions by Dari-

17    Tech, and for each person or entity you identify, state the following:

18    • Their "similar credentials" referenced above,

19    • All documents and materials that you provided to said person,

20    • Whether the person personally visited Lost Valley Farm while it was being

21    operated by Gregory te Velde,

22    • The date(s) on which the expert provided you with an opinion as to any fault

23    attributed to Dari-Tech regarding the failure of the Lost Valley Farm,

24    • The basis for any opinion that an act or omission by Dari-Tech caused the

25    waste management system to fail, and

26    • The basis for any opinion that an act or omission by a person other than Dari-

27    Tech was a cause of the failure of the waste management system.

28    / / /

1    **RESPONSE:**

2    **Response to discrete subpart 1:**

3    IRZ objects on grounds that the interrogatory seeks attorney work product,

4 attorney-client privileged information, and information covered by other applicable privileges and

5 immunities; as seeking expert-witness information before the deadline for expert disclosures set

6 by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

7 in accordance with Fed. R. Civ. P. 26(a)(2)(D).

8    Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

9 Response.

10    **Response to discrete subpart 2:**

11    IRZ objects on grounds that the interrogatory seeks attorney work product,

12 attorney-client privileged information, and information covered by other applicable privileges and

13 immunities; as seeking expert-witness information before the deadline for expert disclosures set

14 by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

15 in accordance with Fed. R. Civ. P. 26(a)(2)(D).

16    Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

17 Response.

18    **Response to discrete subpart 3:**

19    IRZ objects on grounds that the interrogatory seeks attorney work product,

20 attorney-client privileged information, and information covered by other applicable privileges and

21 immunities; as seeking expert-witness information before the deadline for expert disclosures set

22 by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

23 in accordance with Fed. R. Civ. P. 26(a)(2)(D).

24    Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

25 Response.

26    **Response to discrete subpart 4:**

27    IRZ objects on grounds that the interrogatory seeks attorney work product,

28 attorney-client privileged information, and information covered by other applicable privileges and

immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).

Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

### Response to discrete subpart 5:

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).

Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

### Response to discrete subpart 6:

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).

Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

### Response to discrete subpart 7:

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).

/ / /

1    Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

2    Response.

3    **REQUEST FOR PRODUCTION NO. 1:** Produce all documents relied upon by

4    the experts identified in response to Interrogatory No. 2 in arriving at their opinion that an act or

5    omission by Dari-Tech was a cause of the failure of Lost Valley Farm.

6    **RESPONSE:**

7    IRZ objects on grounds that the request seeks attorney work product, attorney-

8    client privileged information, and information covered by other applicable privileges and

9    immunities; as seeking expert-witness information before the deadline for expert disclosures set

10    by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

11    in accordance with Fed. R. Civ. P. 26(a)(2)(D).

12    Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

13    Response.

14    **INTERROGATORY NO. 4:** Will you contend at trial that any specific item of

15    equipment supplied by Dari-Tech to Lost Valley Farms failed to operate as represented by Dari-

16    Tech? If so, identify:

17    • Each such piece of equipment,

18    • The manner in which you will contend that item of equipment failed to

19    operate,

20    • The cause of any alleged failure in that item of equipment,

21    • Whether the item of equipment at the time of the alleged failure was being

22    employed in a proper manner,

23    • Any action taken by te Velde and/or IRZ to report an alleged failure to Dari-

24    Tech,

25    • Any action taken by te Velde and/or IRZ to correct the alleged failure, and

26    • Your contention as to how the failure of that item of equipment caused the

27    Lost Valley Farm to fail.

28    / / /

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

**RESPONSE:**

**Response to discrete subpart 1:**

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections, IRZ responds as follows:

IRZ has not yet made a determination of what contentions will be presented at the time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

To the extent known at this time, Dari-Tech supplied the following relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

**Response to discrete subpart 2:**

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections, IRZ responds as follows:

IRZ has not yet made a determination of what contentions will be presented at the time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

To the extent known at this time, Plaintiff alleges that an adequate and competent preliminary and/or final site plan, with waste handling, locations was not prepared.  Plaintiff further alleges that a defective site plan, which provided insufficient grade in the dairy stalls, was installed and an inadequate flushing system for the waste to flow into the catch basins was

1   installed.  Plaintiff further alleges that underground piping of insufficient diameter and flow was

2   specified, so that the underground waste pipes consistently clogged and backed up.  Plaintiff

3   further alleges that inadequate impermeable surface areas throughout the system were specified,

4   particularly at the sand lane, so that waste regularly came in contact with unprotected soil.  Dari-

5   Tech supplied and installed the following items relevant to these allegations: (1) complete turnkey

6   Biolynk tank system, piping and PLC control; (2) manure pumps and agitators with controls; and

7   (3) CST Storage water storage tank with roof.

