UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                              )  Case No. 18-11651-B-11
                                   )
GREGORY JOHN te VELDE,             )
                                   )
        Debtor.                    )
                                   )
_____  )
                                   )
RANDY SUGARMAN, Ch. 11 Trustee,    )  Adv. Proceeding No. 19-1033
                                   )
        Plaintiff,                 )  DCN: DCT-1
                                   )
v.                                 )
                                   )
IRZ CONSULTING, LLC (aka) IRZ      )
Construction Division LLC,         )
                                   )
        Defendant.                 )
_____  )
IRZ CONSULTING, LLC (aka) IRZ      )
Construction Division LLC,         )
                                   )
        Third-Party Plaintiff,     )
                                   )
v.                                 )
                                   )
U.S. FARM SYSTEMS; 4 CREEKS,       )
INC., JOHN FAZIO (dba Fazio        )
Engineering); DARI-TECH, INC.;     )
LASER LAND LEVELING, INC.; MAAS    )
ENERGY WORKS, INC.; GEORGE         )
CHADWICK (dba George Chadwick      )
Consulting); VALMONT NORTHWEST,    )
INC.; NUCOR BUILDING SYSTEMS       )
UTAH LLC,                          )
                                   )
        Third-Party Defendants.    )
_____  )

1

**FINDINGS AND RECOMMENDATIONS FOR *DE NOVO*
CONSIDERATION OF THE DISTRICT COURT AS TO
DARI-TECH, INC.'S MOTION FOR SUMMARY JUDGMENT**

**Before:  René Lastreto II, Bankruptcy Judge**

————————————————

Duncan Turner, BADGLEY MULLINS TURNER PLLC, Seattle, WA, for
Dari-Tech, Inc., Third-Party Defendant.

Benjamin P. Tarczy, MILLER NASH LLP, Portland, OR, for IRZ
Consulting LLC, Defendant/Third-Party Plaintiff.

————————————————

RENÉ LASTRETO II, Bankruptcy Judge:

## INTRODUCTION

Summary judgment should not be granted unless the moving
party shows both that there is no genuine dispute as to *any*
material fact and that movant is entitled to judgment as a
matter of law.[1] Civ. Rule 56 (Rule 7056). A third-party
defendant, here, asks for summary judgment because it is
dissatisfied that the third-party plaintiff's discovery
responses did not sufficiently detail movant's fault. Finding
material factual disputes remain, and for other reasons, the
court recommends the motion be DENIED.

///

///

[1] Unless otherwise indicated, references to: (i) "Civ. Rule" will be to
the Federal Rules of Civil Procedure; (ii) "Rule" will be to the Federal
Rules of Bankruptcy Procedure; (iii) "FRE" will be to the Federal Rules of
Evidence; (iv) "LBR" will be to the Local Rules of Practice for the United
States Bankruptcy Court, Eastern District of California; and (v) all chapter
and section references will be to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

<u>SUMMARY OF POSITIONS OF PARTIES</u>

Third-Party Defendant Dari-Tech, Inc. ("Dari-Tech") moves for summary judgment against Defendant and Third-Party Plaintiff IRZ Consulting, LLC ("IRZ").[2] Dari-Tech contends that IRZ has failed to identify any aspect of Dari-Tech's work that was faulty or that was a proximate cause of damages claimed by the chapter 11 trustee in its underlying adversary complaint against IRZ. Therefore, Dari-Tech insists that it is entitled, as a matter of law, to a judgment of dismissal under Civ. Rule 56 and Rule 7056.[3]

IRZ timely filed opposition and evidentiary objections.[4] This is a "very straightforward" case, claims IRZ: Dari-Tech created and installed a wastewater management system designed to flush dairy waste. The wastewater management system failed, resulting in waste backup and overflow, and Trustee claims the estate suffered monetary damages as a result.[5] Since Dari-Tech created the system, created the plans for the system, installed the system, and the system failed, IRZ argues that this motion for summary judgment must be denied.[6]

Dari-Tech replied to both the opposition and the evidentiary objections and filed its own evidentiary objections.[7] Dari-Tech summarizes the allegations against it as relating only to the design of its portion of the waste management system.[8] Since no competent evidence suggesting that the design of the

---

[2] Doc. #343.
[3] *Id.*
[4] Docs. #362; #366.
[5] Doc. #362.
[6] *Id.*
[7] Docs. ##369-71.
[8] Doc. #371.

system was faulty, or that Dari-Tech's work was the proximate cause of damages, it claims that this motion should be granted.[9]

This motion for summary judgment was filed on 42 days' notice as required by LBR 7056-1 and in conformance with Rule 7056 and Civ. Rule 56.[10] This matter was heard by the court on May 25, 2022.[11] These are the court's findings and recommendations for *de novo* consideration by the District Court as to Dari-Tech's motion for summary judgment. The rulings on the evidentiary objections are at the end of this report.

PROCEDURAL DEFECTS

As a preliminary matter, this motion does not comply with the local rules.

First, *Dari-Tech's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment* is both a motion and a memorandum of points and authorities.[12] LBR 9004-2(c)(1) requires motions, memoranda of points and authorities, and other specified pleadings to be filed as separate documents. LBR 9014-1(d)(4) does permit the motion and memorandum of points and authorities to be combined into one document provided that the document does not exceed six (6) pages. Here, the combined motion and points and authorities is fifteen (15) pages long, so each of these two documents should have been filed separately.

Second, Dari-Tech's original notice referenced a hearing date of May 20, 2022 which is not a date this court held

---

[9] *Id.*
[10] Doc. #360
[11] Doc. #383.
[12] Doc. #343.

scheduled hearings.[13] As result, the Clerk of the Bankruptcy Court issued a memorandum directing Dari-Tech to submit an amended notice of hearing.[14] Dari-Tech subsequently filed an amended notice on April 11, 2022 — still within the 42-day notice window required by LBR 7056-1.[15] However, it does not appear that this notice of hearing was ever served on IRZ because no corresponding certificate of service was filed for the amended notice. Failure to prove service does not affect the validity of service and the court may permit the proof of service to be amended. Civ. Rule 4(*l*)(3), *incorporated by* Rule 7004(a)(1). However, LBR 9014-1(e) requires service of all pleadings and documents filed in support of a motion to be made on or before the day those documents are filed with the court, with proof of service in the form of a certificate of service to be filed with the Clerk concurrently with the pleadings or documents served, or not more than three days after the documents are filed. LBR 9014-1(e)(1), (e)(2). But since IRZ filed opposition, it has waived any potential service or notice defect.

Third, Dari-Tech's exhibits do not contain an exhibit index and do not have consecutively numbered pages. LBR 9004-2(d)(1)-(d)(3) require exhibits to be filed as a separate document, include an exhibit index at the start of the document identifying by exhibit number or letter each exhibit with the page number at which it is located, and use consecutively numbered exhibit pages, including any separator, cover, or

---

[13] Doc. #344
[14] Doc. #359.
[15] Doc. #360.

divider sheets. Although Dari-Tech's exhibits were all filed
separately, they each omitted an exhibit index and lacked
consecutively numbered pages in violation of LBR 9004-2(d)(2)
and (d)(3).[16] The court notes that separate exhibits may be filed
with exhibits relating to another document, or all of the
exhibits may be filed in one large exhibit document. LBR 9004-
2(d)(1).

Because IRZ replied, the court overlooked these procedural
deficiencies in this instance. Counsel was advised to review the
local rules and ensure procedural compliance in subsequent
matters.


<u>BACKGROUND</u>

The genesis of this dispute is the chapter 11 bankruptcy of
Gregory John te Velde ("Debtor"). He owned and operated several
large dairies spanning thousands of acres of land across the
Western United States.[17] In late-2015, Debtor hired IRZ as a
general contractor to provide construction management services
for the construction of a new dairy operation in Boardman,
Oregon ("Lost Valley Farm"). IRZ hired sub-contractors to
perform certain services. Dari-Tech was one of them.

Things did not go as planned. Soon after substantial dairy
operations commenced, the wastewater management system failed.
Millions of gallons of liquid and solid dairy waste backed up,
overflowed, and were released onto bare soil.[18]
///

---

[16] Docs. ##346-48; ##350-53; ##355-57; ##373-75; #381.
[17] Doc. #1.
[18] *Id.*

Chapter 11 trustee Randy Sugarman ("Trustee") initiated an adversary proceeding against IRZ alleging breach of contract and negligence resulting in more than $18.8 million in construction defect damages ("Complaint").[19] The Complaint also included an objection to the allowance of IRZ's proof of claim. These claims stem from IRZ's alleged failure to competently perform construction management services for the planning and construction of a dairy waste collection, treatment, conversion, and disposal system for Lost Valley Farm. The complaint includes four claims for relief: objection to claim, breach of contract, negligence, and fraudulent transfer.[20]

Thereafter, IRZ filed a third-party complaint alleging negligence, indemnity, and contribution against nine third-party defendants whose work relates to the allegations in Trustee's complaint ("Third-Party Complaint").[21] Dari-Tech is one of those nine third-party defendants.

Dari-Tech was asked to propose a bid for a closed-loop flushing system to be integrated into the waste management system.[22] Dari-Tech maintains that it was not asked to design the *overall* manure handling system; rather, the scope of the proposal was limited to providing a plan for the closed-loop component of a manure management program that was to be designed by someone else.[23] Additionally, Dari-Tech was not asked to provide and did not provide specifications or designs for below-ground pipes, nor did it provide the pipes themselves.[24]

---

[19] *Id.*
[20] *Id.*
[21] Doc. #162.
[22] DeWaard Decl., Doc. #345, ¶¶ 8-10.
[23] *Id.*, ¶ 10.
[24] *Ibid.*

A closed-loop flushing system, when working properly, clarifies and captures usable water from dairy barn waste. After screening and filtering the usable wastewater from the dairy barn, the remaining effluent goes to the lagoons.[25] The system does require the introduction of fresh water through the process for the screening and filtering function to work properly.[26] The system's equilibrium between dairy barn waste, wastewater, and fresh water is termed "steady state."

