UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | ) Case No. 18-11651-B-11 |
| | ) |
| GREGORY JOHN te VELDE, | ) |
| | ) |
|       Debtor. | ) |
| | ) |
| | ) |
| RANDY SUGARMAN, Ch. 11 Trustee, | ) Adv. Proceeding No. 19-1033 |
| | ) (Consolidated by order (Doc. |
|       Plaintiff, | ) #94) for trial purposes only) |
| | ) |
| v. | ) DCN:   WCT-1 |
| | ) |
| IRZ CONSULTING, LLC (aka) IRZ | ) Date:   August 24, 2022 |
| Construction Division LLC, | ) Time:   11:00 a.m. |
| | ) Place:  U.S. Courthouse |
|       Defendant. | )         2500 Tulare Street |
| | )         Courtroom 13, 5th Floor |
| IRZ CONSULTING, LLC | )         Fresno, California |
| (aka) IRZ Construction Division | ) Judge:  Hon. René Lastreto II |
| LLC, | ) |
| | ) |
|       Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. FARM SYSTEMS; 4 CREEKS, | ) |
| INC., JOHN FAZIO (dba Fazio | ) |
| Engineering); DARI-TECH, INC.; | ) |
| LASER LAND LEVELING, INC.; MAAS | ) |
| ENERGY WORKS, INC.; GEORGE | ) |
| CHADWICK (dba George Chadwick | ) |
| Consulting); VALMONT NORTHWEST, | ) |
| INC.; NUCOR BUILDING SYSTEMS | ) |
| UTAH LLC, | ) |
| | ) |
|       Third-Party Defendants. | ) |

**Report and Recommendation on Third-Party Defendant Valmont Northwest's Motion for Summary Judgment**

### Introduction

A Third-Party Defendant in a complex construction dispute settled the Liquidating Trustee's objection to its proof of claim filed in this bankruptcy case. A settlement agreement and release documented the resolution. Later, the Third-Party Defendant was sued by the Defendant in the Liquidating Trustee's litigation about the construction dispute. Now, the Third-Party Defendant is asking to be dismissed from the Third-Party Claim in this motion for summary judgment contending the settlement of the claim objection absolved it from any further liability.

Finding material issues of fact exist concerning both the notice and the good faith of the settlement, the court recommends the motion for summary judgment be DENIED.

### I.

### A.

Introducing the *Dramatis Personae*:

- Gregory John Te Velde ("Debtor") – A dairyman with considerable experience. As relevant here, Debtor owned a large dairy operation in Boardman, Oregon called Lost Valley Farms. Debtor's intention was to include a waste disposal system at the dairy that separated solids from usable effluent. The final filtered effluent was to be used to irrigate adjacent land. The operation failed resulting in environmental problems. This was a substantial reason for Debtor's chapter 11 case filed in 2018.

- Randy Sugarman ("Sugarman" or "Trustee") – Sugarman was appointed chapter 11 Trustee in 2018. He proposed and confirmed a *Plan of Reorganization* in November 2019 (the "Plan").[1] He is the Liquidating Trustee under the confirmed Plan. Sugarman filed this adversary proceeding in 2019 objecting to the claim filed by IRZ Consulting, LLC and asserting claims raising alleged construction defects in the waste system. Sugarman claimed the estate was damaged by the failed waste system in the approximate sum of $19 million.

- IRZ Consulting, LLC ("IRZ") – Though IRZ's precise role in the dairy construction is disputed, for purposes of this motion, IRZ was the construction manager. IRZ is the sole defendant named by Sugarman. IRZ has filed and is prosecuting a Third-Party Claim against nine Third-Party Defendants asserting contribution, indemnity, and negligence claims. IRZ is the respondent on this motion.

- Valmont Northwest, Inc. ("Valmont") – The movant here and one of the nine Third-Party Defendants. Valmont provided thirty center pivot irrigation systems for the dairy project. Five of those thirty were to be designed to disperse the effluent. The remaining twenty-five were to be used to disperse clean water. IRZ claims the pivots used to distribute the usable effluent failed resulting in raw sewage being distributed on land adjacent to Lost Valley Farms. This allegedly caused an unacceptable environmental situation that led, in part, to Debtor's loss of necessary

---

[1] *See* Bankr. Case No. 18-11651 ("Bankr."), Doc. #2975.

3

government approvals for the project.[2] Valmont disputes this and claims that other parts of the disposal system failed resulting in the passage of the sewage through the system.

Having introduced the cast on this motion, we turn to the relevant facts.

