9
WANGER JONES HELSLEY PC
Kurt F. Vote #160496
265 E. River Park Circle, Ste. 310
Fresno, CA 93720
Telephone: (559) 233-4800
Email: kvote@wjhattorneys.com

MacCONAGHY & BARNIER, PLC
John H. MacConaghy #83684
Jean Barnier #231683
645 First Street West, Ste. D
Sonoma, CA 95476
Telephone: (707) 935-3205
Email: macclaw@macbarlaw.com

Attorneys for Plaintiff for Randy Sugarman, Liquidating Trustee

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN TE VELDE,<br><br>Debtor.<br><br>RANDY SUGARMAN, LIQUIDATING TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>IRZ CONSULTING, LLC; aka IRZ CONSTRUCTION DIVISION, LLC<br><br>Defendant.<br><br>AND RELATED THIRD PARTY COMPLAINT | CASE NO. 18-11651<br><br>Chapter 11<br><br>MCN: MB-3<br><br>Adv. Proc. No.: 19-01033<br><br>Date: October 26, 2022<br>Time: 11:00 a.m<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>        5th Floor, Courtroom 13<br>Judge: Honorable Rene Lastreto |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## INTRODUCTION

The Plaintiff Trustee's Complaint in this action has two components. The first is to disallow IRZ Consulting, LLC's the Proof of Claim for $347, for the unpaid balance of the construction services it and its affiliate IRZ Construction Division, LLC provided to the Debtor. The second is the Trustee's eight figure claim for damages against IRZ for construction defects on the project.

This Motion for Partial Summary Judgment addresses the first component only. The Plaintiff Trustee will show that IRZ's Proof of Claim must be disallowed in full because it did not have a valid Oregon contractor's license for the first two months of the job. This bars any monetary recovery and lien rights for the entire job pursuant to Oregon Rev. Statutes 701.131(b)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to this Motion are not subject to good faith dispute.

On September 30, 2015, "IRZ Construction Division, an Oregon limited liability company (ICD)" and Greg Tevelde executed a "Work Order" on an IRZ form providing that ICD would provide certain construction design services to te Velde for the "Willow Creek Dairy" for the estimate price of $100,000.00. (SUF 1 & 2). The key fact supporting this Motion is that as of September 30, 2015, ICD was neither a duly organized Oregon limited liability company, nor did it have a contractor's license issued by the State of Oregon. (SUF 3). Nonetheless, it proceeded to perform the construction services identified in the "Work Order".

It belatedly corrected this problem.  On November 17, 2015, "IRZ Construction Division (ICD), (a division of IRZ Consulting LLC)" and te Velde entered into a new agreement entitled "Design, Engineer, and Project Management Services for Greg Tevelde Willow Creek Dairy Construction Project November 2015" on an IRZ form providing that IRZ would perform 21 separate construction related tasks for the Willow Creek Dairy "…an approximately 9,000 acre farm currently being used to grow trees approximately 12 miles Southeast of Boardman Oregon…" The November 17 Agreement was executed by Fred Ziari on behalf of "IRZ Consulting, LLC (d/b/a IRZ Construction Division through Wayne Downey as Director of Construction).  (SUF 4 & 5).   IRZ Consulting, LLC was duly licensed and organized at the time. (SUF 6).

Te Velde defaulted on his obligation to timely pay for IRZ/ICD's services (SUF 7), and on  July 12, 2017, ICD and IRZ stopped their work on the project.  On September 25, 2017, "IRZ Consulting, LLC" filed an Oregon form "Construction Claim of Lien" on the project, alleging that it "furnished labor, equipment, material, services, supervision, and plans, drawings and surveys actually used in the construction of improvements" on the subject real property "…commencing on or about September 30, 2015." (SUF 8).

