MILLER NASH LLP
Kyle D. Sciuchetti, Admitted Pro Hac Vice
   *kyle.s@millernash.com*
Vanessa T. Kuchulis, Admitted Pro Hac Vice
   *vanessa.kuchulis@millernash.com*
Benjamin P. Tarczy, CSB No. 308367
   *benjamin.tarczy@millernash.com*
US Bancorp Tower
111 SW Fifth Avenue, Suite 3400
Portland, Oregon 97204
Telephone:    503.224.5858
Facsimile:    503.224.0155

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
Hagop T. Bedoyan, CSB No. 131285
7647 North Fresno Street
Fresno, California 93720
Telephone:    559.433.1300
Fascimile:    559.433.2300

Attorneys for Defendant/Third-Party Plaintiff,
IRZ Consulting, LLC

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN TE VELDE,<br><br>Debtor. | Bankruptcy Case No. 18-11651-A-11<br><br>Chapter 11<br><br>Adv. Pro. No. 19-01033-B |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>IRZ CONSULTING, LLC; aka IRZ CONSTRUCTION DIVISION, LLC;<br><br>Defendant. | **DC No.: MB-03**<br><br>**DEFENDANT IRZ CONSULTING'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: October 26, 2022<br>Time: 11:00 a.m.<br>Place: Dept. A, Ctr. 13, 5th Fl.<br>U.S. Bankruptcy Court<br>2500 Tulare Street<br>Fresno, CA<br>Judge: Hon. Rene Lastreto |

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND

812320-000001 8559457.1      -1-

| | |
|---|---|
| 1<br>2 | IRZ CONSULTING, LLC, a/k/a IRZ CONSTRUCTION DIVISION, LLC, |
| 3 | Third-Party Plaintiff, |
| 4 | v. |
| 5<br>6<br>7<br>8<br>9 | U.S. FARM SYSTEMS; 4 CREEKS, INC.; JOHN FAZIO d/b/a FAZIO ENGINEERING; DARI-TECH, INC.; LASER LAND LEVELING, INC.; MAAS ENERGY WORKS, INC.; GEORGE CHADWICK d/b/a GEORGE CHADWICK CONSULTING; VALMONT NORTHWEST, INC.; and NUCOR BUILDING SYSTEMS UTAH LLC, |
| 10 | Third-Party Defendants. |

///

///

///

///

///

///

///

///

///

///

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 5

II. STATEMENT OF MATERIAL FACTS ........................................................................ 6

III. ARGUMENT .................................................................................................................... 7

   A. Standard for Summary Judgment. ........................................................................... 7

   B. Plaintiff's Motion Must be Denied Because it is Undisputed that Defendant was a Licensed Contractor at All Material Times. ............................................................. 8

   C. Plaintiff's Motion Must be Denied Because Plaintiff has Failed to Submit Evidence that Defendant was a Contractor on the Project Under Or. Rev. Stat. Ann. § 701.131 (a). .............. 10

IV. CONCLUSION ............................................................................................................... 12

///

///

///

///

///

///

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ................................................................................................. 8, 9

*Davis v. Team Elec. Co.*,
 520 F.3d 1080 (9th Cir. 2008) ....................................................................................... 8

*Hutchins v. TNT/Reddaway Truck Line, Inc.*,
 939 F. Supp. 721 (N.D. Cal. 1996) ................................................................................ 9

*Pincetich v. Nolan*,
 252 Or. App. 42 (2012) (*Pincetich*) ....................................................................... 10, 11

*Stellar J Corp. v. Smith & Loveless, Inc.*,
 580 F. App'x 604 (9th Cir. 2014) (*Stellar*) .......................................................... 10, 11, 12

*Stellar J Corp. v. Smith & Loveless, Inc.*,
 749 F. Supp. 2d 1137 (D. Or. 2010), aff'd, 580 F. App'x 604 (9th Cir. 2014) ............... 12

