1  MILLER NASH LLP
   Kyle D. Sciuchetti, Admitted Pro Hac Vice
2     *kyle.s@millernash.com*
   Vanessa T. Kuchulis, Admitted Pro Hac Vice
3     *vanessa.kuchulis@millernash.com*
   Benjamin P. Tarczy, CSB No. 308367
4     *benjamin.tarczy@millernash.com*
   US Bancorp Tower
5  111 SW Fifth Avenue, Suite 3400
   Portland, Oregon 97204
6  Telephone:    503.224.5858
   Facsimile:    503.224.0155
7
   MCCORMICK, BARSTOW, SHEPPARD,
8  WAYTE & CARRUTH LLP
   Hagop T. Bedoyan, CSB No. 131285
9  7647 North Fresno Street
   Fresno, California 93720
10 Telephone:    559.433.1300
   Fascimile:    559.433.2300
11
   Attorneys for Defendant/Third-Party Plaintiff,
12 IRZ Consulting, LLC

13                UNITED STATES BANKRUPTCY COURT

14                EASTERN DISTRICT OF CALIFORNIA

15                       FRESNO DIVISION

16

| | |
|---|---|
| In re | Bankruptcy Case No.  18-11651-A-11 |
| GREGORY JOHN TE VELDE, | Chapter 11 |
| Debtor. | Adv. Pro. No.  19-01033-B |
| | **DC No.:  MB-05** |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE, | **DEFENDANT IRZ CONSULTING'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | |
| IRZ CONSULTING, LLC; aka IRZ CONSTRUCTION DIVISION, LLC; | Hearing Date:   October 26, 2022 |
| | Time:    11:00 a.m. |
| | Place:    Dept. A, Ctr. 13, 5th Fl. |
| Defendant. | U.S. Bankruptcy Court |
| | 2500 Tulare Street |
| | Fresno, CA |
| | Judge:    Hon. Rene Lastreto |

IRZ CONSULTING, LLC, a/k/a IRZ
CONSTRUCTION DIVISION, LLC,

Third-Party Plaintiff,

v.

U.S. FARM SYSTEMS; 4 CREEKS, INC.;
JOHN FAZIO d/b/a FAZIO
ENGINEERING; DARI-TECH, INC.;
LASER LAND LEVELING, INC.; MAAS
ENERGY WORKS, INC.; GEORGE
CHADWICK d/b/a GEORGE CHADWICK
CONSULTING; VALMONT
NORTHWEST, INC.; and NUCOR
BUILDING SYSTEMS UTAH LLC,

Third-Party Defendants.

///

///

///

///

///

///

///

///

///

///

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................. 6

II.   STATEMENT OF MATERIAL FACTS.......................................................... 7

III.  ARGUMENT .................................................................................................. 8

   A.   Standard for Summary Judgment....................................................................... 8

   B.   Plaintiff's Motion Must be Denied Because a Plain Reading of the Work Order and Contract Indicate that Both Clauses Contemplated a Cause of Action Based on Defendant's Alleged Acts and Omissions. ................................................................... 9

   C.   Plaintiff's Motion Must be Denied Because the Clauses are Not Against Public Policy.. 12

   D.   Plaintiff's Motion Must be Denied Because the Clauses are Not Unconscionable. .......... 13

   E.   Plaintiff's Motion Must Be Denied Because Defendant Had Capacity To Contract......... 14

IV.   CONCLUSION............................................................................................... 16

///

///

///

///

///

///

///

1

TABLE OF AUTHORITIES

2

**Cases**

3

*A.J. Properties, LLC v. Stanley Black & Decker Inc.*,
   989 F.Supp.2d 156 (D. Mass 2013) ...................................................................13

4

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ..........................................................................................9

5

6

*Atlas Mut. Ins. v. Moore Dry Kiln*,
   38 Or. App. 111 (1979) ...................................................................................14

7

*Bagley v. Mt. Bachelor, Inc.*,
   356 Or. 543 (2014) ......................................................................................12, 13

8

9

*Creditors Protective Ass'n, Inc. v. Baksay*,
   32 Or. App. 223 (1978) ...................................................................................15