8                    **Response to discrete subpart 3:**

9                    IRZ objects on grounds that the interrogatory seeks attorney work product,

10  attorney-client privileged information, and information covered by other applicable privileges and

11  immunities; as seeking expert-witness information before the deadline for expert disclosures set

12  by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

13  in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

14  IRZ responds as follows:

15                   IRZ has not yet made a determination of what contentions will be presented at the

16  time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

17  Response.

18                   To the extent known at this time, Plaintiff alleges that an adequate and competent

19  preliminary and/or final site plan, with waste handling locations, was not prepared.  Plaintiff

20  further alleges that a defective site plan, which provided insufficient grade in the dairy stalls, was

21  installed and an inadequate flushing system for the waste to flow into the catch basins was

22  installed.  Plaintiff further alleges that underground piping of insufficient diameter and flow was

23  specified, so that the underground waste pipes consistently clogged and backed up.  Plaintiff

24  further alleges that inadequate impermeable surface areas throughout the system were specified,

25  particularly at the sand lane, so that waste regularly came in contact with unprotected soil.  Dari-

26  Tech supplied and installed the following items relevant to these allegations: (1) complete turnkey

27  Biolynk tank system, piping and PLC control; (2) manure pumps and agitators with controls; and

28  (3) CST Storage water storage tank with roof.

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1    **Response to discrete subpart 4:**

2         IRZ objects on grounds that the interrogatory seeks attorney work product,

3    attorney-client privileged information, and information covered by other applicable privileges and

4    immunities; as seeking expert-witness information before the deadline for expert disclosures set

5    by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

6    in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

7    IRZ responds as follows:

8         IRZ has not yet made a determination of what contentions will be presented at the

9    time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

10   Response.

11        To the extent known at this time, Plaintiff alleges that an adequate and competent

12   preliminary and/or final site plan, with waste handling locations, was not prepared.  Plaintiff

13   further alleges that a defective site plan, which provided insufficient grade in the dairy stalls, was

14   installed and an inadequate flushing system, for the waste to flow into the catch basins, was

15   installed.  Plaintiff further alleges that underground piping of insufficient diameter and flow was

16   specified, so that the underground waste pipes consistently clogged and backed up.  Plaintiff

17   further alleges that inadequate impermeable surface areas throughout the system were specified,

18   particularly at the sand lane, so that waste regularly came in contact with unprotected soil.  Dari-

19   Tech supplied and installed the following items relevant to these allegations: (1) complete turnkey

20   Biolynk tank system, piping and PLC control; (2) manure pumps and agitators with controls; and

21   (3) CST Storage water storage tank with roof.

22        **Response to discrete subpart 5:**

23        IRZ was not notified and/or aware of a failure such to notify Dari-Tech prior to the

24   filing of the instant Action.  IRZ is unaware as to whether te Velde notified Dari-Tech of any

25   failure of any component.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or

26   correct this Response.

27   / / /

28   / / /

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1   **Response to discrete subpart 6:**

2          IRZ was not notified and/or aware of a failure such to remedy Dari-Tech's failure

3   prior to the filing of the instant Action.  IRZ is unaware as to whether te Velde took action to

4   remedy Dari-Tech's failure.  Discovery is ongoing. IRZ reserves the right to supplement, amend,

5   or correct this Response.

6   **Response to discrete subpart 7:**

7          IRZ objects on grounds that the interrogatory seeks attorney work product,

8   attorney-client privileged information, and information covered by other applicable privileges and

9   immunities; as seeking expert-witness information before the deadline for expert disclosures set

10  by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

11  in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

12  IRZ responds as follows:

13         IRZ has not yet made a determination of what contentions will be presented at the

14  time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

15  Response.

16         To the extent known at this time, Plaintiff alleges that an adequate and competent

17  preliminary and/or final site plan, with waste handling locations, was not prepared.  Plaintiff

18  further alleges that a defective site plan, which provided insufficient grade in the dairy stalls, was

19  installed and an inadequate flushing system, for the waste to flow into the catch basins, was

20  installed.  Plaintiff further alleges that underground piping of insufficient diameter and flow was

21  specified, so that the underground waste pipes consistently clogged and backed up.  Plaintiff

22  further alleges that inadequate impermeable surface areas throughout the system were specified,

23  particularly at the sand lane, so that waste regularly came in contact with unprotected soil.  Dari-

24  Tech supplied and installed the following items relevant to these allegations: (1) complete turnkey

25  Biolynk tank system, piping and PLC control; (2) manure pumps and agitators with controls; and

26  (3) CST Storage water storage tank with roof.