Dari-Tech proposed a bid for a "turn-key" closed-loop system marketed under the tradename "Biolynk."[27] Dari-Tech provided its initial bid to Debtor on January 26, 2016 ("First Proposal").[28] The First Proposal included:

1.  Complete Turnkey Biolynk tank system, piping, and PLC control, installed;

2.  All flush valves with integrated control;

3.  All manure pumps and agitators with controls;

4.  CST Storage water storage tank, with roof (concrete floor); and

5.  Optional 48" DT360 separation system.[29]

The First Proposal did not include overall design of a waste management system; the design, selection, or installation of underground piping; the design of sand lanes; the design of storage lagoons; the forecasting of fresh water needs or the sourcing of such water; nor the overall design or construction

---

[25] *Id.*, ¶¶ 5-7.
[26] *Ibid.*
[27] *Ibid.*
[28] *Id.*, ¶ 12; *see also* First Proposal, Doc. #351, *Ex. 2.*
[29] *Id.*, at 1.

management.[30] Mr. David DeWaard, Dari-Tech's President, is the principal person from Dari-Tech on the Lost Valley Farm project.[31]

Debtor accepted some of the proposed equipment but rejected others.[32] Certain components were swapped with comparable competitor-made variants, and some were entirely omitted altogether.[33]

Namely, Dari-Tech did not install recommended mechanical secondary solids separation.[34] Though Debtor did not agree with all of Dari-Tech's plan for a Biolynk system as a component of the flush cycle, Debtor nonetheless purchased equipment from Dari-Tech and another third-party.[35]

Dari-Tech prepared and transmitted an updated proposal on or about March 17-18, 2016 ("Final Proposal"), which reflected Debtor's changes to the First Proposal and included (1) the installation of a complete turnkey Biolynk tank system, (2) piping and PLC control, (3) manure pumps and agitators with controls, and (4) CST Storage water storage tank with roof.[36] The primary purpose of this closed-loop Biolynk flushing system was to flush and remove waste from the dairy.[37]

Debtor accepted the Final Proposal.[38] Thereafter, Dari-Tech continued to provide specific site plans and installed the

---

[30] *Id.*, at 4; *cf.* DeWaard Decl., Doc. #345, ¶ 15.
[31] *Id.*
[32] *Id.*, ¶ 16.
[33] *Ibid.*
[34] *Id.*, ¶ 17.
[35] *Id.*, ¶ 18.
[36] Downey Decl., Doc. #363, at 20 5; Doc. #367, *Ex. 1.*
[37] *Id.*, ¶ 4; O'Donnell Decl., Doc. #367, at ¶ 5; DeWaard Decl., Doc. #345, ¶¶ 5-6.
[38] Final Proposal, Doc. #367, *Ex. 1*, at 12-15; *cf.* DeWaard Decl., Doc. #345, ¶ 18.

manure flushing system between March 22, 2016 and June 23, 2017.[39]

DeWaard personally went to the site from June 19-23, 2017 and performed the final calibration and quality control on all of the equipment and systems installed by Dari-Tech.[40] DeWaard observed the operation of the waste management system in real-time and confirmed that all equipment was working as anticipated. *Ibid.* During this time, DeWaard declares that he ran enough flushing cycles to achieve a "steady-state operation."[41]

Dari-Tech contends that at no time has anyone — including IRZ — stated any facts suggesting that Dari-Tech's equipment failed to perform as represented and expected, or that Dari-Tech's overall services were inadequate or in any way resulted in harm to the dairy or damages to the Debtor.[42]

Dari-Tech argues that IRZ's claims are based solely on Trustee's allegations against IRZ in the Complaint. These claims against IRZ, and by extension the nine third-party defendants via the Third-Party Complaint, can be summarized as: (1) site planning; (2) a grading plan for mass excavation calculations; (3) an infrastructure plan for drain lines, underground water lines, and power lines; (4) an effluent water flow plan to include lines for drainage, structures, corrals, and effluent

---

[39] *Id.*, ¶ 19; Downey Decl., Doc. #363, ¶ 9.
[40] DeWaard Decl., Doc. #345, ¶ 19.
[41] A "steady-state operation" involves maintaining the recycle loop both in terms of volume of liquid and in the percent of unsettleable solids present in the cycling water. *Id.*, ¶6. By adding a sufficient quantity of fresh water to the loop, the new unsettleable solids can be offset by keeping constant the percentage of solids-to-liquids in the system, thereby establishing a state of equilibrium. *Ibid.*
[42] *Id.*, ¶¶ 20-21.

handling components to the lagoon system; (5) a lagoon design system; (6) "most egregiously" an irrigation plan that proved insufficient for the herd size; (7) a defective site plan which provided insufficient grade in the dairy stalls and an inadequate flushing system for the waste to flow in the catch basins; (8) specification for use of porous decomposed granite for bedding; (9) specified underground piping of insufficient diameter and flow; (10) specified inadequate impermeable surface areas throughout the system; (11) specified overflow pipes and drains of improper height so that effluent improperly spilled out of the lagoon and the sand lane areas; and (12) failure of construction management.

IRZ concedes that Dari-Tech's work is not implicated in allegations 3, 4, 5, 6, and 12. As to the other claims, Dari-Tech contends that no competent evidence has been presented suggesting that its design was faulty or that its work was the proximate cause of the dairy's woes.[43]

<u>Undisputed Facts</u>

The parties agree that the following facts are not disputed:

1. Dari-Tech provided multiple proposals for the closed-loop system. The Final Proposal was submitted March 17-18, 2016 and reflected changes by the Debtor that departed from the earlier proposal. The Final Proposal was accepted by the Debtor on March 22, 2016.[44]

///

---

[43] Complaint, Doc. #1, ¶ 29.
[44] Docs. #365; #374, *Attach. 2*, ¶ 1.

2. The Final Proposal included the installation of a complete turnkey Biolynk tank system, piping and PLC control, manure pumps and agitators with controls, and CST Storage water storage tank with roof. The "piping" specifically excludes underground piping.[45]

3. The primary purpose of a closed-loop Biolynk flushing system is to flush and remove waste from the dairy.[46]

4. Dari-Tech created the plans for components of the manure management systems, drawings of pump skids, drawings of the Biolynk flush system, drawings of the pop-up flush valve, drawings of the flush control layout, and drawings of the site layout overlay.[47]

5. Dari-Tech installed the complete turnkey Biolynk tank system, piping and PLC control, manure pumps and agitators with controls, and CST Storage water storage tank with roof as reflected in the Final Proposal.[48]

6. Dari-Tech advised Debtor on the manner in which the Biolynk flushing system should be operated.[49]

8. Dari-Tech was not asked to prepare infrastructure plan(s) to include drain lines, underwater lines, and underground power lines.[50]

///

---

[45] *Id.*, ¶ 2.

[46] *Id.*, ¶ 3. Dari-Tech does not dispute this statement provided that "the dairy" means the cow barns. *Ibid.* There are other features of the waste and manure management system that involve flushing and removing waste from the entire dairy, including lagoons and irrigation with liquid waste, which were not related to the closed-loop system.

[47] *Id.*, ¶ 4. Dari-Tech clarifies that it only prepared the overlay that was imposed on a site plan that had been prepared by IRZ. *Ibid.*

[48] *Id.*, ¶ 5.

[49] *Id.*, ¶ 6.

[50] Docs. #349; #365, ¶ 3.

9. Dari-Tech had no role in preparing effluent water flow line plan(s) to include adequate lines for drainage, structures, corrals, and effluent handling components to the lagoon system.[51]

10. Dari-Tech had no role in preparing a lagoon design sufficient to satisfy Debtor's obligations under his concentrated animal feeding operation ("CAFO") permit and other dairy entitlements.[52]

11. Dari-Tech had no role in preparing an irrigation plan or in advising the Debtor about his lease obligations to Boardman Tree Farm.[53]

12. Dari-Tech had no construction management responsibilities to provide management and oversight of other subcontractors and materialmen.[54]

13. The waste management system failed.[55]

## Disputed facts

The parties dispute the following factual issues:

1. Whether Dari-Tech had a role in site planning or with determining waste handling locations.[56]

2. Whether Dari-Tech was involved in preparation of grading plans.[57]

///

---

[51] *Id.*, ¶ 4.
[52] *Id.*, ¶ 5.
[53] *Id.*, ¶ 6.
[54] *Id.*, ¶ 12.
[55] Docs. #365; 374, *Attach. 2*, ¶ 7. Dari-Tech clarifies that "the system" that failed is the entirety of the waste management system, including lagoons, storage areas, and approved waste disposal methods, which does not mean that Dari-Tech's contribution was flawed so as to cause the backup. *Ibid.*
[56] Docs. #349; #365; #373, *Attach. 1*, ¶ 1.
[57] *Id.*, ¶ 2.

3. Whether Dari-Tech had any role in preparing the site plan or the location of the dairy stalls.[58]

4. Whether Dari-Tech had any role in specification or selection of materials to be used in the bedding of the dairy stalls, specifically porous decomposed granite that absorbed and became saturated with waste and prevented the waste from flowing by gravity into catch basins.[59]

5. Whether Dari-Tech specified underground piping of insufficient diameter and flow, thereby causing the underground waste pipes consistently clogged and backed up.[60]

6. Whether Dari-Tech specified inadequate impermeable surface areas throughout the system, particularly at the sand lane, so that waste regularly came in contact with unprotected soil.[61]

7. Whether Dari-Tech specified overflow pipes and drains at improper heights so that effluent improperly spilled out of the lagoons and the sand lane areas.[62]

8. Whether Dari-Tech, as the party that designed, supplied, installed, and advised on the use of the system, is the party that caused the closed-loop Biolynk flushing system to fail, resulting the alleged damages suffered by Debtor and Trustee.[63]

## JURISDICTION

The United States District Court for the Eastern District of California has jurisdiction of Trustee's complaint under 28

---

[58] *Id.*, ¶ 7.
[59] *Id.*, ¶ 8.
[60] *Id.*, ¶ 9.
[61] *Id.*, ¶ 10.
[62] *Id.*, ¶ 11.
[63] Doc. #365, 374, *Attach. 2*, ¶ 7.