**B.**

A more detailed discussion and specific descriptions of the problems with the ill-fated waste disposal system are set forth elsewhere and will not be repeated here.[3]

Valmont was not paid in full for the irrigation systems. So, it filed a claim in the bankruptcy case for approximately $2.4 million.[4] Sugarman objected to the claim in October 2019.[5] Litigation ensued including extensive discovery and a mediation. Eventually, Sugarman and Valmont settled the claim objection.

The settlement reached in early 2021 involved Valmont reducing its claim from $2.4 million to $1.05 million. Sugarman agreed to release a partial unsecured creditor dividend to Valmont and that Valmont's reduced claim be allowed. Sugarman and Valmont entered into a written *Settlement Agreement and Mutual Release*.[6]

Under the Plan, Sugarman has authority to settle litigation related to claims without notice and without bankruptcy court approval.[7]

---

[2] These are part of Sugarman's claims against IRZ.
[3] *See Findings and Recommendations for De Novo Consideration of the District Court as to Dari-Tech, Inc.'s Motion for Summary Judgment*, Doc. #389.
[4] Bankr., Claim 28.
[5] Bankr. Doc. #2799.
[6] Docs. ##400-01, *Ex. A.*
[7] *See* Plan, Bankr. Doc. #2975, ¶ 6.8

Other than contesting any liability to Sugarman or anyone else, the above facts are largely undisputed by IRZ.[8] But the settlement agreement does contain a release clause. The release clause concludes with this language:

> . . . if the Trustee compromises, settles or otherwise consensually resolves in any manner its pending litigation with IRZ . . . or any co-defendant therein, then in such event, the Trustee agrees to use the Trustee's best efforts to include terms in any such settlement agreement that effectively provides a global release of any claims by IRZ against Valmont . . . related to the facts asserted and claims raised by the Trustee against IRZ and Valmont . . . whether in the Bankruptcy Case or any adversary proceeding or other related litigation.[9]

Meanwhile, Sugarman's litigation against IRZ has been proceeding. IRZ filed a *Third-Party Complaint*, which is at issue on this motion.[10] Valmont filed this motion for summary judgment seeking to be dismissed from the *Third-Party Complaint* under the terms of the release and its settlement of Sugarman's claim objection.[11]

### C.

Valmont claims IRZ's third-party claim for Contribution, Negligence, and Indemnity should be barred since Valmont and the Trustee settled the claim objection litigation.[12] Valmont goes on to claim that under either Oregon or California law, joint

---

[8] Doc. #407.

[9] Docs. ##400-01, *Ex. A*, at 2, ¶ 3.

[10] Doc. #163.

[11] Doc. #397.

[12] Doc. #399.

tortfeasor or contribution statutes absolve Valmont of any liability to IRZ because the settlement was in good faith. Also, Valmont posits that the issues raised in the claim objection and in IRZ's third party claim are identical. So, Valmont should be dismissed.

IRZ argues both procedural and substantive issues preclude Valmont from being dismissed.[13] First, no finding of a good faith settlement has been made by any court. Second, IRZ was never notified of the settlement which precludes Valmont's dismissal. Alternatively, IRZ claims the settlement was not in good faith because Valmont paid nothing and only compromised its claim, Valmont presented no evidence supporting a good faith finding in this motion, and Valmont was not a party to this litigation when the settlement was reached. IRZ concludes that there are not identical issues in the claim objection and the construction litigation. So, the settlement should not release Valmont from the Third-Party Complaint.

In reply, Valmont presented Sugarman's declaration, which states (in part):

- He had primary responsibility to prosecute claim objections and could resolve them without notice or order of court.

- The settlement with Valmont was reached after litigation, mediation, and vetting by the Liquidating Trust Committee established under the Plan.

- He and Valmont intended Valmont to be released from claims including for indemnity and contribution arising out of claims against IRZ.[14]

---

[13] Doc. #408.
[14] Doc. #412.

Valmont also argued the settlement was in good faith citing: the preceding claim litigation, Sugarman's authority to settle claims without notice or hearing, and Valmont reduced its claim over fifty percent which is substantial consideration.[15] Also, under California law, IRZ was not entitled to a good faith finding because there was no action pending against Valmont when the claim objection was settled.