On November 2, 2017, "IRZ Consulting, LLC filed a "Complaint Construction Lien Foreclosure; Breach of Contract; Quantum Meruit" against the Debtor and others, seeking the principal sum of  $393,476.81 for the cost of "..labor, equipment, material, services, supervision, plans, drawings, and surveys…used for the benefit of the Property" from " September 30, 2015 through August 3, 2017."  The Complaint attached both the 9/30/15 and 11/17/15 Agreements as exhibits.  (SUF 9).

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

-3-

On April 26, 2018 the Debtor filed a voluntary petition for relief under Chapter 11 in this Court. (SUF 10). On June 4, 2018, IRZ Consulting, LLC filed its Proof of Secured Claim in the amount of $347,057.56 in this Chapter 11 case, attaching its 11/2/17 mechanics' lien complaint as an exhibit. (SUF 11). On September 21, 2018, Mr. Sugarman was appointed the Chapter 11 Trustee

On February 11, 2019, the Plaintiff Trustee sold the Property subject to IRZ's mechanics' lien pursuant to an "Order Authorizing Sale of Real Property Free and Clear of Liens". (SUF 12). On March 25, 2019, the Court entered an Order directing the Trustee to disburse most of the sales proceeds of the Lost Valley Farm to various parties in interest. However, the Court directed the Trustee to hold back funds to provide "adequate protection" to IRZ on account of its disputed secured claim ("the Holdback Fund"). The current balance of the Holdback Fund is approximately $659,323.00. (SUF 13).

On March 8, 2019, the Trustee filed the instant action against IRZ. The Trustee's Complaint alleges claims for (1) Objecting to Claim; (2) For Damages For Breach of Contract; (3) For Damages For Negligence, and; (4) For Avoidance of Fraudulent Transfers. The First Claim for Relief of the Complaint seeks to disallow the IRZ Proof of Claim in full. (SUF 14). IRZ denies all of the charging allegations of the Complaint. After over 3 years of law and motion and discovery, this Motion follows.

## ARGUMENT

**1.      SUMMARY JUDGMENT STANDARD**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT       -4-

Bankruptcy Rule 7056 and F.R.Civ.P 56 require summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law, *Tarin v. County of Los Angeles* 123 F.3d 1259, 1263 (9th Cir. 1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact, *Celotex Corp. v. Catrett* 477 U.S. 317, 323-324, 106 S.Ct. 2548, 2553, 91 L.Ed 2d 265 (1986).

That burden may be met by "showing" — that is, pointing out to the court — that there is an absence of evidence to support the nonmoving party's case, *id* at 325, 106 Sct. at 2554. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial, *Anderson v., Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed 2d 202 (1986).

In deciding a motion for summary judgment, the Court is not obligated "to scour the record in search of a genuine issue of triable fact. [The Court relies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Kennan v. Allen* 91 F.3d 1275, 1279 (9th cir. 1996). Only genuine disputes — where the evidence is such that a reasonable trier of fact could return a decision for the nonmoving party will properly preclude the entry of summary judgment, *Anderson, supra,* at 477 U.S. p. 248, 106 S.Ct. at 2510; see also *Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 919 (9th Cir. 2001).

F.R.Civ.P. 56(g) provides that when summary judgment as to the entire case is inappropriate, the Court "...may enter an order stating that any material fact – including

an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.

As noted above, virtually all of the facts relevant to the Trustee's claims for relief in this action are drawn from the allegations of IRZ'S Proof of Claim and other documents prepared by it and its counsel. The issues in dispute are legal ones. This is exactly the type of case for which summary adjudication is appropriate.

### 2. IRZ'S CLAIM AND LIEN ARE UNENFORCEABLE AGAINST THE ESTATE BECAUSE IT WAS NOT CONTINUOUSLY LICENSED THROUGHOUT THE WORK OF IMPROVEMENT

Like California, Oregon strictly bars unlicensed contractors from enforcing liens or otherwise collecting unpaid bills from property owners, even if there is nothing wrong with the work. Oregon Rev. Statutes § 701.131(1) states:

> (1) Except as provided in subsection (2) of this section, a contractor may not perfect a claim of a construction lien, …or commence an arbitration or court action for compensation for the performance of any work or for breach of any contract for any work that is subject to this chapter, unless the contractor had a valid license issued by the board:
>
> (a) At the time the contractor bid or entered into the contract for the performance of the work; and
>
> (b) Continuously while performing the work for which compensation is sought."