*Synbiotics Corp. v. Heska Corp.*,
 137 F. Supp. 2d 1198 (S.D. Cal. 2000) .......................................................................... 9

**Statutes**

Or. Rev. Stat. Ann. § 701.005 (5) ......................................................................................... 11, 12

Or. Rev. Stat. Ann. § 701.131 ..................................................................................................... 9

Or. Rev. Stat. Ann. § 701.131 (a) ..................................................................................... 9, 10, 11

Or.Rev.Stat. § 701.131(1) .......................................................................................................... 11

**Other Authorities**

Federal Rule of Bankruptcy Procedure, Rule 7056 ..................................................................... 8

Federal Rules of Civil Procedure, Rule 56(c) ............................................................................. 8

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Randy Sugarman, Chapter 11 Trustee ("Plaintiff") brings his Motion for Partial Summary Judgment (the "Motion") based on a typographical error with no material impact on defendant IRZ Consulting, LLC aka IRZ Construction Division, LLC's ("Defendant") Proof of Claim. This Motion is entirely without merit, unsupported by statutory and case law, and directly opposed by the undisputed facts submitted by Plaintiff.

Plaintiff brings this action on the basis that, under Or. Rev. Stat. Ann. § 701.131,

> "a contractor may not perfect a construction lien. . . or commence . . . a claim in a court of this state for compensation for the performance of any work or for the breach of any contract for work that is subject to this chapter, unless the contractor had a valid license issued by the board . . . ."

Plaintiff concedes that IRZ Consulting, LLC was a duly "licensed Oregon contractor and a duly organized Oregon limited liability company." (Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment, Doc 430 ("SUF") at ¶ 6). Plaintiff further concedes that IRZ Consulting, LLC recorded a lien on the project and filed a complaint related to the project. (*Id.* at ¶¶ 8-9). By Plaintiff's own undisputed facts, Or. Rev. Stat. Ann. § 701.131 does not apply to the lien or action filed by IRZ Consulting, LLC, as IRZ Consulting, LLC "was duly a licensed Oregon contractor and a duly organized Oregon limited liability company." (SUF at ¶ 6).

In short, Plaintiff not only has failed to meet its burden in any way, Plaintiff's own undisputed facts fail to create even a *prima facie* case to support its motion. Beyond this, Plaintiff fails to meet its burden in showing that Defendant is a contractor for the subject project and thus subject to Or. Rev. Stat. Ann. § 701.131. Plaintiff's motion for summary judgment must be denied.

## II. STATEMENT OF MATERIAL FACTS

The underlying bankruptcy case involves the bankruptcy of Gregory John te Velde ("Debtor"), who owned and operated a large dairy in Boardman, Oregon (the "Dairy"). Debtor and Defendant entered into a short-form work order on September 30, 2015 for Defendant's Construction Division to perform various services and work related to preliminary project management at the Dairy (the "Work Order"). (Declaration of Wayne Downey ("Downey Decl.") at ¶ 2, Exhibit "A"). The Work Order was performed on a time and material basis (Downey Decl. at ¶ 2, Exhibit "A"). Debtor and Defendant further entered into a long-form contract on November 17, 2015 for Defendant's Construction Division to perform project management services at the Dairy (the "Contract"). (Downey Decl. at ¶ 3, Exhibit "B"). The Contract provided that Defendant act as "Project Manager" to perform review, oversight, design, and engineering tasks, with Debtor to act as General Contractor for the project. (Downey Decl. at ¶ 3, Exhibit "B").

Both the Work Order and Contract provided that Defendant's Construction Division perform the tasks required by the Work Order and Contract. (Downey Decl. at ¶ 6, Exhibits "A" and "B"). Defendant's Construction Division is a division of Defendant IRZ Consulting, LLC. (Downey Decl. at ¶ 6). It is not and has never been a separate legal entity from Defendant, and currently functions as a registered Assumed Business Name of Defendant. (Downey Decl. at ¶ 6). Defendant was a duly licensed Oregon contractor and a duly organized Oregon limited liability company at the time the Work Order and Contract were entered into and at all times thereafter. (Downey Decl. at ¶ 6).