10

*Davis v. Team Elec. Co.*,
   520 F.3d 1080 (9th Cir. 2008) ...........................................................................9

11

12

*Estey v. MacKenzie Eng'g Inc.*,
   137 Or. App. 1 (1995), rev'd on other grounds, 324 Or. 372 (1996)....................10, 14

13

14

*Estey v. MacKenzie Engineering*,
   324 Or. 372, 927 P.2d 86 (1996) ....................................................................10, 14

15

16

*Hutchins v. TNT/Reddaway Truck Line, Inc.*,
   939 F. Supp. 721 (N.D. Cal. 1996) ....................................................................9

17

18

*J. Lilly, LLC v. Clearspan Fabric Structures Int'l, Inc.*,
   No. 3:18-CV-01104-HZ, 2020 WL 1855190 (D. Or. Apr. 13, 2020)........................14

19

*K–Lines v. Roberts Motor Co.*,
   273 Or. 242 (1975) ..........................................................................................12

20

21

*Kaste v. Land O'Lakes Purina Feed, LLC*,
   284 Or. App. 233 (2017) ..................................................................................10

22

23

*Pac. Coast Recovery Serv., Inc. v. Johnston*,
   219 Or. App. 570 (2008) ..................................................................................15

24

25

*Roberts v. Heating Specialist Inc.*,
   No. 3:12-CV-01820-SI, 2014 WL 3845877 (D. Or. Aug. 5, 2014).....................10, 11

26

27

*Synbiotics Corp. v. Heska Corp.*,
   137 F. Supp. 2d 1198 (S.D. Cal. 2000) ...............................................................9

28

*Tokyo Ohka Kogyo America v. Huntsman Propylene Oxide, LLC*,
35 F.Supp.3d 1314 (D. Or. 2014) ........................................................14

*Towe v. Sacagawea, Inc.*,
357 Or. 74 (2015) ................................................................................11

**Statutes**

Or. Rev. Stat. § 648.007 ..........................................................................15

Or. Rev. Stat. § 648.135 ..........................................................................15

**Other Authorities**

Federal Rule of Bankruptcy Procedure, Rule 7056 ..................................9

Federal Rules of Civil Procedure, Rule 56(c) ..........................................9

*Restatement. 2d. Contracts,* Section 195(2)(b) .....................................13

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND

1
2

<h1 style="text-align:center"><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></h1>

3

## I.  INTRODUCTION

4

Plaintiff Randy Sugarman, Chapter 11 Trustee ("Plaintiff"), brings his Motion for Partial

5

Summary Judgment (the "Motion") based on the grounds that two clauses (the "Clauses") in the

6

mutually bargained for contracts between Gregory John te Velde ("Debtor") and defendant IRZ

7

Consulting, LLC, aka IRZ Construction Division, LLC ("Defendant"), are unenforceable. This

8

Motion is entirely without merit, unsupported by statutory and case law, and directly opposed by

9

the undisputed facts submitted by Plaintiff.

10

The two unambiguous clauses in the respective contracts state:

11

**Liabilities:** The client agrees to limit ICD's liability to the client and to all
construction contractors and subcontractors on the project, due to ICD's or any
employee of ICD's negligent acts, errors, or omissions, such that the total aggregate
limit of ICD to all those names shall not exceed $50,000, or the amount of ICD's
fees, whichever is less.

12
13
14

and

15

**ICD LIABILITY:** It is agreed by OWNER and ICD that ICD may be liable for
damages directly caused by negligent acts, errors, and omissions made by ICD.
Under no circumstances shall that amount exceed $500,000 or the amount of ICD's
fees, whichever is lower. Under no circumstances shall ICD be liable for negligent
acts, errors and omissions of OWNER or SUBCONTRACTORS.

16
17
18

19

Plaintiff contends that the Clauses, which specifically refer to "acts, errors, and omissions

20

made by ICD," are unenforceable because the Clauses do not contemplate limitation on Plaintiff's

21

breach of contract cause of action, which itself is specifically based on alleged "acts and

22

omissions" which breached an obligation.  (Complaint at ¶ 29).  Plaintiff further contends that the

23

clauses are unenforceable because they breach a duty of public service, despite the fact that these

24

commercial project management contracts were entered into by two private individuals and has

25

never been made with the public at large.  Finally, plaintiff further contends that the clauses are

26

unenforceable due to surprise, despite the separated section, bold typeface, capital lettering, and

27

clear language.