27  ///

28  ///

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents that relate or refer to the alleged failure of any specific item of equipment supplied by Dari-Tech to Lost Valley Farms as identified in your response to the interrogatory above.

**RESPONSE:**

IRZ objects to this Request on the grounds that it does not describe the documents sought, including any electronically stored information, with reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A). IRZ further objects to this Request on the grounds that the terms/phrases "relate or refer to" are facially overbroad and unduly burdensome, as "it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope." A Request seeking documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." (*See, e.g., v. Dorel Juvenile Group, Inc.,* (D. Kans. 2005) 230 F.R.D. 611, 623.) IRZ objects on grounds that the request seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D). Without waiving and subject to such objections, IRZ responds as follows:

IRZ has produced those documents in its care, custody, and control identified after a reasonable search to the Trustee, and refers Dari-Tech to documents Bates numbered IRZ000001 through IRZ005092.

Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents that relate or refer to the water requirements for the operation of Lost Valley Farm's waste management system.

/ / /

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

## RESPONSE:

IRZ objects to this Request on the grounds that it does not describe the documents sought, including any electronically stored information, with reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A). IRZ further objects this Request on the grounds that the terms/phrases "relate or refer to" are facially overbroad and unduly burdensome, as "it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope." A Request seeking documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." (*See, e.g., v. Dorel Juvenile Group, Inc.,* (D. Kans. 2005) 230 F.R.D. 611, 623.) IRZ objects on grounds that the request seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D). Without waiving and subject to such objections, IRZ responds as follows:

IRZ has produced those documents in its care, custody, and control identified after a reasonable search to the Trustee, and refers DARI-TECH to documents Bates numbered IRZ000001 through IRZ005092.

Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

**INTERROGATORY NO. 6:** Paragraph 5 of the Third-Party Complaint quotes from Paragraph 29 in the Trustee's Complaint and provides a list of deficiencies that the Trustee claims were acts and omissions by IRZ, and that IRZ now claims were the fault of Dari-Tech and/or others. Using the same bullet-list format, respond to the following:

- Identify any action or omission by Dari-Tech that you will contend resulted in a "preliminary or final site plan with structure, corral, and waste handling locations."

1    • Identify any act or omission by Dari-Tech that you will contend resulted in a
2    failure to provide a "preliminary or final grading plan to be used for mass
3    excavation calculations."
4    • Identify any act or omission by Dari-Tech that you will contend resulted in a
5    failure to provide a "preliminary or final infrastructure plan to include onside
6    drain lines, underground water lines, and underground power lines."
7    • Identify any act or omission by Dari-Tech that you will contend resulted in a
8    failure "to prepare an adequate and competent preliminary and/or final effluent
9    water flow line plane to include adequate lines for site drainage, structures,
10    corrals, and effluent handling components to the lagoon systems."
11    • Identify any act or omission by Dari-Tech that you will contend resulted in a
12    failure "to prepare an adequate and competent preliminary and/or final lagoon
13    design sufficient to satisfy the Debtor's obligations under his CAFO permit
14    and other dairy entitlements."
15    • Identify any act or omission by Dari-Tech that you will contend resulted in
16    preparation of "a defective irrigation plan" and failure "to advise the Debtor
17    that there were too many acres under lease to Boardman Tree Farm, LLC to
18    enable the Debtor to install a sufficient number of irrigation pivots to properly
19    dispose of the effluent from a 12,000 head dairy herd."
20    • Identify any act or omission by Dari-Tech that you will contend resulted in the
21    preparation of "a defective site plan which provided insufficient grade in the
22    dairy stalls and an inadequate flushing system for the waste to flow into the
23    catch basins."
24    • Identify any act or omission by Dari-Tech that you will contend resulted in the
25    specification of "the use of porous decomposed granite for the bedding of the
26    dairy stalls, which absorbed and became saturated with the waste, preventing
27    the waste from flowing by gravity into the catch basin."
28    / / /

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1       •   Identify any act or omission by Dari-Tech that you will contend resulted in the

2          specification of "underground piping of insufficient diameter and flow, so that

3          the underground waste pipes consistently clogged and backed up."