U.S.C. § 1334(b) because it is a civil proceeding arising under title 11 of the United States Code. The District Court has referred Trustee's Complaint to this court under 28 U.S.C. § 157(a).

This court has "related to" jurisdiction over IRZ's Third-Party Complaint under 28 U.S.C. § 157(b)(3) because it is related to Trustee's Complaint against IRZ. Trustee's Complaint is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), and (O), as well as Rules 3007(b) and 7001(a)(2), and whether the chapter 11 estate is fully compensated by IRZ could conceivably depend on whether IRZ is successful in the Third-Party Complaint. The District Court has deferred from withdrawing its reference under 28 U.S.C. § 157(c)(1) and allowed this court to supervise discovery, rule on non-dispositive motions, and issue findings and recommendations for *de novo* consideration by the District Court as to dispositive motions.[64]

Additionally, the court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) because the third-party claims relate to Dari-Tech's work on the dairy, which share a common nucleus of operative facts with the allegations in Trustee's Complaint.[65]

///

///

///

///

---

[64] *See Order Denying Defendant's Motion to Withdraw Reference*, Doc. #162; *cf. Civil Minutes re: Motion/Application for Abstention and/or to Dismiss* (Apr. 28, 2021), Doc. #198.
[65] *Id.*

15

## DISCUSSION

### Summary Judgment Standard

Civ. Rule 56, *as incorporated by* Rule 7056, applies in adversary proceedings. Under Civ. Rule 56(a), summary judgment should be granted only if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.

When considering a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Civ. Rule 56(c); *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zeneth Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "[W]hile the materiality determination rests on the substantive law, it is the substantive law's

identification of which facts are critical and which facts are irrelevant that governs." *Ibid.*

The movant may not argue that its evidence is the most persuasive or "explain away" evidence unfavorable to its defenses; rather, it must show that there are no material facts in dispute, or which can be reasonably resolved by a fact finder. *Anderson*, *Id.*, at 250-51, 2511; *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("Summary judgment is not appropriate" if a reasonable jury *could* find in the plaintiff's favor.) (emphasis added).

As the movant, the burden of proof is on Dari-Tech. The court must draw all reasonable inferences in the light most favorable to the non-moving party, and therefore in favor of denying summary judgment. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513-14. Further, the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Hutchins v. TNT/Reddaway Truck Line, Inc.*, 939 F. Supp. 721, 723 (N.D. Cal. 1996).

If a summary judgment motion is properly submitted, the burden shifts to the opposing party to rebut with a showing that there is a genuine issue of material fact. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). "The nonmoving party 'may not rely on denials in the pleadings but must produce specific evidence . . . to show that the dispute exists.'" *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008), quoting *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

///

Ultimately, the court must grant summary judgment if the movant shows that the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party as to any fact that might affect the outcome of the suit under the governing law, and the nonmovant does not meet their burden of proof to refute the movant's claims.

<u>Negligence</u>

IRZ's first third-party claim is for negligence.[66] This negligence action is based upon an underlying claim under Oregon law. *Gasperini v. Ctr. For Humanities*, 518 U.S. 415, 419, 116 S. Ct. 2211, 2215 (1996); *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). "[W]hen a plaintiff does not join a tortfeasor as a defendant, the comparative negligence statutes permit the named defendant to file a third-party complaint against the tortfeasor." *Lasley v. Combined Transp., Inc.*, 351 Or. 1, 21-22, 261 P.3d 1215, 1227 (2011), citing Or. Rev. Stat. ("ORS") § 31.600(3). Such "third-party defendant will not be liable to the defendant but, potentially, will be liable to the plaintiff." *Id.*, at 22. Third-party negligence could extend "to anyone foreseeably injured by that negligence." *Verd v. I-Flow, LLC*, No. 3:11-cv-00677-AA, 2013 U.S. Dist. LEXIS 70807, at **11-12 (D. Or. May 14, 2013).

Traditionally, common law negligence requires a plaintiff to prove that the "defendant owed [the] plaintiff a duty, that [the] defendant breached that duty, and that the breach was the cause-in-fact of some legally cognizable damage to [the]

---

[66] Third-Party Complaint, Doc. #163.

1  plaintiff." *Towe v. Sacagawea, Inc.*, 357 Or. 74, 86, 347 P.3d
2  766, 774-75 (2015), quoting *Brennen v. City of Eugene*, 285 Or.
3  401, 405, 591 P.2d 719, 722 (1979).

4  *Duty*

5       Under Oregon law, the traditional duty-breach analysis is
6  supplanted by an inquiry into whether the defendant's conduct
7  resulted in a "foreseeable and unreasonable risk of harm of the
8  kind the plaintiff suffered." *Towe*, 357 Or. at 86, 347 P.3d at
9  775, citing *Solberg v. Johnson*, 306 Or. 484, 490, 760 P.2d 867,
10  870 (1988) and *Or. Steel Mills, Inc. v. Coopers & Lybrand, LLP*,
11  336 Or. 329, 340, 83 P.3d 322, 339 (2004). Thus, generally, a
12  plaintiff pleading negligence does not need to prove that the
13  defendant owed the plaintiff a duty because "everyone owes each
14  other the duty to act reasonably in light of foreseeable risks
15  of harm." *Towe*, 357 Or. at 86, 347 P.3d at 775.

16       Dari-Tech engaged in supplying, assembling, and installing
17  equipment, which created a foreseeable risk that such equipment
18  would fail, resulting in damages.

19       IRZ contends that Dari-Tech breached its duty of reasonable
20  care by failing to (1) perform work in a good or workmanlike
21  manner in accordance with the prime contract, subcontract,
22  manufacturer's specifications, industry standards, applicable
23  building code, or governmental regulation; and/or (2) use
24  reasonable care to ensure its work was complete, free of
25  defects, and otherwise free of substandard work. Doc. #362.

26       IRZ's position is that Dari-Tech:

27  ///

28  ///

(a)　provided proposals for a closed-loop Biolynk flushing
　　　system and the Final Proposal was accepted by Debtor
　　　on March 22, 2016;[67]

(b)　created plans for components of the manure management
　　　systems, including drawings of the site layout, pump
　　　skids, the Biolynk flush system layout, the pop-up
　　　flush valve, and the flush control layout;[68]

(c)　installed the proposed turnkey Biolynk tank system,
　　　piping and PLC control, manure pumps and agitators
　　　with controls, and CST Storage water tank with roof
　　　between March 22, 2016 and June 23, 2017;[69]

(d)　advised Debtor on the manner in which the Biolynk
　　　flushing system should be operated.[70]

In short, IRZ claims the evidence proves that Dari-Tech specifically planned, designed, and installed the system to flush waste from the dairy. However, the system failed, and millions of gallons of dairy waste overflowed back up within the dairy.[71] IRZ argues that it is neither foreseeable nor reasonable that a Biolynk flush system would fail in the absence of negligence.[72] Since Dari-Tech designed, supplied, and installed the system, IRZ insists that Dari-Tech is the party that caused the closed-loop Biolynk system to fail, resulting in the damages suffered by Debtor and Trustee.[73]

///

---

[67] Downey Decl., Doc. #363, ¶ 5; Plans, Doc. #367, *Ex. 1.*
[68] Downey Decl., Doc. #363, ¶6.
[69] *Id.,* ¶ 9; DeWaard Decl., Doc. #345, ¶ 19.
[70] *Id.,* ¶ 19.
[71] *Id.,* ¶ 20; Downey Decl., Doc. #363, ¶ 11.
[72] *Id.,* ¶ 12.
[73] *Id.,* ¶ 13; O'Donnell Decl., Doc. #367, ¶ 8.

In response, Dari-Tech says that Oregon's application of the Economic Loss Rule precludes tort claims and limits IRZ to contract claims.[74]

*Economic Loss Rule*

Under the Economic Loss Rule, if a plaintiff seeks to recover for "purely economic losses" without injury to a person or property, the plaintiff must provide some other "limiter" or "source of duty beyond the common law." *JH Kelley, LLC v. Quality Plus Servs.*, 305 Or. App. 565, 574-75, 472 P.3d 280, 288 (2020). "[T]he concept of duty as a limiting principle takes on a greater importance than it does with regard to the recovery of damages for personal injury or property damage." *Ibid.*, quoting *Onita Pac. Corp. v. Trs. of Bronson*, 315 Or. 149, 159, 843 P.2d 890, 896 (1992); *Hale v. Groce*, 304 Or. 281, 284, 744 P.2d 1289, 1291 (1987). Such "injuries to persons or property" are defined as "personal injuries, *i.e.*, bodily injuries including their psychic consequences, and physical damage to existing tangible property, but not financial losses such as a reduced value of the completed project due to the unsatisfactory performance of the work or the added cost of satisfactory completion or replacement." *Securities-Intermountain, Inc. v. Sunset Fuel Co.*, 289 Or. 243, 251, 611 P.2d 1158, 1162 (1980).

Dari-Tech cites to *Jones* as a similar situation involving a building contractor that did not give rise to tort liability. However, in *Jones*, the court emphasized that the plaintiffs failed to provide adequate evidence as to the nature of their relationship with the defendants. *Jones v. Emerald Pac. Homes,*

---

[74] Doc. #371.

*Inc.*, 188 Or. App. 471, 478-79, 71 P.3d 574, 579-80 (2003). The same cannot be said here. IRZ has presented adequate evidence documenting the contractual relationship and the scope of Dari-Tech's work on the project.

Such "limiter" or "source of duty beyond the common law" to satisfy the Economic Loss Rule is a heightened duty of care as an architectural or engineering design professional, which Dari-Tech appears to be.