## II.

The United States District Court for the Eastern District of California has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b) because this adversary proceeding arises in and is related to a case under title 11 of the United States Code. Under 28 U.S.C. § 157(a), the District Court has referred this matter to this court. Part of this proceeding – the claim objection - is "core" under 28 U.S.C. § 157(b)(2)(B). Furthermore, the District Court denied an early motion to withdraw the reference under 28 U.S.C. § 157(c)(1) and allowed this court to supervise discovery, rule on non-dispositive motions, and issue a Report and Recommendation for *de novo* review to the District Court on dispositive motions.[16]

## III.

Civ. Rule 56, *as incorporated by* Rule 7056, applies in adversary proceedings. Under Civ. Rule 56(a), summary judgment should be granted only if the movant shows that there is no

---

[15] Doc. #411.

[16] *See Order Denying Defendant's Motion to Withdraw Reference*, Doc. #162; *cf. Civil Minutes re: Motion/Application for Abstention and/or to Dismiss* (Apr. 28, 2021), Doc. #198.

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.

When considering a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Civ. Rule 56(c); *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Ibid.*

The movant may not argue that its evidence is the most persuasive or "explain away" evidence unfavorable to its defenses; rather, it must show that there are no material facts in dispute, or which can be reasonably resolved by a fact

finder. *Anderson*, *Id.*, at 250-51, 2511; *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("Summary judgment is not appropriate" if a reasonable jury *could* find in the plaintiff's favor.) (emphasis added).

As the movant, the burden of proof is on Valmont. The court must draw all reasonable inferences in the light most favorable to the non-moving party, and therefore in favor of denying summary judgment. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513-14. Further, the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Hutchins v. TNT/Reddaway Truck Line, Inc.*, 939 F. Supp. 721, 723 (N.D. Cal. 1996).

If a summary judgment motion is properly submitted, the burden shifts to the opposing party to rebut with a showing that there is a genuine issue of material fact. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). "The nonmoving party 'may not rely on denials in the pleadings but must produce specific evidence . . . to show that the dispute exists.'" *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008), quoting *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

Ultimately, the court must grant summary judgment if the movant shows that the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party as to any fact that might affect the outcome of the suit under the governing law, and the nonmovant does not meet their burden of proof to refute the movant's claims.

**IV.**

Both parties contend this dispute should be decided under Oregon law.[17] Yet, both parties also urge applying California law. *Id.* The settlement agreement is silent on which law applies.[18] A brief discussion of both follows.

**A.**

Or. Rev. Stat. ("ORS") § 31.815 (formerly § 18.455 and renumbered in 2003) provides:

> (1) When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury to person or property or the same wrongful death or claimed to be liable in tort for the same injury or the same wrongful death:

> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but the claimant's claim against all other persons specified in ORS 31.600 (2) for the injury or wrongful death is reduced by the share of the obligation of the tortfeasor who is given the covenant, as determined under ORS 31.605 and 31.610; and

> (b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

> (2) When a covenant described in subsection (1) of this section is given, the claimant shall give notice of all of the terms of the covenant to all persons against whom the claimant makes claims.

ORS 31.815.

---

[17] Docs. #399; #408.

[18] The settlement agreement does include a provision in which the parties waive the application of Cal. Civ. Code § 1542. Doc. #401, *Ex. A.* No analogous Oregon law is referenced.

Application of the law has two requisites. First, direct evidence of good faith. *State by State Acci. Ins. Fund Corp. v. Barkman*, 101 Or. App. 20, 26, 789 P.2d 8 (1990). Second, it requires notice to all persons against whom the claimant makes claims. *McCarthy v. Hensel Phelps Constr. Co.,* 64 Or. App. 256, 259, 667 P.2d 558 (1983). Though good faith is a question of fact, Oregon courts have not yet defined good faith in the settlement context.[19] *Id.*

**B.**

California law is more punctilious. The substantive law is in Cal. Code Civ. Proc. ("CCP") § 877. *Federal Savings & Loan Ins. Corp. v. Butler,* 904 F.2d 505, 511 (9th Cir. 1990). This section provides in part as follows:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

---

[19] Neither party has provided any controlling Oregon authority to the contrary.

CCP § 877(a)-(b).

The procedural journey to a good faith finding is largely governed by CCP § 877.6. Though procedural, the Ninth Circuit has determined that it "makes eminent sense" for a good faith determination under this statute to be made by a federal trial court. *Butler*, 904 F.2d at 511.

CCP § 877.6(a) provides two alternative ways to bring the good faith settlement issue before a court: motion by "any party to an action" with more than one alleged tortfeasor, or "application" by a settling party for a good faith determination. The latter selection puts the onus on the non-settling parties to file a motion to contest the good faith of the settlement.