Thus, in *Pincetich v. Nolan*, 252 Or.App. 42, 285 P.3d 759 (2012) a contractor agreed to build a house for a developer for $286,271.00. In the middle of the job, the contractor's license was suspended for 14 days because his insurance lapsed. The contractor quickly reinstated both the insurance and the license and continued to work for

another six months to complete the residence. The developer refused to pay for the work, and the contractor sued, but the trial court granted summary judgment to the developer dismissing the complaint because of the lapse in the contractor's license. The Oregon Court of Appeal affirmed, stating at pp. 46-47:

> [B]ecause plaintiff was not continuously licensed while performing construction work pursuant to the parties' contract, ORS 701.131(1)(b) bars him from commencing an action for compensation for that work…
>
> The purpose of ORS chapter 701 is to protect consumers from irresponsible builders. [citation] ORS 701.131(1)(b) is one of the provisions in chapter 701 that the legislature adopted to do that. It serves to deter unlicensed contractors from performing construction work by denying them the ability to pursue claims for compensation for their work."

The rule of *Pincetich* was tightened in *Stellar J Corp. v. Smith & Loveless*, 580 Fed.Appx. 604 (9th Cir. 2014), applying Oregon law. There, a contractor sued a subcontractor for delay damages. The subcontractor counterclaimed for monies alleged due on the subcontract. It turned out that the subcontractor, a Kansas corporation, did not have an Oregon contractor's license when it provided the labor and materials to the job. Following *Pincetich* the Ninth Circuit held that the subcontractor was barred from pursuing its monetary claim. The Ninth Circuit went on to reject all of the theories raised by the subcontractor to avoid the bar of ORS 701.131(1). First it held that the statute barred not only a complaint for sums due, but also a counterclaim or "any proceeding judicial in its nature". Second, it rejected the contention that the subcontractor was simply a supplier of equipment and not a "contractor" noting that the definition of "contractor" under Oregon law was one who performs work "attached to real estate"

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

-7-

citing ORS 700.005(5)(a).  Third, it rejected the claim that the contractor was equitably estopped from relying on ORS 701.131(1) because it allegedly knew that the subcontractor was unlicensed.  Finally, it refused to allow the subcontractor to split its claim and recover the cost of the equipment it provided, even if it could not recover the cost of services.  In short, *Stellar J Corp.* closed all of the loopholes.

　　Here, according to all of the official documents filed by IRZ, sworn and unsworn, there was one "work of improvement", starting on September 30, 2015.  It says that in the "Claim of Construction Lien" recorded prior to the state court complaint; it says that in the state court complaint; and it says that in the Proof of Claim filed by IRZ in the Main Case.  But the initial bid and the first six weeks of labor and materials were provided by a non-existent, unlicensed entity "IRZ Construction Division, LLC, an Oregon limited liability company".  This bars IRZ from enforcing its purported lien on the Holdback Fund and bars it from recovering any sums on its Proof of Claim.  It is a simple black and white issue.

///

////

# CONCLUSION

Unlicensed contractors cannot perfect liens and they cannot sue for sums owed. The Trustee is entitled to partial summary judgment disallowing IRZ's claim and releasing its replacement lien on the Holdback Fund.

Dated: September 5, 2022

Respectfully submitted,

WANGER JONES HELSLEY PC

And

MacCONAGHY & BARNIER, PLC

/s/ John H. MacConaghy
By: _____
John H. MacConaghy
Attorneys for Plaintiff
Randy Sugarman,
Liquidating Trustee

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT     -9-