Neither the Work Order, nor the Contract, provided that Defendant construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate at the Dairy. (Downey Decl. at ¶¶ 2-3, Exhibits "A" and "B").

Debtor defaulted on his obligation to pay per the Work Order and Contract. (Downey Decl. at ¶ 9). As a result of Debtor's default, Defendant stopped its work on the project on July 12, 2017. (Downey Decl. at ¶ 9). On September 25, 2017, Defendant recorded its Construction

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND

Claim of Lien. (Downey Decl. at ¶ 10, Exhibit "C"). On November 2, 2017, Defendant filed its Complaint for Construction Lien Foreclosure, Breach of Contract, and Quantum Meruit. (Downey Decl. at ¶ 11, Exhibit "D").

Plaintiff filed a Claim Objection and Complaint against IRZ alleging over $18.8 million in damages sounding in negligence and breach of contract relating to alleged construction defects of the dairy at the Lost Valley Farms (the "Complaint"). Because IRZ was hired strictly to provide project management services to assist Debtor as general contractor in the construction of the dairy, IRZ filed its Third-Party Complaint alleging negligence, indemnity, and contribution against nine third-party defendants whose work relates to the allegations in the Trustee's complaint.

Plaintiff now brings this Motion alleging that Or. Rev. Stat. Ann. § 701.131 bars Defendant's Construction Claim of Lien and Complaint, despite its admission that Defendant "was duly a licensed Oregon contractor" at the time the Work Order and Contract were entered into.

**III.   ARGUMENT**

    **A.   Standard for Summary Judgment.**

Plaintiff, as the moving party, bears the burden of making a factual showing demonstrating that there are no genuine issues as to any material facts—if he fails to meet this burden, the motion must be denied in whole. Federal Rules of Civil Procedure, Rule 56(c), as incorporated by Federal Rule of Bankruptcy Procedure, Rule 7056; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Plaintiff cannot merely argue that his evidence is the most persuasive or try to "explain away" evidence disfavorable to his arguments; rather, he must show that there are no material facts at dispute or which can be reasonably resolved by a trier of fact in favor of IRZ. *See Anderson*, 477. U.S. at 250-251, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("[s]ummary judgment is not appropriate" if a reasonable jury *could* find in the plaintiff's favor (emphasis added).)

Federal Courts have held that "[w]here, as here, the moving party will bear the burden of

1 persuasion at trial on an affirmative defense, it cannot obtain summary judgment by relying on its
2 opponent's inability to produce evidence to support its claims. Rather, a party moving for
3 summary judgment on an issue over which it bears the burden of proof must make an affirmative
4 showing so compelling that no rational jury would fail to award judgment for the moving party."
5 *Synbiotics Corp. v. Heska Corp.*, 137 F. Supp. 2d 1198, 1201–02 (S.D. Cal. 2000). If the moving
6 party fails to produce such evidence and meet its burden, "summary judgment must be denied and
7 the court need not consider the non-moving party's evidence." *Id.* at 1202.

8 Under Federal law, Plaintiff's burden is purposefully significant, as the Court must draw
9 all reasonable inferences in the light most favorable to the non-moving party and, thus, in favor of
10 denying summary judgment. *See Anderson*, 477. U.S. at 255. The evidence of the non-movant is
11 to be believed, and all justifiable inferences are to be drawn in its favor. *Hutchins v.*
12 *TNT/Reddaway Truck Line, Inc.*, 939 F. Supp. 721, 723 (N.D. Cal. 1996).

13 **B.** **Plaintiff's Motion Must be Denied Because it is Undisputed that Defendant**
14 **Was a Licensed Contractor at All Material Times.**

15 Plaintiff brings this action on the basis that, under Or. Rev. Stat. Ann. § 701.131 (a),

16 "a contractor may not perfect a construction lien. . . or commence . . . a claim in a
17 court of this state for compensation for the performance of any work or for the
 breach of any contract for work that is subject to this chapter, unless the contractor
18 had a valid license issued by the board . . . ."