28

1    In short, Plaintiff has failed to meet his burden in any way, submitting no evidence but the

2  contracts themselves. Plaintiff has failed to make any evidentiary showing that the contracts were

3  misunderstood in any way or that the parties had any difference in bargaining power in the

4  mutually bargained for and agreed upon contracts.

5    As such, Plaintiff's motion for summary judgment must be denied.

6  **II.    STATEMENT OF MATERIAL FACTS**

7    The underlying bankruptcy case involves the bankruptcy of Debtor, who owned and

8  operated a large dairy in Boardman, Oregon (the "Dairy"). Debtor is an experienced dairyman,

9  having owning three dairies. (Declaration of Wayne Downey ("Downey Decl.") at ¶ 4). Debtor

10  and Defendant entered into a short-form, 3-page work order on September 30, 2015 for

11  Defendant's Construction Division to perform various services and work related to project

12  management at the Dairy (the "Work Order"). (Downey Decl. at ¶ 2, Exhibit "A"). The Work

13  Order contained a liability limitation provision, stating:

14
15    **Liabilities:** The client agrees to limit ICD's liability to the client and to all
     construction contractors and subcontractors on the project, due to ICD's or any
     employee of ICD's negligent acts, errors, or omissions, such that the total aggregate
16    limit of ICD to all those names shall not exceed $50,000, or the amount of I CD's
     fees, whichever is less.
17

18    (Downey Decl. at ¶ 2, Exhibit "A"). Debtor, acting as his own general contractor, and

19  Defendant further entered into a longer 14-page contract on November 17, 2015 for Defendant's

20  Construction Division to perform further project management services at the Dairy (the

21  "Contract"). (Downey Decl. at ¶ 3, Exhibit "B"). The Contract contained a largely similar

22  liability limitation provision, stating:

23
24    **ICD LIABILITY:** It is agreed by OWNER and ICD that ICD may be liable for
     damages directly caused by negligent acts, errors, and omissions made by ICD.
     Under no circumstances shall that amount exceed $500,000 or the amount of ICD's
25    fees, whichever is lower. Under no circumstances shall ICD be liable for negligent
     acts,   errors   and   omissions   of   OWNER   or   SUBCONTRACTORS.
26

27
28    (Downey Decl. at ¶ 3, Exhibit "B" at ¶ 6.01 (A)).

Both the Work Order and Contract provided that Defendant's Construction Division perform the tasks required by the Work Order and Contract.  (Downey Decl. at ¶ 6, Exhibits "A" and "B").  Defendant's Construction Division is a division of Defendant. (Downey Decl. at ¶ 6). It is not and has never been a separate legal entity from Defendant, and currently functions as a registered Assumed Business Name of Defendant. (*Id.*).  Defendant was a duly licensed Oregon contractor and a duly organized Oregon limited liability company at the time the Work Order and Contract were entered into and at all times thereafter.  (*Id.*).

Debtor defaulted on his obligation to pay per the Work Order and Contract.  (Downey Decl. at ¶ 8).  As a result of Debtor's default, Defendant stopped its work on the project on July 12, 2017.  (*Id.*).

Plaintiff filed a Claim Objection and complaint against IRZ alleging over $18.8 million in damages sounding in negligence and breach of contract relating to alleged construction defects of the dairy at the Lost Valley Farms (the "Complaint"). Because IRZ was hired strictly to provide project management services to assist Debtor as general contractor in the construction of the dairy, IRZ filed its Third-Party Complaint alleging negligence, indemnity, and contribution against nine third-party defendants whose work relates to the allegations in the Trustee's complaint.

Plaintiff now brings this Motion alleging that two clauses in the mutually bargained for contracts between Debtor and Defendant are unconscionable and unenforceable.