4       •   Identify any act or omission by Dari-Tech that you will contend resulted in the

5          specification of "inadequate impermeable surface areas throughout the system,

6          particularly at the sand lane, so that waste regularly came in contact with

7          unprotected soil".

8       •   Identify any act or omission by Dari-Tech that you will contend resulted in the

9          specification of "overflow pipes and drains at improper heights so that effluent

10       improperly spilled out of the lagoons and the sand lane areas."

11      •   Identify any act or omission by Dari-Tech that you will contend resulted in

12          IRZ failing "to adequately perform its construction management and oversight

13          of the Debtor's subcontractors and materialmen to ensure that the construction

14          was undertaken in accordance with Defendant's plans, to the extent those plans

15          were not defective, and in a manner which would enable the Debtor to lawfully

16          operate under his CAFO once the dairy was commissioned."

17     **RESPONSE:**

18     **Response to discrete subpart 1:**

19        IRZ objects on grounds that the interrogatory seeks attorney work product,

20 attorney-client privileged information, and information covered by other applicable privileges and

21 immunities; as seeking expert-witness information before the deadline for expert disclosures set

22 by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

23 in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

24 IRZ responds as follows:

25        IRZ has not yet made a determination of what contentions will be presented at the

26 time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

27 Response.

28     / / /

1        To the extent known at this time, Dari-Tech supplied and installed the following

2  relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure

3  pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

4        **Response to discrete subpart 2:**

5        IRZ objects on grounds that the interrogatory seeks attorney work product,

6  attorney-client privileged information, and information covered by other applicable privileges and

7  immunities; as seeking expert-witness information before the deadline for expert disclosures set

8  by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

9  in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

10  IRZ responds as follows:

11        IRZ has not yet made a determination of what contentions will be presented at the

12  time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

13  Response.

14        To the extent known at this time, Dari-Tech supplied and installed the following

15  relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure

16  pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

17        **Response to discrete subpart 3:**

18        IRZ objects on grounds that the interrogatory seeks attorney work product,

19  attorney-client privileged information, and information covered by other applicable privileges and

20  immunities; as seeking expert-witness information before the deadline for expert disclosures set

21  by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

22  in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

23  IRZ responds as follows:

24        IRZ has not yet made a determination of what contentions will be presented at the

25  time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

26  Response.

27        To the extent known at this time, IRZ is not aware of any action by Dari-Tech

28  relevant to this allegation.

**Response to discrete subpart 4:**

1

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections, IRZ responds as follows:

IRZ has not yet made a determination of what contentions will be presented at the time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

To the extent known at this time, IRZ is not aware of any action by Dari-Tech relevant to this allegation.

**Response to discrete subpart 5:**

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections, IRZ responds as follows:

IRZ has not yet made a determination of what contentions will be presented at the time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

To the extent known at this time, IRZ is not aware of any action by Dari-Tech relevant to this allegation.

**Response to discrete subpart 6:**

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set

by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D). Without waiving and subject to such objections, IRZ responds as follows:

IRZ has not yet made a determination of what contentions will be presented at the time of trial. Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

To the extent known at this time, IRZ is not aware of any action by Dari-Tech relevant to this allegation.

**Response to discrete subpart 7:**

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D). Without waiving and subject to such objections, IRZ responds as follows:

IRZ has not yet made a determination of what contentions will be presented at the time of trial. Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this Response.

To the extent known at this time, Dari-Tech supplied and installed the following relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

**Response to discrete subpart 8:**

IRZ objects on grounds that the interrogatory seeks attorney work product, attorney-client privileged information, and information covered by other applicable privileges and immunities; as seeking expert-witness information before the deadline for expert disclosures set by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D). Without waiving and subject to such objections, IRZ responds as follows:

1    IRZ has not yet made a determination of what contentions will be presented at the

2  time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

3  Response.

4    To the extent known at this time, Dari-Tech supplied and installed the following

5  relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure

6  pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

7    **Response to discrete subpart 9:**

8    IRZ objects on grounds that the interrogatory seeks attorney work product,

9  attorney-client privileged information, and information covered by other applicable privileges and