Architects and engineers owe a heightened duty of care to persons that retain their architectural or engineering services. *Onita*, 315 Or. at 161, 843 P.2d at 897 ("Engineers and architects are among those who may be subject to liability to those who employ (or are the intended beneficiaries of) their services and who suffer losses caused by professional negligence."); *see also*, *Roberts v. Fearey*, 162 Or. App. 546, 549-50, 986 P.2d 690, 692 (1999) ("Such a duty arises only in attorney-client, architect-client, agent-principal, and similar relationships where the professional owes a duty of care to further the economic interests of the 'client.'").

Here, Dari-Tech was IRZ's subcontractor and was retained to perform architectural and engineering services. Consequently, Dari-Tech owed IRZ a duty to possess and exercise the care and skill of those ordinary skilled in the profession. *White v. Pallay*, 119 Or. 97, 99-100, 247 P. 316, 317 (1926). Dari-Tech was obliged to act with reasonable diligence in the performance of its duties. *Scott v. Potomac Ins. Co. of DC*, 217 Or. 323, 331-332, 341 P.2d 1083, 1087 (1959). As a result, Dari-Tech may

be liable for economic losses through the heightened duty of care exception to the Economic Loss Rule.

Alternatively, if Dari-Tech does not technically classify as an "architect" or an "engineer" under this exception, it still may owe a heightened duty based on its particular relationship with IRZ and the context of its services performed, and improvements made. Based on this functional analysis, the court may determine whether such a special relationship exists. *Bell v. Public Employees Retirement Bd.*, 239 Or. App. 239, 251, 247 P.3d 319, 326 (2010). "The crucial aspect of the relationship is not its name, but the roles that the parties assume in the particular interaction where the alleged tort and breach of contract occur." *Strader v. Grange Mut. Ins. Co.*, 179 Or. App. 329, 334, 39 P.3d 903, 906 (2002).

A similar situation occurred in *Abraham*, where plaintiffs hired a defendant contractor to build their house before discovering extensive water damage. *Abraham v. T. Henry Constr., Inc.*, 350 Or. 29, 249 P.3d 534 (2011). Plaintiffs subsequently filed a lawsuit for breach of contract and negligence, alleging that the damage was caused by Defendants' faulty work and failure to comply with the Oregon Building Code. The defendants moved for summary judgment on the basis that the contract claim was time barred, and the negligence claim could not be brought because the plaintiffs did not have a "special relationship" with the defendants.

The state trial court granted the motion and the plaintiffs appealed. *Id.*, at 33, 536. The Court of Appeals disagreed and reversed the summary judgment as to the negligence claim only.

*Ibid.; cf. Abraham v. T. Henry Constr., Inc.*, 230 Or. App. 564, 217 P.3d 212 (2009). The defendants appealed to the Oregon Supreme Court. In finding for the plaintiffs and affirming on broader grounds, the Oregon Supreme Court stated:

> [W]e conclude that neither a special relationship nor a statutory standard of care, such as the building code, is necessary to bring a negligence claim here. . . . plaintiffs stated a common law negligence claim based on defendants' alleged failure to exercise reasonable care to avoid foreseeable harm to plaintiffs' property. That negligence claim is not foreclosed by their contract with defendants, because the terms of the contract do not purport to alter or eliminate defendants' liability for the property damage plaintiffs claim to have suffered.

*Abraham*, 350 Or. at 36, 249 P.3d at 538. The court reasoned that a common law negligence claim can be legally cognizable despite a contractual relationship between the parties if the plaintiffs' contract with defendants "creates, defines, or limits" that negligence claim in a manner that does not eliminate liability. *Id.*, at 37, 538, citing *Fazzolari v. Portland School Dist. No. 1J*, 303 Or. 1, 734 P.2d 1326 (1987). If so, the inquiry is how the contract altered or eliminated a defendant's common law duty to avoid harming plaintiffs, but "[i]f it did not, then the contract does not bar plaintiffs from bringing a negligence action against defendants." *Abraham*, 350 Or. at 37, 249 P.3d at 538.

Dari-Tech filed a copy of the "back page" of its standard Purchase Agreement, which was used here.[75] In sum, the terms and conditions of the sale are as follows:

---

[75] *See* Doc. #375, *Ex. 1*; DeWaard Decl., Doc. #372; *compare with* Purchase Agreement, Doc. #367, *Ex. 1*, at 15.

- Risk of loss transfers to the buyer on delivery.
- Dari-Tech retains title and rights to possession until final payment is made and upon any default in the buyer's obligation to remit payment.
- Dari-Tech has the right to claim and repossess equipment without demand or notice, without any court order or other process of law, and without regard for inconvenience or hardship created by said equipment's absence.
- Dari-Tech has the right to pursue any other remedy available at law or in equity.[76]

Additionally, Dari-Tech's limited warranty includes the following terms:

- Dari-Tech equipment is warranted by Industrial Mfg. for a period of one year from the date of installation of the original equipment against defects in materials and workmanship when installed, provided that the equipment is serviced and operated in accordance with Dari-Tech's written instructions, subject to certain exclusions and limitations.
- Dari-Tech will, at its option, repair or replace equipment that is defective in materials or workmanship during the warranty period. Normal wear of items, labor, transportation, and service charges are not included.
- Damage to all equipment and/or related parts due to abuse or misuse by the operator or animals are excluded from the limited warranty and the entire part must be returned for warranty consideration.

---

[76] Doc. #375, *Ex. 1.*

1    - The warranty extends only to the original purchaser and
2      cannot be transferred.
3    - The warranty is valid on the original installation unless
4      Dari-Tech otherwise agrees in writing.
5    - The warranty is in lieu of all other express warranties,
6      obligations, and liabilities.
7    - All implied warranties, including implied warranties of
8      merchantability and fitness for a particular purpose are
9      expressly disclaimed and excluded.
10   - In no event shall Dari-Tech be liable for special,
11     incidental, or consequential damages or for any delay in
12     warranty performance due to causes beyond its control.
13   - Any express warranties need to be included in the comments
14     on the reverse side [in the Purchase Agreement].[77]

15       Although Dari-Tech's terms, conditions, and limited
16   warranty are broad, there is no specific mention of negligence,
17   nor anything else that would create, define, or limit a
18   negligence cause of action. The only reference to other
19   liability states that the warranty is "in lieu of all other
20   express warranties, obligations, and liabilities." This
21   provision seems to be limited to other express "obligations and
22   liabilities." Negligence is not mentioned.

23   *Res Ipsa Loquitur*

24       Alternatively, IRZ cites the doctrine of *res ipsa loquitur*
25   to create an inference of negligence or causation.[78] IRZ must
26   establish: "(1) that there is an injury, (2) that the injury is
27   of a kind which ordinarily does not occur in the absence of

28
---
[77] *Ibid.*
[78] Doc. #362.

someone's negligence, and (3) that the negligence that caused the event was more probably than not attributable to a particular defendant." *Hammer v. Fred Meyer Stores, Inc.*, 242 Or. App. 185, 190-91, 255 P.3d 598, 601 (2011) (internal quotations omitted).

In rebuttal, Dari-Tech insists that *res ipsa loquitur* is inapplicable because this is a contract claim.[79] Even if this was a tort claim, Dari-Tech says that it would still not be applicable.

It is undisputed that Dari-Tech installed the closed-loop flush system at the dairy. DeWaard, Dari-Tech's president, supervised the installation and remained on site for a number of days after installation and trained dairy staff in proper use of the equipment. During that time, the dairy was in operation and supported a large number of cows, and the closed-loop system achieved and maintained a "steady state." Thereafter, nobody contacted Dari-Tech about any problems or difficulties with the system until the entire dairy waste system had utterly failed.[80]

With respect to the *res ipsa loquitur* elements, Dari-Tech says that IRZ has not met the requirement "that the negligence that caused the event was more probably than not attributable to a particular defendant." *Hammer*, 242 Or. App. at 190, 255 P.3d at 601. Since IRZ has "pointed the finger" at everyone, it has failed to identify a particular defendant. Under *Hammer*, "it must appear from the evidence that the negligence of which the thing speaks is probably that of defendant and not of another." *Id.*, at 191, 602; *cf. Hagler v. Coastal Farm Holdings, Inc.*, 244

[79] Doc. #371.
[80] DeWaard Decl., Doc. #345, ¶¶ 15-17, 19-20.

Or. App. 675, 686-87, 260 P.3d 764, 770 (2011) (rejecting an inference of negligence and affirming summary judgment). Unlike *Hagler*, Dari-Tech claims that it was even more remote from the equipment, which leaves operator error as the sole cause of the damages alleged here.

But that misses the point. The system failed. The cause of the failure is a factual issue. It is not undisputed how the system failed, nor is it undisputed that Dari-Tech is blameless in the failure. Dari-Tech's offering an explanation as operator error causing the problem is speculative and based on hearsay. It also ignores Dari-Tech's role in supervising the dairy workers in operating the machinery and training the workers in proper use of the equipment. This raises factual issues concerning causation.

*Breach of Duty*

IRZ alleges that Dari-Tech breached its duty of reasonable care by failing to: (1) perform work in a good and workmanlike manner in accordance with the prime contract, subcontract, manufacturer's specifications, industry standards, the applicable building code, or governmental regulation; and/or (2) use reasonable care to ensure its work was complete, free of defects, and otherwise free of substandard work.

Specifically, Dari-Tech planned, designed, and installed the system to flush waste from the dairy. The system failed, and millions of gallons of dairy waste were backed up within the dairy.[81] IRZ argues that it is neither foreseeable nor reasonable that a Biolynk flush system would fail in the absence of

---

[81] *Id.*, ¶ 20; Downey Decl., Doc. #363, ¶ 11.

negligence.[82] Since Dari-Tech designed, supplied, and installed the system, IRZ says that Dari-Tech is the party that caused the closed-loop Biolynk system to fail, resulting in the damages suffered by Debtor and Trustee.[83]

Dari-Tech's challenges to John O'Donnell's (IRZ's expert) opinions do not minimize the material factual disputes on causation. First, under FRE 704(a), an expert opinion is not objectionable just because it embraces the ultimate issue. Opinions can be attacked by "[v]igorous cross-examination, presentation of contrary evidence or careful instructions on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 2798 (1993). Dari-Tech lists numerous questions in their reply suggesting why O'Donnell's opinions should not be considered. Those are attacks on the weight of the evidence only. That does not mean the testimony is inadmissible or "shaky." Summary judgment is not the appropriate forum for weighing the evidence.