The effect of a good faith finding is outlined in CCP § 877.6:

> (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.
>
> (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

CCP § 877.6(b)-(d).

CCP § 877.6 requires complete notice to non-settling parties as a prerequisite to a determination of good faith. Assuming adequate notice is given, the California Supreme Court has outlined four factors a court should consider in determining good faith of a settlement:

- A rough approximation of plaintiff's total recovery and the settlor's proportionate liability.
- The amount paid in settlement.
- The allocation of settlement proceeds among plaintiffs.
- A recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499-500 (1985).

Other factors considered should include the financial condition and insurance policy limits of settling defendants. *Id.* Also, the court should examine the existence of any fraud or tortious conduct aimed to injure the interests of the non-setting defendants. *Id.*

As will be shown below, the record here does not support a good faith finding as a matter of law. More to the point, Valmont here has the initial burden of presenting a *prima facie* case. The initial burden rests with the moving party to identify the portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those that may affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248.

**V.**

Valmont has not demonstrated the absence of a material fact on the issue of notice of the settlement to IRZ. There are also genuine issues of material fact regarding the good faith of the settlement.

**A.**

Nothing in Valmont's motion establishes that IRZ received notice of the terms of the settlement.[20] If Sugarman is "the claimant," then Sugarman has made a claim against IRZ and under Oregon law, at least IRZ should have notice to contest the good faith of the settlement. Under California law, that is also mandatory. The lack of notice is fatal to this motion. There is a genuine issue of material fact whether IRZ had notice at all.

Valmont's argument that Sugarman had the authority to settle the claim dispute without notice or hearing is unavailing. Though ¶ 6.8 of the Plan gives Sugarman authority to settle "Estate Reserved Litigation" including claim objections without hearing, that provision is permissive only.[21] Valmont could have required Sugarman to give notice as a condition to settlement.

Second, Valmont itself was a claimant and could have provided notice or made a motion for a good faith finding. Valmont filed a claim for $2.4 million, which was settled in the claim litigation. Both Sugarman and Valmont knew of the potential claim to be asserted by Sugarman against IRZ – the

---

[20] ORS § 31.815 requires notice to all persons against whom the claimant makes claims.
[21] "Estate Reserved Litigation" is defined in ¶ 6.8 of the Plan. *See* Bankr. Doc. #2975.

settlement agreement itself described it in the release
paragraph. It was not a secret that Sugarman had or was about to
prosecute a large claim against IRZ when the claim objection was
settled.

Third, the contention that since neither Valmont nor IRZ
was a "party to an action" when the settlement was reached
precludes a good faith determination under CCP § 877.6 has been
rejected by the Ninth Circuit. *City of Emeryville v. Robinson*,
621 F.2d 1251, 1266 (9th Cir. 2010) (holding parties known or
reasonably should be known to settling parties are entitled to
notice), citing *Singer v. Superior Court*, 179 Cal. App. 3d 875,
890-91 (1986).

There is a genuine issue of material fact as to notice.
That defeats the motion.

**B.**

Valmont's initial position on this motion was that the good
faith of the release and covenant not to sue "has not been nor
could it be reasonably controverted."[22] IRZ opposed, noting that
even under Oregon law, direct evidence of good faith must be
presented, not reliance on the agreement itself.[23] *See Barkman*,
101 Or. App. at 26. Then, IRZ contested the good faith of the
settlement as summarized above.[24] Valmont replied, including
Sugarman's declaration, and argued the settlement would satisfy
the good faith requirements of either Oregon or California law.[25]

---

[22] Doc. #399.
[23] Doc. #408.
[24] *Id.*
[25] Docs. ##411-12.

Both parties appear to invite the court to rule on the good faith of the claim litigation settlement. The court declines.

This is a motion for summary judgment. Valmont's burden is to show no material facts are in dispute. *Anderson*, 477 U.S. at 250-51. The good faith determination is not in the record. There are many material factual issues surrounding the good faith of the settlement. They include Valmont's potential liability, if any, and that of IRZ and the third-party defendants, rough approximation of Sugarman's total recovery and proportionate fault of IRZ and the third-party defendants, if any, potential insurance issues, to name a few.

Sugarman's declaration does not resolve these issues, nor does it assist Valmont here. First, presenting this evidence as part of a reply does not give IRZ the opportunity to respond or conduct discovery on the issue.