19 Plaintiff concedes that Defendant was a duly "licensed Oregon contractor and a duly
20 organized Oregon limited liability company." (SUF at ¶ 6). Plaintiff further concedes that
21 Defendant recorded a lien on the project and filed a complaint related to the project. (*Id.* at ¶¶ 8-
22 9). By Plaintiff's own undisputed facts, Or. Rev. Stat. Ann. § 701.131 does not apply to the lien
23 or action filed by Defendant, as Defendant "was duly a licensed Oregon contractor and a duly
24 organized Oregon limited liability company." (SUF at ¶ 6).

25 Plaintiff relies solely on the fact that both the Work Order and Contract provided that
26 Defendant's Construction Division perform the tasks required by the Work Order and Contract.
27 IRZ's Construction Division is a division of Defendant IRZ Consulting LLC. (Downey Decl. at ¶
28

6). It is not and has never been a separate legal entity from Defendant, and currently functions as a registered Assumed Business Name of Defendant. (Downey Decl. at ¶ 6). Assuming *arguendo* that Plaintiff were to be believed that Defendant's construction division was a distinct entity, such alleged entity is not a party to this action and its licensure status is not material the instant action. All parties agree—Defendant was a duly licensed Oregon contractor and a duly organized Oregon limited liability company at the time the Work Order and Contract were entered into and at all times thereafter. (SUF at ¶ 6, Downey Decl. at ¶ 6).

Plaintiff mistakenly relies on two cases to support his contention: *Pincetich v. Nolan*, 252 Or. App. 42 (2012) (*Pincetich*), and *Stellar J Corp. v. Smith & Loveless, Inc.*, 580 F. App'x 604, 606 (9th Cir. 2014) (*Stellar*). Neither case is applicable to the facts at issue in this case.

In *Pincetich*, the contractor acknowledged that his license was suspended during the time that he performed construction work for the consumer, and the Court examined an entirely unrelated exception to Or. Rev. Stat. Ann. § 701.131 (a). 252 Or. App. at 46. This is entirely distinguishable from the instant matter, wherein all parties acknowledge that Defendant was a licensed Oregon contractor at all relevant times.

Plaintiff also relies on *Stellar*, a disposition not appropriate for publication and expressly noted to not have precedential effect. 580 F. App'x at 606. Regardless, it was again, acknowledged by all parties that the contractor was unlicensed. *Id.* Again, this is distinguishable from the instant matter, wherein all parties acknowledge that Defendant was a licensed Oregon contractor at all relevant times.

Plaintiff cites to no authority to suggest that a division of a business cannot perform services required by a contract. Plaintiff cites to no evidence to support any contention that Defendant and its construction division are separate legal entities in any way—instead conceding that IRZ's Construction Division is a registered Assumed Business Name of Defendant. Plaintiff cites to no evidence to support any contention that Defendant was unlicensed at any point, like the contractors in *Pincetich* or *Stellar*—instead conceding that Defendant was a licensed contractor. Defendant entered into the Work Order and Contract with Debtor. Defendant performed all work pursuant to the Work Order and Contract until Debtor terminated the contracts. Defendant was a

Filed 10/05/22

Case 19-01033

duly licensed Oregon contractor and a duly organized Oregon limited liability company at the time the Work Order and Contract were entered into and at all times thereafter.

There is no dispute—Or. Rev. Stat. Ann. § 701.131 (a) does not bar Defendant's claims because Defendant was licensed at all relevant times. As such, Plaintiff's Motion must be denied.

**C. Plaintiff's Motion Must Be Denied Because Plaintiff Has Failed To Submit Evidence That Defendant Was A Contractor On The Project Under Or. Rev. Stat. Ann. § 701.131 (a).**

Or. Rev. Stat. Ann. § 701.131 (a) only applies to contractors without a license. For the purposes of Or. Rev. Stat. Ann. § 701.131 (a), "contractor" is defined as

> A person that, for compensation or with the intent to sell, arranges or undertakes or offers to undertake or submits a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish, for another, a building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate, or to do any part thereof.