## III.    ARGUMENT

### A.    Standard for Summary Judgment.

Plaintiff, as the moving party, bears the burden of making a factual showing demonstrating that there are no genuine issues as to any material facts; if he fails to meet this burden, his motion must be denied in whole. Federal Rules of Civil Procedure, Rule 56(c), as incorporated by Federal Rule of Bankruptcy Procedure, Rule 7056; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  Plaintiff cannot merely argue that his evidence is the most persuasive or try to "explain away" evidence disfavorable to his argument; rather, he must show

that there are no material facts at dispute or which can be reasonably resolved by a trier of fact in favor of IRZ. *See Anderson*, 477. U.S. at 250-251, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("[s]ummary judgment is not appropriate" if a reasonable jury *could* find in the plaintiff's favor (emphasis added).)

Federal Courts have held that "[w]here, as here, the moving party will bear the burden of persuasion at trial on an affirmative defense, it cannot obtain summary judgment by relying on its opponent's inability to produce evidence to support its claims. Rather, a party moving for summary judgment on an issue over which it bears the burden of proof must make an affirmative showing so compelling that no rational jury would fail to award judgment for the moving party." *Synbiotics Corp. v. Heska Corp.*, 137 F. Supp. 2d 1198, 1201–02 (S.D. Cal. 2000). If the moving party fails to produce such evidence and meet its burden, "summary judgment must be denied and the court need not consider the non-moving party's evidence." *Id.* at 1202.

Under Federal law, Plaintiff's burden is purposefully significant, as the Court must draw all reasonable inferences in the light most favorable to the non-moving party and, thus, in favor of denying summary judgment. *See Anderson*, 477. U.S. at 255. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Hutchins v. TNT/Reddaway Truck Line, Inc.*, 939 F. Supp. 721, 723 (N.D. Cal. 1996).

**B.      Plaintiff's Motion Must be Denied Because a Plain Reading of the Work Order and Contract Indicate that Both Clauses Contemplated a Cause of Action Based on Defendant's Alleged Acts and Omissions.**

Plaintiff brings this Motion on the basis that under Oregon Law, the Clauses do not apply to Plaintiff's breach of contract cause of action. Plaintiff does not make the contention that the Clauses do not apply to Plaintiff's negligence cause of action. Plaintiff cites to no authority to support this contention, instead citing to three cases addressing clauses applying to a negligence, not breach of contract, causes of action.

Plaintiff primarily relies upon *Estey v. MacKenzie Engineering*, 324 Or. 372, 927 P.2d 86 (1996) ("*Estey*"), to support his contention. The *Estey* Court specifically noted that it was only addressing a negligence cause of action, stating only that "[w]e hold that the clause does not limit

defendants' liability for negligence." *Id.* at 374.  Plaintiff's reliance on the Court's language regarding a "party's liability for tortious conduct" is entirely misplaced, as his motion relates only to the breach of contract cause of action.  In fact, the trial court in *Estey* held that the liability limitation clause in fact did limit the plaintiff's breach of contract cause of action and that holding was not appealed or reversed.  *Estey v. MacKenzie Eng'g Inc.*, 137 Or. App. 1, 3, (1995), rev'd on other grounds, 324 Or. 372 (1996).  Plaintiff further relies on *Kaste v. Land O'Lakes Purina Feed, LLC*, 284 Or. App. 233, 240 (2017), a subsequent case which also held that the liability limitation clause did limit the plaintiff's breach of contract cause of action.

Notably, Plaintiff cites to no authority for the proposition that a liability limitation clause cannot apply to a breach of contract cause of action.  Plaintiff further cites to no authority for the proposition that the language used in the Clauses does not apply to breach of contract causes of action.  Plaintiff's contention that a liability limitation must "expressly reference a breach of contract cause of action" is entirely unsupported by Oregon law and should be disregarded.