10 immunities; as seeking expert-witness information before the deadline for expert disclosures set

11 by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

12 in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

13 IRZ responds as follows:

14    IRZ has not yet made a determination of what contentions will be presented at the

15 time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

16 Response.

17    To the extent known at this time, Dari-Tech supplied and installed the following

18 relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure

19 pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

20    **Response to discrete subpart 10:**

21    IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that

22 a party may serve on any other party no more than 25 written interrogatories, including all

23 discrete subparts.  IRZ objects on grounds that the interrogatory seeks attorney work product,

24 attorney-client privileged information, and information covered by other applicable privileges and

25 immunities; as seeking expert-witness information before the deadline for expert disclosures set

26 by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

27 in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

28 IRZ responds as follows:

1    IRZ has not yet made a determination of what contentions will be presented at the

2    time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

3    Response.

4    To the extent known at this time, Dari-Tech supplied and installed the following

5    relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure

6    pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

7    **Response to discrete subpart 11:**

8    IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that

9    a party may serve on any other party no more than 25 written interrogatories, including all

10   discrete subparts.  IRZ objects on grounds that the interrogatory seeks attorney work product,

11   attorney-client privileged information, and information covered by other applicable privileges and

12   immunities; as seeking expert-witness information before the deadline for expert disclosures set

13   by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

14   in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

15   IRZ responds as follows:

16   IRZ has not yet made a determination of what contentions will be presented at the

17   time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

18   Response.

19   To the extent known at this time, Dari-Tech supplied and installed the following

20   relevant items: (1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure

21   pumps and agitators with controls; and (3) CST Storage water storage tank with roof.

22   **Response to discrete subpart 12:**

23   IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that

24   a party may serve on any other party no more than 25 written interrogatories, including all

25   discrete subparts.  IRZ objects on grounds that the interrogatory seeks attorney work product,

26   attorney-client privileged information, and information covered by other applicable privileges and

27   immunities; as seeking expert-witness information before the deadline for expert disclosures set

28   by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1   in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving and subject to such objections,

2   IRZ responds as follows:

3        IRZ has not yet made a determination of what contentions will be presented at the

4   time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

5   Response.

6        To the extent known at this time, IRZ is not aware of any action by Dari-Tech

7   relevant to this allegation.

8   **INTERROGATORY NO. 3:** Identify every document that you will contend at

9   trial was Dari-Tech's work product and that constitutes work by Dari-Tech to "develop[] and

10  design[] the dairy's waste management system" as alleged in the Third-Party Complaint.

11  <u>**RESPONSE:**</u>

12       IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that

13  a party may serve on any other party no more than 25 written interrogatories, including all

14  discrete subparts.  IRZ objects on grounds that the interrogatory seeks attorney work product,

15  attorney-client privileged information, and information covered by other applicable privileges and

16  immunities; as seeking expert-witness information before the deadline for expert disclosures set

17  by the Court. IRZ may provide certain information responsive to this interrogatory, at a later date,

18  in accordance with Fed. R. Civ. P. 26(a)(2)(D).

19  **INTERROGATORY NO. 5:** Identify the person or persons who advised Greg te

20  Velde as to the amount of water required to operate and sustain the waste management system of

21  the Lost Valley Farm, and identify the date and manner in which these person rendered the

22  advice. If Mr. te Velde determined the water needs himself, based on his experience, so state in

23  your answer.

24  <u>**RESPONSE:**</u>

25       IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that

26  a party may serve on any other party no more than 25 written interrogatories, including all

27  discrete subparts.  IRZ further objects on the grounds that the interrogatory calls for speculation.

28  / / /

**INTERROGATORY NO. 7:** For each act or omission identified in response to
Interrogatory No. 6, state how the alleged act or omission was a proximate and actual cause of the
failure of Lost Valley Farm and/or losses to the Debtor.

**RESPONSE:**

IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that
a party may serve on any other party no more than 25 written interrogatories, including all
discrete subparts.  IRZ further objects on grounds that the interrogatory seeks attorney work
product, attorney-client privileged information, and information covered by other applicable
privileges and immunities; as seeking expert-witness information before the deadline for expert
disclosures set by the Court. IRZ may provide certain information responsive to this
interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).

**REQUEST FOR PRODUCTION NO. 4:** Produce every document that you will
contend relates to the alleged acts and/or omissions by Dari-Tech as identified in your response to
Interrogatory No. 6.