Second, the court has discretion whether to exclude expert testimony during summary judgment proceedings. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1110 (9th Cir. 2016). O'Donnell's causation testimony should not be excluded since causation need not be established to a high degree of certainty for expert testimony to be admissible under FRE 702.[84] *See*, *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230 (9th Cir. 1988) (reversing summary judgment for defendant because trial court improperly

---

[82] *Id.*, ¶ 12.
[83] *Id.*, ¶ 13; O'Donnell Decl., Doc. #367, ¶ 8.
[84] *Id.*

excluded expert testimony on causation). O'Donnell states his opinions and what he reviewed to reach them, including a document review, and visiting the work site. Could more tests be completed before trial as suggested by Dari-Tech? Yes. But that does not mean summary judgment should be granted now.

Third, Dari-Tech's authorities are distinguishable. In those cases, the expert opinion was excluded because the conclusion was unrelated to stated expertise, *Stotts v. Heckler & Koch, Inc.*, 299 F. Supp. 2d 814 (W.D. Tenn. 2004) and *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp 2d 797, 813-14 (N.D. Ill. 2005); there was no foundation for the opinion, *In re Meridia Prods. Liab. Litig.*, 328 F. Supp. 2d 791, 805-6 (N.D. Ohio 2004) and *Casper v. SMG*, 389 F. Supp. 2d 618 (D.N.J. 2002); or the expert failed to analyze a critical issue, *Fisher v. Sellas (In re Lake States Commodities, Inc.)*, 272 B.R. 233, 244-45 (Bankr. N.D. Ill. 2002).

O'Donnell's opinion is supported by his review of the site and documentation. Nevertheless, the possibility that an expert may be impeached is not a reason to exclude an opinion. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 966 (9th Cir. 2013).

*Causation remains in dispute*

Here, it is undisputed that Dari-Tech provided proposals, created plans, and supplied and installed the Biolynk flushing system. The flushing system, or some component of the system, failed and caused the damages suffered by Debtor and Trustee. The dispute lies in which party is to blame for causing the system to fail. However, IRZ says that Dari-Tech is the only

party that contracted with Debtor for installation and Dari-Tech conducted the entirety of the work in the installation of the flushing system.

Dari-Tech points to Debtor's use of other suppliers for parts of the flushing system connected to Dari-Tech's system. But Dari-Tech supplied components of the system. Dari-Tech knew that part of the equipment comprising the system was not furnished by Dari-Tech, yet Dari-Tech went forward with the project anyway. This does not mean it is "undisputed" that Dari-Tech's equipment did not fail.

Accordingly, the court recommends that this motion be DENIED as to the negligence cause of action because genuine issues of material fact exist.

Next, we will address IRZ's other claims: Indemnity and Contribution.

## Indemnity

To prevail on a cause of action for indemnity, "the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter." *Rains v. Stayton Builders Mart, Inc.*, 359 Or. 610, 640, 375 P.3d 490 (2016), quoting *Eclectic Inv., LLC v. Patterson*, 357 Or. 25, 33, 346 P.3d 468, 472 (2015), *opinion adhered to as modified on recons.*, 357 Or. 327, 354 P.3d 678 (2015).

A defendant may, as third-party plaintiff, "serve a summons and complaint on a nonparty *who is or may be liable* to it for

*all or part* of the claim against it." Civ. Rule 14(a)(1)
(emphasis added). "A third-party claim may be asserted under
[Civ.] Rule 14(a) only when the third party's liability is in
some way dependent on the outcome of the main claim or when the
third party is secondarily liable to defendant. The basis of the
third-party claim may be *indemnity*, subrogation, *contribution*,
express or implied warranty, or some other theory." *SCD RMA, LLC
v. Farsighted Enters., Inc.*, 591 F. Supp. 2d 1141, 1145 (D. Haw.
2008) (emphasis added; citations omitted). This policy is
designed to "promote judicial efficiency by eliminating the
necessity for the defendant to bring a separate action against a
third party who may be derivatively liable to the defendant for
all or part of the plaintiff's original claim." *Kim v. Fujikawa*,
871 F.2d 1427, 1434 (9th Cir. 1989).

"To require a defendant who raises an indemnity cross-claim
to plead and prove actual discharge of a judgment before the
judgment is entered against the defendant raising it would
contravene the purpose and destroy the usefulness of the cross-
claim rule." *Kahn v. Weldin*, 60 Or. App. 365, 371-72, 653 P.2d
1268, 1272-73 (1982). Similarly, requiring IRZ to plead and
prove actual discharge of a judgment before a judgment is
entered against IRZ would destroy the purpose of the third-party
claim rule.

IRZ argues it is not liable for the defects alleged in
Trustee's Complaint.[85] But, to the extent it is determined that
IRZ is liable for any of the defects, IRZ insists that it and
Dari-Tech will both share a common liability with Dari-Tech as

---

[85] Doc. #362.

the result of Dari-Tech's creation of the closed-loop Biolynk flushing system that ultimately failed.

The court notes that Oregon law no longer provides for joint liability of multiple tortfeasors. "[T]he Oregon Legislative Assembly has instituted a system of comparative fault in which (1) the trier of fact allocates fault and responsibility for payment of damages between the parties; and (2) each tortfeasor is liable for damages attributable to only its own negligence." *Eclectic*, 357 Or. at 35-36, 346 P.3d at 474 ("Oregon's comparative fault system eliminates the need for judicially created indemnity in situations like this one-in which a defendant is liable, if at all, for only the damages that resulted from its own negligence[.]").

*Rains* involved strict products liability, which is treated differently than negligence with respect to indemnity and contribution. *See also Wyland v. W.W. Grainger, Inc.*, 2015 U.S. Dist. LEXIS 76156, at *6 (D. Or. June 11, 2015) ("[T]he Oregon Legislature set product liability apart from all other tort claims covered by comparative fault.").

When ORS § 31.610 applies, common law indemnity is not available. *Eclectic*, 357 Or. at 330, 354 P.3d at 679. "Thus, in the circumstances presented here—in which ORS § 31.610 applies, joint tortfeasors are liable only for their own negligence, and a jury determines the relative fault and responsibility of each tortfeasor—a judicially created claim for common-law indemnity is unnecessary." *Ibid.*

IRZ's indemnity claim does not initially appear to be applicable under *Rains* because (1) this case does not involve

claims of strict products liability, and (2) ORS § 31.610 applies to the negligence claims. However, Trustee's second cause of action against IRZ is for breach of contract under the September 30, 2015 written work order and November 17, 2015 agreement.[86] ORS § 31.610 only applies to indemnity for negligence causes of action, so indemnity may still be available for contractual liability.

> . . . [The claim] cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a [Civ.] Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against [the defendant] by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

*Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988), quoting 6 *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.). Indemnity can also rest on broader equitable principles. Reporters Note, *Restatement (Third) of Restitution § 23 comment a* (". . . most claims of indemnity . . . rest on overlapping grounds of liability: a varying combination of implied contract, breach of duty, and unjust enrichment").

Here, the third-party indemnity claim is based upon Trustee's cause of action for breach of contract against IRZ. IRZ is attempting to transfer the liability to Dari-Tech and the other third-party defendants. Though indemnity for negligence appears to be precluded under ORS § 31.610, the same is not true

---

[86] Doc. #1.

for breach of contract. Accordingly, the court recommends that
summary judgment be DENIED as to the indemnity cause of action.

<u>Contribution</u>

Under ORS § 31.800(1), contribution is available when two
or more persons are liable in tort for the same injury to
property. The right of contribution exists even if judgment has
not yet been entered against any of them. Since Trustee asserted
a claim for negligence against IRZ for construction defects, IRZ
has asserted a negligence claim against third-party defendants,
including Dari-Tech, for those same defects.

When the Oregon legislature changed its comparative
negligence scheme in 1995 to eliminate joint and several
liability, claims for contribution were modified as well.
ORS § 31.610. The Oregon Supreme Court in *Lasley* stated:

> [U]nder Oregon's current comparative negligence scheme,
> no tortfeasor is liable for more than its percentage of
> fault, and that percentage of fault is determined in the
> original negligence action brought by the plaintiff. ORS
> [§] 31.610(2); ORS [§] 31.805. A defendant cannot bring
> a contribution action to seek a different determination
> of its percentage of fault. A contribution action serves
> only to permit a defendant who has "paid more" than its
> "proportional share of the common liability" to obtain
> contribution from another person who is also liable for
> the same injury or death. ORS [§] 31.800(2).

*Lasley*, 351 Or. at 19, 261 P.3d at 1226. "[M]uch like
contribution, a claim of common-law indemnity is unnecessary and
unjustified 'in cases . . . in which jurors allocate fault'
pursuant to [ORS] § 31.605, which allows a party to pose special
questions to a fact-finder as to each party's degree of fault."

*Wyland v. W.W. Grainger, Inc.*, 2015 U.S. Dist. LEXIS 76156 at *6 (D. Or. June 11, 2015).

As with indemnity, it is conceivable that IRZ could be found liable on a breach of contract theory or a tort theory. There may be indemnity and contribution liability on behalf of Dari-Tech and the other third-party defendants.

Civ. Rule 14(a)(1) permits an action against a nonparty "*who . . . may be liable to it for all or part of the claim against it.*" This provision permits acceleration of a substantive claim through the impleader rule by allowing the defendant to assert the claim before the claim arises under the substantive law. *See* 3 *Moore's Federal Practice-Civil* § 14.05 (2022). This has occurred and is permissible here.