Second, Sugarman's interpretation of the settlement agreement raises a factual issue about the parties' intent. The recitals in the agreement that are binding on the parties under Oregon and California law[26] state that the parties to the agreement wanted to settle the "disputes among themselves."[27] Also, the release provision references settlement of Sugarman's existing or potential claims against IRZ and Sugarman's continued duties under the agreement. *Id.* Sugarman's testimony raises an issue of fact. *See*, *e.g.*, *Criterion Interests v. Deshutes Club*, 136 Or. App. 239, 244, 902 P. 2d 110 (1995) (affirming trial court interpreting an agreement as written

---

[26] *See* ORS § 42.300; Cal. Evid. Code § 622.
[27] Docs. ##400-01, *Ex. A.*

after the court considered contradictory parole evidence), *modified and adhered to*, 137 Or. App. 312, 903 P.2d 421 (1995).

Valmont's authority does not support treating this motion as one to determine good faith of the settlement. *Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l, LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) (affirming trial court's dismissal of claims against settling co-defendant who settled with other defendants applying CCP §§ 877 and 877.6). *Fireman's Fund Ins. Co. v. Ed Niemi Oil Co. Inc.*, 436 F. Supp. 2d 1174, 1179 (D. Or. 2006), *rev'd*, *Fireman's Fund Ins. Co. v. Oregon Auto Ins. Co.*, 317 Fed. Appx. 623 (9th Cir. 2008) (reversing because trial court erroneously dismissed an insurer from an environmental damage coverage dispute because a specific statute permitted contribution between insurers). *Wheeler v. Bonnin*, 47 Or. App. 645, 648; 615 P.2d 355 (1980) ("Our inquiry is limited to whether Or. Rev. Stat. § 18.455 [now 31.815] . . . can be properly applied in an action for wrongful death cognizable under maritime law.").

### Conclusion

Valmont has not demonstrated an absence of material factual disputes as to IRZ's notice of the settlement or the good faith supporting the settlement. So, Valmont should not be dismissed from IRZ's Third-Party claim as a result of this motion. For the foregoing reasons, this court recommends that Valmont's motion for summary judgment be DENIED.

///

///

## Rulings on Evidentiary Objections

The court's rulings on IRZ's objections to evidence submitted by Valmont in support of the Motion for Summary Judgment are set forth below:

### OBJECTION TO PLEADINGS AND CLAIMS IN CASE NO. 18–11651

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 1. Valmont's reliance upon the entirety of the "pleadings and claims on file" in Bankruptcy Case No. 18-11651. | 1.Irrelevant. FRE 401, 403.<br><br>Inadmissible hear-say. FRE 801, 802. | 1. SUSTAINED. Although Valmont, in its reply, narrowed the scope of the documents referenced, this objection is sustained as to the generic reference. |

Doc. #409.

### OBJECTIONS TO THE DECLARATION OF PATRICK A. TOLMAN

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 1. "Approximately 25 of the Pivots were standard pivots to be used by the Debtor solely for spreading clean fresh water on to the crops being grown by Lost Valley Farm (the "Fresh Water Pivots"). The Fresh Water Pivots were neither designed nor manufactured for the use of spreading effluent." Bankr. Case. No. 18-11651, Doc. #3120, ¶ 2, Lines 2:10-13. | 1. Irrelevant. FRE 401, 402.<br><br>Improper lay opinion. FRE 701. | 1. OVERRULED as to irrelevance.<br><br>OVERRULED as to improper lay opinion. |
| 2. "Approximately 5 of the Pivots were manufactured for the use of spreading diluted, liquid effluent (the "Effluent Pivots")." *Id.*, ¶ 4, Lines 2:14-15. | 2. Irrelevant. FRE 401, 402.<br><br>Improper lay opinion. FRE 701. | 2. OVERRULED as to irrelevance.<br><br>OVERRULED as to improper lay opinion. |