Or. Rev. Stat. Ann. § 701.005 (5). Defendant and Debtor entered into these two agreements for "project management services." (Downey Decl. at ¶¶ 2-3, Exhibit "A" and "B"). Neither the Work Order nor Contract require that Defendant construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish any structure at all.

The Work Order was performed on a time and material basis, and did not involve the work of a "contractor" as defined by Or. Rev. Stat. Ann. § 701.005 (5). (Downey Decl. at ¶ 2, Exhibit "A"). As the Court noted in *Stellar* and *Pincetich*, "[t]he purpose of Or.Rev.Stat. § 701.131(1) was 'to deter unlicensed contractors from performing construction work by denying them the ability to pursue claims for compensation for their work.'" *Stellar*, 580 F. App'x at 609 quoting *Pincetich*, 252 Or.App. at 47. That is simply not the case in the instant matter. Plaintiff does not make a contention that Defendant's Construction Division agreed to perform any work that would subject them to the requirements of Or. Rev. Stat. Ann. § 701.131 (a). Plaintiff does not contend that any work at all was performed by Defendant's Construction Division in the six-week window between September 30, 2015 and November 17, 2015, the time period when Plaintiff erroneously claims work was performed by an unlicensed entity. Put simply, there is no

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND

- 10 -

allegation that an unlicensed contractor contracted to perform or performed construction work.

The Contract, which all parties agree was entered into by Defendant as a licensed contractor, provided that Defendant act as "Project Manager" to perform review, oversight, design, and engineering tasks, with Debtor to act as General Contractor for the project. (Downey Decl. at ¶ 3, Exhibit "B"). Plaintiff fails to submit any evidence that the work performed by Defendant would subject it to the definition of "contractor" under Or. Rev. Stat. Ann. § 701.005 (5), as well.

Plaintiff mistakenly further relies on *Stellar* for the proposition that the definition of "contractor" under Oregon law was one who performs work "attached to real estate." As stated earlier, *Stellar* was a disposition not appropriate for publication and expressly noted to not have precedential effect. 580 F. App'x at 606. Furthermore, *Stellar* did not hold that the definition of "contractor" under Oregon law was one who performs work "attached to real estate." The *Stellar* Court did not address what type of work a "contractor" did because the work was not in dispute. Instead, whether the work done was attached to the real estate was the dispute in question. As the District Court stated,

> Here, there is no question that [the contractor] submitted a bid as a subcontractor for the Project and entered into a contract requiring it to manufacture, supply, erect, and install substantial pieces of equipment for compensation. There is no question that [the contractor] contracted to furnish and install equipment inside concrete tanks that [the builder] poured and erected. This rendered [the contractor] a "contractor" within the meaning of Oregon law.

*Stellar J Corp. v. Smith & Loveless, Inc.*, 749 F. Supp. 2d 1137, 1145 (D. Or. 2010), aff'd, 580 F. App'x 604 (9th Cir. 2014). This is entirely distinguishable from the instant matter, as Defendant did not agree to manufacture, supply, erect, and/or install anything at all. Plaintiff fails to submit any evidence that the work performed by Defendant would subject it to the definition of "contractor" under Or. Rev. Stat. Ann. § 701.005 (5). As such, Plaintiff's Motion must be denied.

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND

## IV. CONCLUSION

For the reasons stated above, Defendant requests the entry of an order denying Plaintiff's motion for partial summary judgment.

Dated: October 5, 2022        MILLER NASH LLP

By: _____
Kyle D. Sciuchetti, OSB No. 965705, admitted *pro hac vice*
Benjamin P. Tarczy, CSB No. 308367
Hagop T. Bedoyan, CSB No. 131285
Attorneys for Defendant/Third-Party Plaintiff IRZ Consulting, LLC