Instead, a release provision is "subject to the ordinary rules of contract construction and interpretation." *Roberts v. Heating Specialist Inc.*, No. 3:12-CV-01820-SI, 2014 WL 3845877, at *15 (D. Or. Aug. 5, 2014) *quoting Patterson v. Am. Med. Sys., Inc.*, 141 Or.App. 50, 53 (1996). The objective in contract interpretation is to give effect to the parties' agreed-upon intentions. *Roberts*, No. 3:12-CV-01820-SI, 2014 WL 3845877, at *15.  The court must, if possible, construe the contract so as to give effect to all of its provisions."  *Id.*, *quoting Williams v. RJ Reynolds Tobacco Co.*, 351 Or. 368, 379 (2011).  As such, the plain meaning of the words in the Clauses should be applied.

The Clauses limit liability for Defendant's "negligent acts, errors, or omissions."  The Clauses notably do not explicitly refer to only the negligence cause of action.  As such, it must be interpreted that the parties intended the Clauses to encompass all causes of action resulting from such alleged "acts, errors, or omissions."

At its core, common law negligence requires that a plaintiff prove that "defendant owed [the] plaintiff a duty, that [the] defendant breached that duty, and that the breach was the cause-in-fact of some legally cognizable damage to [the] plaintiff." *Towe v. Sacagawea, Inc.*, 357 Or.

74, 86 (2015), *quoting Brennen v. City of Eugene*, 285 Or. 401, 405 (1979). Plaintiff's Complaint alleges, in its breach of contract cause of action, that:

> Some time after 9/30/15 and 11/17/15, as applicable, Defendant IRZ breached its obligations under the Work Order and the 11/17/15 Agreement by failing to provide competent services to the Debtor consistent with the skill, diligence, and expertise of licensed contractors providing wastewater management and irrigation construction services in the Pacific Northwest, and by billing the Debtor for services incompetently performed.

(Complaint at ¶ 29). Plaintiff's Complaint alleges, in its negligence cause of action, that:

> Sometime after 9/30/15, Defendant IRZ breached its duty of care to the Debtor by failing to provide competent services to the Debtor, consistent with the skill, diligence, and expertise of licensed contractors providing wastewater management and irrigation construction services in the Pacific Northwest, and by billing the Debtor for services incompetently performed.

(Complaint at ¶ 51). In each paragraph, Plaintiff's Complaint alleges twelve identical specific acts and omissions which are claimed to be the bases for Defendant's breach.

Plaintiff's Complaint has alleged two causes of action for breach of duty based upon identical alleged acts and omissions. This is the exact type of complaint contemplated by the Clauses, *i.e.* two causes of action based upon identical claimed acts and omissions. The Court must construe the contract to give effect to all of its provisions. If the parties had intended to limit liability to only the negligence cause of action, that would have been expressed in the contract. Instead, the parties mutually bargained for a limitation on damages from "acts, errors, and omissions made by ICD," clearly intending to encompass both negligence and breach of contract causes of action if based upon the same alleged acts, errors, and/or omissions.

In sum, Plaintiff has cited to no authority or evidence to suggest that the Clauses do not apply to Plaintiff's breach of contract cause of action, and a plain reading of the Clauses shows a clear intent for the parties to encompass both Plaintiff's negligence and breach of contract causes of action. As such, Plaintiff's motion must be denied.

**C.    Plaintiff's Motion Must be Denied Because the Clauses are Not Against Public Policy.**

Plaintiff brings this Motion on the basis that under Oregon Law, the Clauses are unenforceable as against public policy.  This contention is not supported by statutory or case law. Plaintiff's reliance on *Bagley v. Mt. Bachelor, Inc.*, 356 Or. 543, 557-558 (2014) for this contention is misplaced, as both the facts and law from the case are distinguishable from the instant matter.  Instead, the holdings of *Bagle*y show that the Clauses are entirely enforceable.

The *Bagley* Court held that "[t]here is nothing inherently bad about a contract provision which exempts one of the parties from liability. The parties are free to contract as they please, unless to permit them to do so would contravene the public interest." 356 Or. at 559, (2014) *quoting K–Lines v. Roberts Motor Co.*, 273 Or. 242, 248, (1975).  "It is a truism that a contract validly made between competent parties is not to be set aside lightly."  *Id.* at 551, *quoting Bliss v. Southern Pacific Co. et al.*, 212 Or. 634, (1958) ("When two or more persons competent for that purpose, upon a sufficient consideration, voluntarily agree to do or not to do a particular thing which may be lawfully done or omitted, they should be held to the consequences of their bargain.")  In *K–Lines v. Roberts Motor Co.*, 273 Or. 242, 248, (1975), the Court held that a liability limitation was not against public policy "[w]hen the parties are business concerns dealing in a commercial setting."