**RESPONSE:**

IRZ objects to this Request on the grounds that it does not describe the documents
sought, including any electronically stored information, with reasonable particularity, as required
by Fed. R. Civ. P. 34(b)(1)(A).  IRZ further objects this Request on the grounds that the
terms/phrases "relates to" are facially overbroad and unduly burdensome, as "it is couched in
such broad language as to make arduous the task of deciding which of numerous documents may
conceivably fall within its scope."  A Request seeking documents "pertaining to" or "concerning"
a broad range of items "requires the respondent either to guess or move through mental
gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail,
either obvious or hidden, within the scope of the request." (*See, e.g., v. Dorel Juvenile Group,
Inc.,* (D. Kans. 2005) 230 F.R.D. 611, 623.)  IRZ objects on grounds that the request seeks
attorney work product, attorney-client privileged information, and information covered by other
applicable privileges and immunities; as seeking expert-witness information before the deadline
for expert disclosures set by the Court. IRZ may provide certain information responsive to this

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1    interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).  Without waiving

2    and subject to such objections, IRZ responds as follows:

3         IRZ has produced those documents in its care, custody, and control identified after

4    a reasonable search to the Trustee, and refers DARI-TECH to documents Bates numbered

5    IRZ000001 through IRZ005092.

6         IRZ has not yet made a determination of what contentions will be presented at the

7    time of trial.  Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this

8    Response.

9         **INTERROGATORY NO. 8:** For each of the Third-Party Defendants or any other

10   person, identify the acts or omission committed by such persons that you will contend were a

11   cause of the failure of Lost Valley Farm and/or losses of the Debtor.

12        **RESPONSE:**

13        IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that

14   a party may serve on any other party no more than 25 written interrogatories, including all

15   discrete subparts.  IRZ further objects on grounds that the interrogatory seeks attorney work

16   product, attorney-client privileged information, and information covered by other applicable

17   privileges and immunities; as seeking expert-witness information before the deadline for expert

18   disclosures set by the Court. IRZ may provide certain information responsive to this

19   interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).

20        **INTERROGATORY NO. 9:** To the extent that you assert, as an alternative

21   position, that neither IRZ nor any of the Third-Party Defendants were a proximate cause of the

22   failure of Lost Valley Farms, identify all persons whom you contend did commit acts or omission

23   that caused the failure of Lost Valley Farm.

24        **RESPONSE:**

25        IRZ objects on grounds that the interrogatory violates Fed. R. Civ. P. 33 (a) in that

26   a party may serve on any other party no more than 25 written interrogatories, including all

27   discrete subparts.  IRZ further objects on grounds that the interrogatory seeks attorney work

28   product, attorney-client privileged information, and information covered by other applicable

DocuSign Envelope ID: 798B5A61-0519-40DC-BB94-D0373B89BF09

1 | privileges and immunities; as seeking expert-witness information before the deadline for expert

2 | disclosures set by the Court. IRZ may provide certain information responsive to this

3 | interrogatory, at a later date, in accordance with Fed. R. Civ. P. 26(a)(2)(D).

4 | Dated: <u>October 18, 2021</u>                    MILLER NASH LLP

5 |                                                   By: */s/ Kyle D. Sciuchetti*
                                                        Kyle D. Sciuchetti, OSB No. 765705,
6 |                                                     admitted *pro hac vice* by Doc. No. 68
                                                        Attorneys for Defendant IRZ Consulting, LLC
7 |

# ATTORNEY'S CERTIFICATION

I certify as attorney of record for the party giving the above responses to discovery requests that all answers and objections are in accordance with the requirements of CR 26(g).

DATED this 18th day of October, 2021.

_/s/ Kyle D. Sciuchetti_

# VERIFICATION

**UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

I have read the foregoing **IRZ CONSULTING, LLC'S RESPONSE TO THIRD-PARTY DEFENDANT DARI-TECH, INC.'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO IRZ PARTIES** and know its contents.

I am the Director of Construction of IRZ Consulting, LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the factual matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 18, 2021, at Boise Idaho.

Wayne Downey
Print Name of Signatory

_Wayne Downey_
Signature

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND
546843-0004/4846-8318-6173.2
-26-
IRZ'S RESPONSE TO DARI-TECH'S FIRST
INTERROGATORIES AND RFPS