Dari-Tech can be protected from paying more than its share, if any, before accrual of liability. The court can fashion a judgment providing for that protection or stay execution of the judgment until other parties pay their allocated share. Civ. Rule 62(a) (Rule 7062).

Accordingly, the court recommends that summary judgment be DENIED as to contribution.

<u>CONCLUSION</u>

There are genuine issues of material fact with respect to negligence, indemnity, and contribution. The court recommends that Dari-Tech's motion for summary judgment be DENIED.

///

**Dated:** Jun 16, 2022                    **By the Court**

**René Lastreto II, Judge**
**United States Bankruptcy Court**

36

**RULINGS ON EVIDENTIARY OBJECTIONS**

The court's rulings on IRZ's objections to evidence submitted by Dari-Tech in support of the Motion for Summary Judgment are set forth below:

<u>OBJECTIONS TO THE FIRST DECLARATION OF DAVID DEWAARD</u>

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 1. "However, even a closed loop system will require longer term storage for waste that settles out during the flush water recycling process. This is reflected in the plans for the Debtor's dairy that indicate planning for lagoons." DeWaard Decl., Doc. #345, ¶ 5, 5:21-24. | 1. Lack of personal knowledge. FRE 602. | 1. OVERRULED. DeWaard is qualified with sufficient expertise to determine the purpose of the lagoons from the plans. |
| 2. "As noted below, the Debtor rejected Dari-Tech's proposal in favor of his own design." *Id.*, ¶ 8, 5:13-15. | 2. Inadmissible hearsay. FRE 801, 802. | 2. OVERRULED. DeWaard has personal knowledge of the rejection of his proposal and knowledge of substitutions because he installed the system. |
| 3a. "Mr. teVelde wanted a system which would be adaptable to feeding a future anaerobic digester, which he knew requires a closed loop flush system on a dairy such as his." *Id.*, ¶ 9, 5:21-24.<br><br>3b. "Having spent fifteen years operating a large dairy as part of the Columbia River Dairies at Threemile Canyon, Oregon, he showed me in our discussions that he was familiar with both the necessity of the closed loop flush for a digester, and the requirements for closed loop operations." *Id.*, 5:23-28. | 3a. Lack of personal knowledge. FRE 602. Inadmissible hearsay. FRE 801, 802.<br><br>3b. Lack of personal knowledge. FRE 602. | 3a. SUSTAINED with respect to DeWaard's lack of personal knowledge as to what Debtor knew. SUSTAINED as to hearsay if Debtor's statements regarding what he wanted are used to prove the truth of the matter asserted. OVERRULED insofar as "what Debtor wanted" is offered as evidence of legally operative verbal acts or conduct. *U.S. v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004).<br><br>3b. SUSTAINED with respect to DeWaard's lack of personal knowledge of Debtor's experience and familiarity with closed-loop systems and operations. |

///

///

///

37

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 4. "Following this meeting, Dari-Tech was asked to provide a proposal for a Biolynk system for the dairy, i.e., the closed loop flushing system. Dari-Tech was not asked to design the overall manure handling system. Rather, the scope of the proposal sought from Dari-Tech was limited to providing a plan for the closed-loop component of an overall manure management program that was to be designed by someone else. Dari-Tech was not asked to provide – and did not provide – specifications or designs for belowground pipes, and it did not provide the pipes themselves." *Id.* ¶ 10, 6:1-8. | 4. Inadmissible hearsay. FRE 801, 802. | 4. OVERRULED insofar as what Dari-Tech was asked to provide is offered as evidence of legally operative verbal acts or conduct. *U.S. v. Pang,* 362 F.3d 1187, 1192 (9th Cir. 2004). SUSTAINED if used to prove the truth of the matter asserted.<br><br>OVERRULED as to what Dari-Tech was not asked to provide, because that is not hearsay. |
| 5. "The proposed price for the Biolynk system was $342,007. The proposed price for flush valves and controls was $159,146. The proposed price for manure pumps and agitators was $150,686.64 and $48,477, respectively. The complete package for the water storage tank (materials, labor, and freight) was $231,511. The proposed price for the complete separation system was $616,174. The sum of the price for the entire proposal was $1,548,001.64. Nothing in this proposal included overall design of a waste management system; the design, selection, or installation of underground piping; the design of sand lanes; the design of storage lagoons; the forecasting of fresh water needs or the sourcing of such water; nor overall design or construction management." *Id.,* ¶ 15, 7:12-16. | 5. Best evidence rule. FRE 1002. | 5. OVERRULED. The proposal is attached to DeWaard's declaration as *Exhibit 3. See* Doc. #351. |

///

///

///

///

///

///

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 6. "Mr. teVelde accepted some of the proposed equipment in Exhibit 3 and rejected others. In some instances, he decided to omit certain functions and equipment that had been proposed by Dari-Tech. In other instances, he purchased equipment from another manufacturer, a competitor of Dari-Tech." *Id.* ¶ 16, 7:17-21. | 6. Inadmissible hearsay. FRE 801, 802.<br><br>Lack of personal knowledge. FRE 602.<br><br>Best evidence rule. FRE 1002. | 6. OVERRULED as to hearsay if construing acceptance and rejection of equipment as evidence of legally operative verbal acts or conduct, but SUSTAINED if used to prove the truth of the matter asserted.<br><br>OVERRULED as to lack of personal knowledge. DeWaard designed the proposal and installed the equipment, and therefore he has personal knowledge of the equipment he personally assembled.<br><br>OVERRULED AS MOOT as to the best evidence rule because IRZ filed a copy of the proposal transmitted March 17-18, 2016 and accepted by Debtor on March 22, 2016 as *Exhibit 1*. *See* Docs. #363, ¶ 5; #367, *Ex. 1*, at 15. |
| 7. "In particular with regard to changes and/or omissions decided upon by Mr. teVelde, he opted not to install recommended mechanical secondary solids separation, relying on settling cells as secondary separators. So, while the Exhibits 2 and 3 recommended it, Dari-Tech was not asked to and did not provide secondary separation." *Id.*, ¶ 17, 7:21-25. | 7. Inadmissible hearsay. FRE 801, 802.<br><br>Lack of personal knowledge. FRE 602.<br><br>Best evidence rule. FRE 1002. | 7. OVERRULED as to hearsay if Debtor's changes and/or omissions are construed as evidence of legally operative verbal acts or conduct. SUSTAINED if used to prove the truth of the matter asserted.<br><br>OVERRULED as to personal knowledge. DeWaard designed the proposal, installed the equipment, and has personal knowledge of the equipment he personally assembled.<br><br>OVERRULED AS MOOT as to the best evidence rule because IRZ filed a copy of the proposal transmitted March 17-18, 2016 and accepted by Debtor on March 22, 2016 as *Exhibit 1*. *See* Docs. #363, ¶ 5; #367, *Ex. 1*, at 15. |

///

///

///

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 8. "In essence, Mr. teVelde rejected the overall plan for a Biolynk system as a component of the flush cycle but decided to purchase equipment from Dari-Tech and another to support a manure waste management plan of his own design." *Id.* ¶ 18, 8:1-3. | 8. Inadmissible hearsay. FRE 801, 802.<br><br>Lack of personal knowledge. FRE 602.<br><br>Best evidence rule. FRE 1002. | 8. OVERRULED as to hearsay if construing rejection of Dari-Tech's plan as evidence of legally operative verbal acts or conduct. SUSTAINED if used to prove the truth of the matter asserted.<br><br>OVERRULED as to personal knowledge. DeWaard designed the proposal, installed the equipment, and has personal knowledge of the equipment he personally assembled.<br><br>OVERRULED AS MOOT as to the best evidence rule because IRZ filed a copy of the proposal. Docs. #363, ¶ 5; #367, *Ex. 1*, at 15. |
| 9a. "For months after June 23, 2017, neither I or anyone else at Dari-Tech heard from Mr. teVelde or any of his employees or agents, including specifically anyone from IRZ, that the equipment and sound system that Dari-Tech had installed had stopped functioning." *Id.*, ¶ 20, 8:17-19.<br><br>9b. "It is my understanding that the closed loop flush system worked as intended during that time." *Id.*, 8:19-20.<br><br>9c. "In fact, any time I called the dairy staff to check in, they reported how well the system was working." *Id.*, 8:20-22.<br><br>9d. "Finally, at some point (presumably as the dairy was being closed down by the State of Oregon for a host of problems), a member of Mr. teVelde's dairy staff contacted me and told me that the system had become inoperable due to their failure to operate the system within its required parameters. Specifically, they had stopped using the necessary fresh water that, for reasons stated above, the system requires for maintaining an acceptable level of unsettleable solids." *Id.*, 8:21-27. | 9a. Lack of personal knowledge. FRE 602.<br><br>9b. Lack of personal knowledge. FRE 602.<br><br>9c. Inadmissible hearsay. FRE 801, 802.<br><br>9d. Lack of personal knowledge. FRE 602. Inadmissible hearsay. FRE 801, 802. | 9a. OVERRULED. DeWaard is the person most likely to know if Dari-Tech received any complaints because he is its president and was personally involved in designing, assembling, and installing the equipment.<br><br>9b. SUSTAINED as to personal knowledge of whether the closed-loop flush system continued to work as intended but OVERRULED as to personal knowledge of whether DeWaard received any complaints.<br><br>9c. SUSTAINED as to hearsay if being used to prove the system was working properly. OVERRULED as to DeWaard's receipt of complaints.<br><br>9d. SUSTAINED as to DeWaard lacking personal knowledge that the dairy was being closed down by the State of Oregon. OVERRULED as to DeWaard's knowledge of any complaints. SUSTAINED if the statements of the dairy staff to DeWaard are used to prove the truth. OVERRULED as to DeWaard learning that the system he designed and installed was not working. |

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 10. "In this litigation, Dari-Tech has asked many times that IRZ identify any fault whatsoever with the equipment or services that Dari-Tech provided to Mr. teVelde, and to date IRZ has been unable to name even one shortcoming." *Id.*, ¶ 21, 9:1-3. | 10. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 10. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes.<br><br>OVERRULED as to the best evidence rule because the Interrogatories have been filed. *See* Doc. #346. But still irrelevant. |

Docs. #345; #366; #370.