| | | |
|---|---|---|
| 3. "Valmont did not determine the site location where the Pivots would be installed. Rather, the Pivots were installed and sited at the locations specified to Valmont by IRZ Consulting, LLC ("IRZ Consulting") and the Debtor accepted the Pivots as delivered and installed." *Id.*, ¶ 5, Lines 2: 16-20. | 3. Lack of personal knowledge. FRE 602.<br><br>Irrelevant. FRE 401, 402.<br><br>Improper lay opinion. FRE 701. | 3. OVERRULED as to the lack of personal knowledge.<br><br>SUSTAINED as to irrelevance.<br><br>OVERRULED as to improper lay opinion. |
| 4. "The operations of the Lost Valley Farm and the Effluent Pivots were based on a waste-recycling project designed by IRZ Consulting which, among other components, would separate the dairy herd waste into liquid and solid components. The liquid components, once sufficiently diluted, would then be land-applied through the Effluent Pivots. The waste-recycling project designed by IRZ Consulting ultimately failed, though, in separating the liquid and solid components. As a result, the Effluent Pivots, which were only designed and manufactured to spread diluted, liquid effluent, were used by the Debtor to attempt to spread raw, solid waste components as well." *Id.*, ¶ 6, Lines 2:21-27, 3:1-2. | 4. Lack of personal knowledge. FRE 602.<br><br>Irrelevant. FRE 401, 402.<br><br>Improper lay opinion. FRE 701. | 4. SUSTAINED as to the lack of personal knowledge.<br><br>SUSTAINED as to irrelevance.<br><br>SUSTAINED as to improper lay opinion. |
| 5. "The Alleged Defects, if they did exist, which Valmont disputes, would all have been susceptible to simple repairs or replacements." *Id.*, ¶ 13, Lines 4:2-3. | 5. Lack of personal knowledge. FRE 602.<br><br>Irrelevant. FRE 401, 402.<br><br>Improper lay opinion. FRE 701. | 5. SUSTAINED as to the lack of personal knowledge.<br><br>SUSTAINED as to irrelevance.<br><br>SUSTAINED as to improper lay opinion. |

Doc. #409; Case No. 18-11651, Doc. #3120.

<u>OBJECTION TO THE DECLARATION OF JOE STICKLAND, EXHIBIT A</u>

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 1. IRZ objects to the entirety of the "RECITALS" section of the *Settlement Agreement and Mutual General Release* executed on or about January 12, 2021 and attached to the Strickland Declaration as *Exhibit A*. | 1. Inadmissible hear-say. FRE 801, 802. | 1. SUSTAINED if the recitals are offered for their truth. Otherwise, OVERRULED. |

Docs. #400, *Ex. A*; #409.

**Dated:** Aug 26, 2022

**By the Court**

*René Lastreto II*

**René Lastreto II, Judge**
**United States Bankruptcy Court**

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Randy Sugarman
583 1st St W
Sonoma CA 95476

James J. Niemeier
First National Tower, Suite 3700
1601 Dodge Street
Omaha NE 68102

Scot M. Tyler
100 N. Tryon St #4700
Charlotte NC 28202

Aaron Moore
1600 West St.
Redding CA 96001

Brianna J. Wellman
111 SW Fifth Ave #3400
Portland OR 97204

D. Gary Christensen
3400 U.S. Bancorp Tower 111 S.W. 5th Ave
Portland OR 97204

David A. Foraker
111 SW 5th Ave #3400
Portland OR 97204

Duncan C. Turner
Badgley Mullins Turner PLLC
19929 Ballinger Way NE #200
Seattle WA 98155

Hagop T. Bedoyan
7647 N. Fresno Street
Fresno CA 93720

John H. MacConaghy
645 First St., West, Suite D
Sonoma CA 95476

Lindy H. Scoffield
3043 Gold Canal Dr #100
PO Box 269127
Sacramento CA 95826-9127

Mark F. Enenbach
First National Tower #3700
1601 Dodge St
Omaha NE 68102

Michael Brown
416 Truxtun Ave.
Bakersfield CA 93301

Michael A. Dias
502 W Grangeville Blvd
Hanford CA 93230

Neal L. Wolf
425 Market St 26th Fl
San Francisco CA 94105

Paula C. Clark
502 West Grangeville Blvd
Hanford CA 93230

Riley C. Walter
265 E. River Park Circle Suite 310
Fresno CA 93720

Ronald A. Clifford
1100 Town and Country Rd., Ste 1250
Orange CA 92868

Sanford R. Landress
3400 U.S. Bancorp Tower
111 SW 5th Ave
Portland OR 97204

Shanon J Slack
2030 Main Street
Suite 1300
Irvine CA 92614

Tracy A. Agrall
246 W. Shaw
Fresno CA 93704

Kyle D. Sciuchetti
111 SW Fifth Ave #3400
Portland OR 97204

Sara L. Chenetz
1888 Century Park East, Suite 1700
Los Angeles CA 90067

Victor F. Luke
1880 Century Park E 12th Floor
Los Angeles CA 90056

Danielle J. Bethel
205 E River Park Circle #410
Fresno CA 93720

Douglas S. Pahl
1120 NW Couch St 10th Fl
Portland OR 97209

Michael B. Collins
PO Box 1457
Pendleton OR 97801

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721