Plaintiff's reliance on *Bagley* fundamentally misconstrues the concept of "public" addressed in the matter. The *Bagley* matter analyzed a release found on a ski lift ticket at a ski resort available to the public.  *Id.* at 546-548.  The Court, analyzing the "duty of public service" referred to in *Restatement. 2d. Contracts,* Section 195(2)(b), stated:

> Where the defendant is a common carrier, an innkeeper, a public warehouseman, a public utility, or is otherwise charged with a duty of public service, and the agreement to assume the risk relates to the defendant's performance of any part of that duty, it is well settled that it will not be given effect.

*Bagley*, 356 Or. 543, 559, *quoting Real Good Food v. First National Bank*, 276 Or. 1057, 557 P.2d 654 (1976).  Clearly, the "duty of public service" refers to the duty owed by parties

1  whose liability limitation applies to the public at large, *e.g.* a common carrier, an innkeeper, a

2  public warehouseman, a public utility, or a bank.  Conversely, the *Bagley* Court determined, that

3  when determining whether an agreement is against public policy, harsh results do not render a

4  contract provision as illegal, particularly where "the contract in question was freely entered into

5  between parties in equal bargaining positions and did not involve a contract of adhesion, such as

6  some retail installment contracts and insurance policies." *Bagley*, 356 Or. at 552, *quoting Seufert*

7  *Land Co. v. Greenfield*, 262 Or. 83, 92, (1972).  Nothing found in *Bagley*'s factual circumstances,

8  legal basis, or holding suggests that the "duty of public service" applies to a sophisticated general

9  contractor entering into a one-time commercial project management contract with a project

10  manager.  In short, *Bagley* supports the enforceability of the Clauses.

11       Plaintiff further erroneously claims that the matter is analogous to *A.J. Properties, LLC v.*

12  *Stanley Black & Decker Inc.*, 989 F.Supp.2d 156 (D. Mass 2013).  As a preliminary matter, the

13  Court analyzed only Massachusetts law with no reference to Oregon law. Furthermore, the release

14  clause in question did not apply to any of the causes of action in the instant matter, instead

15  referring only to intentional torts.  The only holding that the Court made was "a release of

16  liability for future harm caused intentionally, recklessly, or with gross negligence is

17  unenforceable as against public policy."  *Id.* at 163.  This holding is entirely unrelated to the facts

18  at hand, and thus does not render the Clauses unenforceable.

19       In sum, Plaintiff has cited to no authority or evidence to suggest that the Clauses are

20  against public policy.  As such, Plaintiff's motion must be denied.

21       **D.     Plaintiff's Motion Must be Denied Because the Clauses are Not**

22  **Unconscionable.**

23       Plaintiff brings this Motion on the basis that under Oregon law, the Clauses are

24  unenforceable as procedurally unconscionable.  Plaintiff provides no evidentiary support besides

25  the Clauses themselves, and cites to no authority that supports such a contention.

26       As Plaintiff correctly stated, Oregon law looks at two prongs for determining procedural

27  unconscionability: oppression and surprise.  *Tokyo Ohka Kogyo America v. Huntsman Propylene*

28  *Oxide, LLC*, 35 F.Supp.3d 1314 (D. Or. 2014).  Clarifying the issue, "[a] liability limitation

1     provision is enforceable under Oregon law if the provision (1) was bargained for; (2) was called

2     to the other party's attention; or (3) is conspicuous." *J. Lilly, LLC v. Clearspan Fabric Structures*

3     *Int'l, Inc.*, No. 3:18-CV-01104-HZ, 2020 WL 1855190, at *5 (D. Or. Apr. 13, 2020) *citing*

4     *Anderson v. Ashland Rental, Inc.*, 122 Or. App. 508, 510 (1993); *Atlas Mut. Ins. v. Moore Dry*

5     *Kiln*, 38 Or. App. 111, 114 (1979).