## OBJECTIONS TO THE DECLARATION OF DUNCAN C. TURNER

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 11. "The claims against Dari-Tech are extremely vague. The Trustee's Complaint, Dkt. #1, does not mention Dari-Tech by name at all. IRZ's Complaint mentions Dari-Tech once, in Paragraph 9: . . ." Turner Decl., Doc. #354, ¶ 2, 2:14-20 (block quote omitted). | 11. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 11. SUSTAINED with respect to relevance. The statement is also argumentative.<br><br>OVERRULED as to the best evidence rule because Trustee's Complaint and IRZ's Complaint have been filed and docketed. *See* Complaint, Doc. #1; Third-Party Complaint, Doc. #163. |
| 12. "Neither the Trustee's nor IRZ's Complaint alleges that any component or system supplied by Dari-Tech failed or that any such failure caused the damages claimed by the Trustee." *Id.*, ¶ 3, 2:20-22. | 12. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 12. SUSTAINED with respect to relevance. The statement is also argumentative.<br><br>OVERRULED as to the best evidence rule because Trustee's Complaint and IRZ's Complaint have been filed and docketed. *See* Complaint, Doc. #1; Third-Party Complaint, Doc. #163. |
| 13. "In an attempt to determine whether there is any substance to IRZ's claim against Dari-Tech, I have corresponded with and spoken to IRZ's counsel many times since the filing of IRZ's Complaint." *Id.*, ¶ 4, 2:23-26. | 13. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 13. OVERRULED with respect to relevance. The factual contents are relevant to the substance of the declaration.<br><br>OVERRULED as to the best evidence rule because no original writing, recording, or photograph is cited without submission. |

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 14. "On July 22, 2021, I wrote to Kyle Sciuchetti, IRZ's lead counsel to express my observation that IRZ had expressed no facts indicating fault on the part of Dari-Tech. This letter is attached as Exhibit 1 to this declaration. My letter included the following: . . ." *Id.*, ¶ 5, 3:1-18 (block quote omitted)" | 14. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 14. SUSTAINED with respect to relevance. The statement is also argumentative.<br><br>OVERRULED as to the best evidence rule because Dari-Tech filed a copy of the Turner letter dated July 22, 2021. Doc. #350, *Ex. 1.* |
| 15. "On November 10, 2021, IRZ's counsel Benjamin Tarczy responded to my letter. His response is attached as Exhibit 2 to this declaration. Mr. Tarczy's primary argument is that 'Federal Law expressly allows for alternative pleadings,' but it is my belief that even alternative pleadings require some basis in law or fact to substantiate each alternative. Mr. Traczy [*sic*] also made a reference to 'a factual dispute as to causation' of the failure of the dairy, but he failed to identify any basis for the opposing position in that so-called 'factual dispute.'" *Id.*, ¶ 6, 3:19-26. | 15. Irrelevant. FRE 401, 403.<br><br>Improper lay opinion. FRE 701.<br><br>Best evidence rule. FRE 1003. | 15. SUSTAINED with respect to relevance.<br><br>OVERRULED as to improper lay opinion.<br><br>OVERRULED as to the best evidence rule because Dari-Tech filed a copy of the Tarczy letter dated November 10, 2021. Doc. #357, *Ex. 2.* |
| 16. "In the interim between the two letters referenced above, on September 17, 2021, Dari-Tech propounded interrogatories and requests for production to IRZ asking, in many ways, for some statement of fact that would substantiate IRZ's claims against Dari-Tech. These discovery requests with IRZ's responses are attached as Exhibit 3." *Id.* ¶ 7, 3:26-28, 4:1-2. | 16. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 16. OVERRULED with respect to relevance. The paragraphs give context to the substance of the motion and show that Dari-Tech has complied with any meet-and-confer requirement.<br><br>OVERRULED as to the best evidence rule because Dari-Tech filed a copy of the discovery requests with IRZ's responses. Doc. #353, *Ex. 3.* |

///

///

///

///

///

42

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 17. "After serving the discovery response, counsel for IRZ and I had a 'meet and confer' regarding IRZ's objections to the number of interrogatories (based on IRZ's count of 'discrete subparts.'[)] In my letter to Mr. Tarczy of October 13, 2021, (Exhibit 4 hereto) I identified what I thought were the most critical questions, leaving aside any dispute over subparts. Most significantly, however, I highlighted our goal in seeking this discovery: . . ." *Id.*, ¶ 8, 4:3-13 (block quote omitted). | 17. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 17. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes.<br><br>OVERRULED as to the best evidence rule because Dari-Tech filed a copy of the Turner letter dated October 13, 2021. Doc. #348, *Ex. 4.* |
| 18. "Paragraph 15 of the IRZ Complaint contains counsel's certification that they had 'consulted a design professional . . . who is qualified, available and willing to testify to admissible facts and opinions sufficient to create issues of fact as to the liability of third-party defendants,' so in Interrogatory No. 2, Dari-Tech asked that IRZ identify these persons and the facts upon which the proffered, but undisclosed, testimony relied. IRZ did not respond substantively to the question, choosing instead to assert work-product and attorney-client privilege claims, despite having waived these by incorporating the hidden opinions in its Complaint. IRZ added that 'Discovery is ongoing. IRZ reserves the right to supplement, amend, or correct this response.'" *Id.*, ¶ 10, 4:16-24. | 18. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 18. OVERRULED with respect to relevance. The paragraphs give context to the substance of the motion and show that Dari-Tech has complied with any meet-and-confer requirement.<br><br>OVERRULED with respect to the best evidence rule. The referenced Third-Party Complaint has been filed and docketed. *See*, Third Party Complaint, Doc. #163. |
| 19. "In Interrogatory No. 4, . . . IRZ dodged the question by saying that it had not 'yet made a determination of what contentions will be presented at trial.' IRZ did identify equipment that Dari-Tech supplied to the dairy but failed to identify any failure or shortcoming in the equipment. In what it called 'discrete subparts,' IRZ listed alleged shortcomings in the functioning of the Dairy, but none of these were the responsibility of Dari-Tech." *Id.* ¶ 11, 4:25-28, 5:1-4. (Interrog. No. 4 omitted). | 19. Irrelevant. FRE 401, 403.<br><br>Best evidence rule. FRE 1003. | 19. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes.<br><br>OVERRULED with respect to the best evidence rule because the interrogatories and corresponding responses have been filed by Dari-Tech. Doc. #353, *Ex. 3.* But still irrelevant. |

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 20. "Interrogatory No. 6 contained a list of deficiencies that the Trustee had alleged against IRZ (Trustee Complaint ¶ 29) and that IRZ had repeated verbatim in the IRZ Complaint in ¶ 5. The interrogatory asked IRZ to identify, for each such deficiency on the list, any act or omission by Dari-Tech *that resulted in the deficiency*. For some of the alleged deficiencies, IRZ admitted that Dari-Tech had no role. For the others, IRZ again side-stepped the question by saying that it had not developed its contentions and that discovery was ongoing, adding that Dari-Tech had supplied '(1) complete turnkey Biolynk tank system, piping and PLC control; (2) manure pumps and agitators with controls; and (3) CST Storage water storage tank with roof.' IRZ in no way provided any facts that addressed either a flaw in Dari-Tech's services or equipment or that related to how anything Dari-Tech did 'resulted in' the claimed deficiencies of the Dairy." *Id.*, ¶ 12, 5:5-16 (emphasis in original). | 20. Irrelevant. FRE 401, 403.<br><br>Improper lay opinion. FRE 701.<br><br>Best evidence rule. FRE 1003.<br><br>Lack of personal knowledge. FRE 602. | 20. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes.<br><br>OVERRULED as to improper lay opinion.<br><br>OVERRULED as to the best evidence rule because the interrogatories and corresponding responses have been filed by Dari-Tech. *See*, Doc. #353, *Ex. 3*.<br><br>SUSTAINED as to lack of personal knowledge. |
| 21. "Dari-Tech also propounded requests for production, and Request No. 4 asked IRZ to 'produce every document that you will contend relates to the alleged acts or omissions by Dari-Tech as identified in response to your interrogatories.' As noted above, IRZ did not identify and [*sic*] 'act or omission' that would implicate Dari-Tech in the losses claimed by the Trustee. In response to RFP 4, IRZ merely pointed to the 5,092 pages of documents that were previously in Dari-Tech's counsels' possession." *Id.*, ¶ 13, 5:16-23. | 21. Irrelevant. FRE 401, 403.<br><br>Improper lay opinion. FRE 701.<br><br>Best evidence rule. FRE 1003.<br><br>Lack of personal knowledge. FRE 602. | 21. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes.<br><br>OVERRULED as to improper lay opinion.<br><br>OVERRULED as to the best evidence rule.<br><br>SUSTAINED as to lack of personal knowledge. |