6         Plaintiff curiously relies upon *J. Lilly*, wherein the Court held that a waiver with a bold

7     and capitalized heading was conspicuous. No. 3:18-CV-01104-HZ, 2020 WL 1855190, at *5.

8     Furthermore, the Court required that plaintiff produce specific evidence to show "that the parties

9     were of unequal bargaining power, Plaintiff had a lack of meaningful choice, or that the

10     consequential damages waiver was hidden in a manner that caused surprise." *Id.* Although

11     Plaintiff did not rely on it for this purpose, the Court in *Estey* held that the limitation liability

12     clause in its contract was conspicuous even without bold typeface or capital letters. 137 Or.App

13     at 5, rev'd on other grounds, 324 Or. 372 (1996).

14         In the instant matter, each Clause includes a bold heading. The Contract consists of only

15     14 pages, includes specifically numbered and named sections, and has a capitalized heading for

16     the liability limitation clause. (Exhibit "B"). The Work Order consists of only 3 pages, has only

17     eleven paragraphs of terms, and a heading in bold print. (Exhibit "A"). Each is clearly

18     conspicuous such that a reasonable person against which it is to operate ought to have noticed it

19     with even a cursory review of each contract. Plaintiff submits no evidence to suggest the contract

20     was not bargained for. Plaintiff submits no evidence to suggest that the parties were of unequal

21     bargaining power, that Plaintiff had a lack of meaningful choice, or that the consequential

22     damages waiver was hidden in a manner that caused surprise. In sum, Plaintiff has cited to no

23     authority or evidence to suggest that the Clauses are procedurally unconscionable. As such,

24     Plaintiff's motion must be denied.

25         **E.**     **Plaintiff's Motion Must Be Denied Because Defendant Had Capacity To**

26     **Contract.**

27         Plaintiff's eight-line argument that the Work Order was illegal is not well-taken. Plaintiff

28     relies solely on at *Creditors Protective Ass'n, Inc. v. Baksay*, 32 Or. App. 223, 225 (1978) for its

contention that an entity that is not duly organized or incorporated has no power to contract. *Creditors Protective Ass'n* relies on statutory law that has been repealed since 1987 and has not had precedential effect for over thirty years.

Defendant has been a registered entity at all relevant times. (Downey Decl. at ¶ 6). Both the Work Order and Contract provided that Defendant's Construction Division perform the tasks required by the Work Order and Contract. (Downey Decl. at ¶ 6, Exhibits "A" and "B"). Defendant's Construction Division is a division of Defendant. (Downey Decl. at ¶ 6). It is not and has never been a separate legal entity from Defendant, and currently functions as a registered Assumed Business Name of Defendant. (*Id.*). Defendant was a duly licensed Oregon contractor and a duly organized Oregon limited liability company at the time the Work Order and Contract were entered into and at all times thereafter. (*Id.*). Even if it was accepted *arguendo* that the Work Order was entered into by a different entity than Defendant, Or. Rev. Stat. § 648.135 allows for a party to cure any alleged incapacity by complying with Or. Rev. Stat. § 648.007 by registering its assumed business name at any time. *Pac. Coast Recovery Serv., Inc. v. Johnston*, 219 Or. App. 570, 577 (2008). As plaintiff concedes, IRZ Construction Division is and has been a registered Assumed Business Name of Defendant since 2017. (Statement of Undisputed Facts at ¶ 4).

In sum, Plaintiff has cited to no authority or evidence to suggest that the Clauses are illegal. As such, Plaintiff's motion must be denied.

///

///

///

///

///

///

///

## IV.　　CONCLUSION

For the reasons stated above, Defendant requests the entry of an order denying Plaintiff's motion for partial summary judgment.

Dated:  October 5, 2022　　　　MILLER NASH LLP

By: _____
　　Kyle D. Sciuchetti, OSB No. 965705, admitted *pro hac vice*
　　Benjamin P. Tarczy, CSB No. 308367
　　Hagop T. Bedoyan, CSB No. 131285
　　Attorneys for Defendant/Third-Party Plaintiff IRZ
　　Consulting, LLC