///

///

///

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 22. "Because of my continuing dissatisfaction with IRZ's inadequate response which I had observed were similar in their unresponsiveness to that proposed by other third-party defendants, I had thought to file a motion to compel to seek the court's assistance. In preparation for this, I sent IRZ's counsel a portion of a motion to compel that I had already drafted. By letter dated December 17, 2021, IRZ agreed to supplement portions of Interrogatory 4 and 6. See Exhibit 5." *Id.*, ¶ 14, 5:23-26, 6:1-2. | 22. Irrelevant. FRE 401, 403. | 22. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes. |
| 23. "These numbers refer to pages in the original 5,092 pages of IRZ documents that Dari-Tech already had plus another 20,204 pages that Dari-Tech learned about from other third-party defendants. It seems that IRZ merely word-searched the entire production and identified all documents where 'Dari-Tech' was referenced." *Id.*, ¶ 17, 6:19-23. | 23. Irrelevant. FRE 401, 403.<br><br>Improper lay opinion. FRE 701.<br><br>Best evidence rule. FRE 1003.<br><br>Lack of personal knowledge. FRE 602. | 23. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes.<br><br>SUSTAINED as to improper lay opinion.<br><br>OVERRULED as to the best evidence rule.<br><br>SUSTAINED as to lack of personal knowledge. |
| 24. "I have looked at each of these documents, and none of them suggest any fault by Dari-Tech and/or any adverse result on the Dairy from Dari-Tech's products or services." *Id.*, ¶ 18, 24-26. | 24. Irrelevant. FRE 401, 403.<br><br>Improper lay opinion. FRE 701.<br><br>Best evidence rule. FRE 1003.<br><br>Lack of personal knowledge. FRE 602 | 24. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes. Civ. Rule 56(d) is inapplicable here.<br><br>SUSTAINED as to improper lay opinion.<br><br>OVERRULED as to the best evidence rule.<br><br>SUSTAINED as to lack of personal knowledge. |

///

///

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 25. "On December 30, 2021 I emailed IRZ's counsel with my observations about the responses, as revised: . . ." *Id.*, ¶ 19, 7:1-5 (block quote omitted). | 25. Irrelevant. FRE 401, 403.<br><br>Inadmissible hearsay. FRE 801, 802. | 25. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes. Civ. Rule 56(d) is inapplicable here. |
| 26. "When I saw that IRZ's only response was to offer me the haystack and an invitation to look for needles that were not there, I decided to forgo a motion to compel and file the motion for summary judgment. By email dated January 7, 2022, I advised IRZ's counsel as follows: . . ." *Id.*, ¶ 20; 7:5-15 (block quote omitted). | 26. Irrelevant. FRE 401, 403.<br><br>Improper lay opinion. FRE 701.<br><br>Best evidence rule. FRE 1003. | 26. SUSTAINED with respect to relevance. Dari-Tech has not filed any motions regarding any discovery disputes, and this is not a proper forum to raise such disputes.<br><br>SUSTAINED as to improper lay opinion.<br><br>OVERRULED as to the best evidence rule. |

Docs. #354; #366; #370.

The court's rulings on Dari-Tech's objections to evidence submitted by IRZ in opposition to the Motion for Summary Judgment are set forth below:

<u>OBJECTIONS TO THE DECLARATION OF JOHN O'DONNELL</u>

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 1. "I have been a Licensed Civil Engineer for 32 years. As a Licensed Civil Engineer, I am qualified to testify to admissible facts and opinions related to the design, construction, and operation of the Willow Creek Dairy (the 'Dairy')." O'Donnell Decl., Doc. #364, ¶ 2, 2:18-20. | 1. Qualification as an expert, specifically as to whether he has designed or operated the type of system at issue, and whether he has expertise in the design, installation, or operation of a system that moves mixtures of solids and liquids through such a system. FRE 702. | 1. OVERRULED. O'Donnell has been a Licensed Civil Engineer for 32 years. Whether he has designed, operated, installed, or has expertise in the same goes to the weight of his testimony and his credibility, not qualification. |

///

///

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 2. "Based on my review of the relevant documents in this matter and inspection of the property, Dari-Tech planned, designed, and installed the self-contained waste recycling system failed at the Dairy [*sic*]." *Id.*, ¶ 6, 2:28-3:2. | 2. The witnesses bases the opinion on a "review of documents" and an "inspection of the property" but fails to identify which documents, fails to state the inspection date, whether the dairy was operating, and whether the dairies failure was underway during his inspection.<br><br>Lack of personal knowledge of the training that Dari-Tech provided to staff, or whether he witnessed the staff operating the equipment. | 2. OVERRULED with respect to the details of O'Donnell's inspection, which occurred on December 6, 2019. *Id.*, ¶ 3. The bases of the witness' opinion can be explained in later discovery or trial.<br><br>SUSTAINED with respect to lack of personal knowledge regarding the level of training provided to Dari-Tech staff because the witness has not specified whether he saw the dairy staff operating the equipment. |
| 3. "Based on my review of the relevant documents in this matter and inspection of the property, the self-contained waste recycling system failed at the Dairy." *Id.*, ¶ 7, 3:3-4. | 3. Opinion of ultimate issue or legal conclusion. | 3. OVERRULED. An opinion is not objectionable just because it embraces an ultimate issue. FRE 704(a). It is undisputed that the waste management system failed. |
| 4. "Based on my review of the relevant documents in this matter and inspection of the property, the failures of the Dairy, including the failure of the Dairy's self-contained waste recycling system, were caused by Dari-Tech and/or Third-Party Defendants U.S. Farm Systems; 4 Creeks, Inc.; John Fazio d/b/a Fazio Engineering; Laser Land Leveling, Inc.; Maas Energy Works, Inc.; George Chadwick d/b/a George Chadwick Consulting; Valmont Northwest, Inc.; Nucor Building Systems Utah LLC, and/or Debtor Greg te Velde." *Id.*, ¶ 8, 3:5-10. | 4. Opinion of ultimate issue or legal conclusion. | 4. OVERRULED. An opinion is not objectionable just because it embraces an ultimate issue. FRE 704(a). It is undisputed that the waste management system failed. |

///

///

///

///

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 5. The entire declaration of John O'Donnell. | 5. Inadequate bases. FRE 703. | 5. OVERRULED. An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. O'Donnell has visited the dairy, reviewed the documents in this case, and may reasonably rely on those facts in forming his opinion. At the summary judgment stage, all reasonable inferences in the light most favorable to the non-moving party.<br><br>The objection goes to credibility and weight of testimony. |

Docs. #364; #369.

## OBJECTIONS TO THE DECLARATION OF WAYNE DOWNEY

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 6. "It is not foreseeable, nor reasonable, that a Biolynk flush system will fail in the absence of negligence." Downey Decl., Doc. #363, ¶ 12, 4:6-7. | 6. Ultimate issue. FRE 704.<br><br>Bias. *Accutane Prods. Liab.*, 511 F. Supp. 2d 1288, 1297 (2007).<br><br>Not helpful to trier of fact. FRE 702(a). | 6. OVERRULED as to ultimate issue. An opinion is not objectionable just because it embraces an ultimate issue. FRE 704(a).<br><br>OVERRULED as to alleged bias. Downey is IRZ's Director of Construction. Objection goes to weight and credibility.<br><br>OVERRULED as to helpfulness to a trier of fact. The objection goes to weight and credibility. |

///

///

///

///

///

48

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 7. "The failures of the Dairy, including the failure of the Dairy's self-contained waste re-cycling system, were caused by Dari-Tech and/or Third-Party Def-endants U.S. Farm Systems; 4 Creeks, Inc.; John Fazio d/b/a Fazio Engineering; Laser Land Leveling, Inc.; Maas Energy Works, Inc.; George Chadwick d/b/a George Chadwick Consulting; Valmont Nor-thwest, Inc.; Nucor Building Sys-tems Utah LLC, and/or Debtor Gregory te Velde." *Id.*, ¶ 13, Lines 4:8-12 | 7. Not helpful to trier of fact. FRE 702(a). | 7. OVERRULED as to helpful-ness to a trier of fact. Objection goes to weight and credibility. |

Docs. #363; #369.

**Dated:** Jun 16, 2022                    **By the Court**

**René Lastreto II, Judge**
**United States Bankruptcy Court**

49

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

   The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Randy Sugarman
583 1st St W
Sonoma CA 95476

Kurt F. Vote
265 E. River Park Circle, Suite 310
Fresno, CA 93720

James J. Niemeier
First National Tower, Suite 3700
1601 Dodge Street
Omaha NE 68102

Scot M. Tyler
100 N. Tryon St #4700
Charlotte NC 28202

Aaron Moore
1600 West St.
Redding CA 96001

Brianna J. Wellman
111 SW Fifth Ave #3400
Portland OR 97204

D. Gary Christensen
3400 U.S. Bancorp Tower 111 S.W. 5th Ave
Portland OR 97204

David A. Foraker
111 SW 5th Ave #3400
Portland OR 97204

Duncan C. Turner
Badgley Mullins Turner PLLC
19929 Ballinger Way NE #200
Seattle WA 98155

Hagop T. Bedoyan
7647 N. Fresno Street
Fresno CA 93720

John H. MacConaghy
645 First St., West, Suite D
Sonoma CA 95476

Lindy H. Scoffield
3043 Gold Canal Dr #100
PO Box 269127
Sacramento CA 95826-9127

Mark F. Enenbach
First National Tower #3700
1601 Dodge St
Omaha NE 68102

Michael Brown
416 Truxtun Ave.
Bakersfield CA 93301

Michael A. Dias
502 W Grangeville Blvd
Hanford CA 93230

Neal L. Wolf
425 Market St 26th Fl
San Francisco CA 94105

Paula C. Clark
502 West Grangeville Blvd
Hanford CA 93230

Riley C. Walter
265 E. River Park Circle Suite 310
Fresno CA 93720

Ronald A. Clifford
1100 Town and Country Rd., Ste 1250
Orange CA 92868

Sanford R. Landress
3400 U.S. Bancorp Tower
111 SW 5th Ave
Portland OR 97204

Shanon J Slack
2030 Main Street
Suite 1300
Irvine CA 92614

Tracy A. Agrall
246 W. Shaw
Fresno CA 93704

Kyle D. Sciuchetti
111 SW Fifth Ave #3400
Portland OR 97204

Sara L. Chenetz
1888 Century Park East, Suite 1700
Los Angeles CA 90067

Victor F. Luke
1880 Century Park E 12th Floor
Los Angeles CA 90056

Danielle J. Bethel
205 E River Park Circle #410
Fresno CA 93720

Douglas S. Pahl
1120 NW Couch St 10th Fl
Portland OR 97209

Michael B. Collins
PO Box 1457
Pendleton OR 97801

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721