UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Bankruptcy Case No. _18-11651-B-11_ |
| | ) | |
| *GREGORY JOHN te VELDE* | ) | |
| | ) | DC No. _MB-3_ |
| Debtor(s). | ) | |
| | ) | |
| _____ | ) | |
| *RANDY SUGARMAN* | ) | Adversary No. _19-1033_ |
| Plaintiff(s), | ) | |
| vs. | ) | District Court Case No. _19-cv-00520-DAD_ |
| *IRZ CONSULTING, LLC* | ) | |
| | ) | |
| _____ Defendant(s). | ) | |

**T**RANSMITTAL OF REPORT AND RECOMMENDATIONS ON PLAINTIFF RANDY
SUGARMAN'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDER
SETTING DEADLINES RE: REPORT AND RECOMMENDATION ON PLAINTIFF
RANDY SUGARMAN'S FIRST MOTION FOR PARTIAL SUMMARY

## <u>TO THE DISTRICT COURT</u>

REPORT AND RECOMMENDATIONS (date filed): November 10, 2022

ORDER SETTING DEADLINES RE: REPORT AND RECOMMENDATIONS (date filed):  November

10, 2022

DATE TRANSMITTED: _____11/10/22_____

            BY:_*J. Gibson*_____

                   Deputy Clerk

DISTRICT COURT CASE NUMBER:_____

DATE:_____ BY:_____

**<u>PLEASE RETURN SECOND COPY UPON COMPLETION</u>**

EDC 005-601 (Revised 9/6/17)

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | ) Case No.  18-11651-B-11 |
| | ) |
| GREGORY JOHN te VELDE, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| _____ | ) |
| | ) |
| RANDY SUGARMAN, Ch. 11 Trustee, | ) Adv. Proceeding No. 19-1033 |
| | ) (Consolidated by order (Doc. |
| Plaintiff, | ) #94) for trial purposes only) |
| | ) |
| v. | ) DCN:    MB-3 |
| | ) |
| IRZ CONSULTING, LLC (aka) IRZ | ) |
| Construction Division LLC, | ) Date:   October 26, 2022 |
| | ) Time:   11:00 a.m. |
| Defendant. | ) Place:  U.S. Courthouse |
| | )          2500 Tulare Street |
| | )          Courtroom 13, 5th Floor |
| _____ | )          Fresno, California |
| IRZ CONSULTING, LLC | ) Judge:  Hon. René Lastreto II |
| (aka) IRZ Construction Division | ) |
| LLC, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. FARM SYSTEMS; 4 CREEKS, | ) |
| INC., JOHN FAZIO (dba Fazio | ) |
| Engineering); DARI-TECH, INC.; | ) |
| LASER LAND LEVELING, INC.; MAAS | ) |
| ENERGY WORKS, INC.; GEORGE | ) |
| CHADWICK (dba George Chadwick | ) |
| Consulting); VALMONT NORTHWEST, | ) |
| INC.; NUCOR BUILDING SYSTEMS | ) |
| UTAH LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION ON PLAINTIFF RANDY SUGARMAN'S
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT**

_____

John MacConaghy, MacCONAGHY & BARNIER, PLC, Sonoma, CA, for chapter 11 trustee Randy Sugarman, Plaintiff.

Benjamin P. Tarczy, MILLER NASH LLP, Portland, OR, for IRZ Consulting, LLC, Defendant/Third-Party Plaintiff.

_____

RENÉ LASTRETO II, Bankruptcy Judge:


**INTRODUCTION**

Summary judgment should not be granted unless the moving party shows both that there is no genuine dispute as to *any* material fact and that movant is entitled to judgment as a matter of law.[1] Civ. Rule 56 (Rule 7056) (emphasis added). Here, the plaintiff chapter 11 liquidating trustee asks for partial summary judgment on the objection to claim allegations of his adversary complaint because the defendant was an unlicensed contractor who is therefore barred from perfecting liens and suing for sums owed. The defendant disagrees, insisting that the party named in the underlying contracts is its construction division, thus enjoying the benefits and protections of its contractor's license.

Finding material factual disputes remain, the court recommends the motion for partial summary judgment be DENIED.

///

///

_____

[1] Unless otherwise indicated, references to: (i) "Civ. Rule" will be to the Federal Rules of Civil Procedure; (ii) "Rule" will be to the Federal Rules of Bankruptcy Procedure; (iii) "FRE" will be to the Federal Rules of Evidence; (iv) "LBR" will be to the Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California; and (v) all chapter and section references will be to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

**PROCEDURAL HISTORY**

Chapter 11 liquidating trustee Randy Sugarman ("Plaintiff") moves for partial summary judgment on the first claim for relief of his complaint against IRZ Consulting, LLC ("Defendant" or "IRZ"). Pl.'s Mot. Summ. J., Doc. #424. That claim is an objection to Defendant's Proof of Claim No. 19 filed June 4, 2018, in the amount of $347,057.56. *Cf.* Compl., Doc. #1.

Defendant objects to Plaintiff's evidence and opposes summary judgment. Def.'s Evid. Objs. & Mem. P. & A., Docs. #459 & #461.

Plaintiff replied and submitted its own evidentiary objections.[2] Pl.'s Reply & Evid. Objs., Docs. #473 & #475.

This motion for summary judgment was filed on 42 days' notice as required by LBR 7056-1 and in conformance with Rule 7056 and Civ. Rule 56. This matter was originally scheduled to be heard on October 26, 2022. Notice, Doc. #425. The court took the matter under submission and indicated that it would subsequently issue a report and recommendation to the District Court. Civ. Mins. (Oct. 26, 2022), Doc. #520.

These are the court's findings and recommendations for *de novo* consideration by the District Court as to Plaintiff's motion for partial summary judgment. The rulings on the evidentiary objections will be included at the end of this report.

///

///

---

[2] The court granted Plaintiff's request for an extension of time to October 13, 2022, to file his reply to Defendant's opposition. Doc. #490.

3

1    <u>**REQUEST FOR JUDICIAL NOTICE**</u>

2       Plaintiff requests the court take judicial notice of

3    certain documents filed in the underlying chapter 11 bankruptcy

4    case, Bankr. Case No. 18-11651 ("Bankr"). RJN, Doc. #431. The

5    court may take judicial notice of all documents and other

6    pleadings filed in this adversary proceeding, the underlying

7    bankruptcy case, filings in other court proceedings, and public

8    records. FRE 201; *Bank of Am., N.A. v. CD-04, Inc. (In re Owner*

9    *Mgmt. Serv., LLC)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015).

10   The court takes judicial notice of the requested documents, as

11   well as the pleadings filed in this adversary proceeding, and

12   the underlying chapter 11 bankruptcy case, but not the truth or

13   falsity of such documents as related to findings of fact. *In re*

14   *Harmony Holdings, LLC*, 393 B.R. 409, 412-15 (Bankr. D.S.C.

15   2008).

16

17   <u>**JURISDICTION**</u>

18       The United States District Court for the Eastern District

19   of California has jurisdiction of this adversary proceeding

20   under 28 U.S.C. § 1334(b) because this adversary proceeding

21   arises in and is related to a case under title 11 of the United

22   States Code. Under 28 U.S.C. § 157(a), the District Court has

23   referred this matter to this court. Part of this proceeding –

24   the claim objection - is "core" under 28 U.S.C. § 157(b)(2)(B).

25   Furthermore, the District Court denied an early motion to

26   withdraw the reference under 28 U.S.C. § 157(c)(1) and allowed

27   this court to supervise discovery, rule on non-dispositive

28   motions, and issue a Report and Recommendation for *de novo*

4

1   review to the District Court on dispositive motions.[3] Venue is

2   proper in this district pursuant to 28 U.S.C. §§ 1408 and

3   1409(a).

4

5                          **BACKGROUND**

6          On September 30, 2015, Gregory te Velde ("Debtor") and "IRZ

7   Construction Division, an Oregon limited liability company"

8   ("ICD") executed a *Work Order* ("Work Order") providing that ICD

9   would provide certain construction design services to Debtor for

10  the "Willow Creek Dairy" on a time and material basis. Work

11  Order, Doc. #463, *Ex. A.* The price was not to exceed

12  $100,000.00. *Id.* The Work Order was signed by Debtor and Fred

13  Ziari, as an agent of ICD. *Id.* at 3.

14         On or about November 17, 2015, Debtor and Ziari executed a

15  new agreement entitled *Design, Engineer, and Project Management*

16  *Services for Greg Tevelde Willow Creek Dairy Construction*

17  *Project November 2015* ("Contract"), generally providing that

18  Defendant would perform 21 separate construction related tasks

19  for the Willow Creek Dairy. *Id.*, *Ex. B*; Docs. #427, *Ex. 6*. Ziari

20  signed as President of "IRZ Consulting, LLC (d/b/a IRZ

21  Construction Division through Wayne Downey as Director of

22  Construction)[,]" which is a duly licensed Oregon contractor and

23  a duly organized Oregon limited liability company. *Id.* at 15.

24         Debtor defaulted on his obligation to timely pay for

25  Defendant's services. Downey Decl., Doc. #462, ¶ 9. On July 12,

26  2017, ICD and Defendant stopped their work on the project. *Ibid.*

27
        ────────────
        [3] *See Order Denying Defendant's Motion to Withdraw Reference*, Doc. #162;
28  *cf.* Civ. Mins., Doc. #198

1   Defendant recorded an Oregon form *Construction Claim of Lien* on

2   the project, alleging that it "furnished labor, equipment,

3   material, services, supervision, and plans, drawings and surveys

4   actually used in the construction of improvements" on the

5   subject real property ". . . commencing on or about September

6   30, 2015." *Id.* at ¶ 10; Constr. Claim of Lien, Doc. #463, *Ex. C.*

7   On November 2, 2017, Defendant filed a *Complaint (Construction*

8   *Lien Foreclosure; Breach of Contract; Quantum Meruit)* in Morrow

9   County, Oregon Circuit Court against Debtor and others, seeking

10  the principal sum of $393,476.81 for the cost of "labor,

11  equipment, material, services, supervision, plans, drawings, and

12  surveys . . . used for the benefit of the Property" from

13  "September 30, 2015, through August 3, 2017." *Id.*, *Ex. D*. The

14  state court complaint includes the Work Order and Contract as

15  exhibits.

16       Debtor filed chapter 11 bankruptcy on April 26, 2018. Pet.,

17  Doc. #432, *Ex. 1* (Bankr. Doc. #1). On June 4, 2018, Defendant

18  filed its Proof of Secured Claim in the amount of $347,057.56,

19  attaching its mechanics' lien complaint as an exhibit. *Id.*, *Ex.*

20  *2* (Bankr. Claim 19).

21       On February 11, 2019, Plaintiff sold the property subject

22  to Defendant's claim of lien pursuant to an *Order Authorizing*

23  *Sale of Real Property Free and Clear of Liens*. Order, *id.*, *Ex. 3*

24  (Bankr. Doc. #1607). The court directed Plaintiff to disburse

25  most of the sales proceeds of the Lost Valley Farm to various

26  parties in interest; however, the court directed Trustee to hold

27  back funds to provide "adequate protection" to Defendant on

28  account of its disputed secured claim (the "Holdback Fund").

Stip. Order, *id.*, *Ex. 4* (Bankr. Doc. #1799). The current balance of the Holdback Fund is approximately $659,323.00. Sugarman Decl., Doc. #428.

Plaintiff filed this instant action against Defendant on March 8, 2019. The adversary complaint alleges claims for (1) disallowance of Claim 19; (2) damages for breach of contract; (3) damages for negligence; and (4) avoidance of fraudulent transfers. Compl., Doc. #1. The first claim for relief is the subject of this motion: Plaintiff seeks to disallow Defendant's Claim 19 in full. Mot., Doc. #424.

## **DISCUSSION**

### I. Summary Judgment Standard

Civ. Rule 56, *as incorporated by* Rule 7056, applies in adversary proceedings. Under Civ. Rule 56(a), summary judgment should be granted only if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.

When considering a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Civ. Rule 56(c); *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986).

1    "Where the record taken as a whole could not lead a

2    rational trier of fact to find for the nonmoving party, there is

3    no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v.*

4    *Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356

5    (1986). "As to materiality, the substantive law will identify

6    which facts are material. Only disputes over facts that might

7    affect the outcome of the suit under the governing law will

8    properly preclude the entry of summary judgment." *Anderson*, 477

9    U.S. at 248, 106 S. Ct. at 2510. "[W]hile the materiality

10   determination rests on the substantive law, it is the

11   substantive law's identification of which facts are critical and

12   which facts are irrelevant that governs." *Ibid.*

13       The movant may not argue that its evidence is the most

14   persuasive or "explain away" evidence unfavorable to its

15   defenses; rather, it must show that there are no material facts

16   in dispute, or which can be reasonably resolved by a fact

17   finder. *Id.* at 250-51, 106 S. Ct. at 2511; *Davis v. Team Elec.*

18   *Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("Summary judgment is

19   not appropriate" if a reasonable jury *could* find in the

20   plaintiff's favor.) (emphasis added).

21       As the movant here, the burden of proof is on Plaintiff.

22   The court must draw all reasonable inferences in the light most

23   favorable to the non-moving party, and therefore in favor of

24   denying summary judgment. *Anderson*, 477 U.S. at 255, 106 S. Ct.

25   at 2513-14. Further, the non-moving party's evidence is to be

26   believed, and all justifiable inferences are to be drawn in its

27   favor. *Hutchins v. TNT/Reddaway Truck Line, Inc.*, 939 F. Supp.

28   721, 723 (N.D. Cal. 1996).

1   　　If a summary judgment motion is properly submitted, the

2   burden shifts to the opposing party to rebut with a showing that

3   there is a genuine issue of material fact. *Henderson v. City of*

4   *Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). "The

5   nonmoving party 'may not rely on denials in the pleadings but

6   must produce specific evidence . . . to show that the dispute

7   exists.'" *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d

8   702, 707 (9th Cir. 2008), quoting *Bhan v. NME Hosps., Inc.*, 929

9   F.2d 1404, 1409 (9th Cir. 1991).

10   　　Ultimately, the court must grant summary judgment if the

11   movant shows that the record, taken as a whole, could not lead a

12   rational trier of fact to find for the nonmoving party as to any

13   fact that might affect the outcome of the suit under the

14   governing law, and the nonmovant does not meet their burden of

15   proof to refute the movant's claims.

16

17   　　**II. Enforceability of Defendant's Claim and Lien**

18   　　　　　　　　　　　　A.

19   　　First, Plaintiff argues that Defendant's claim and lien are

20   unenforceable because they were not continually licensed

21   throughout its performance of work for the Debtor. Pl.'s Mem. P.

22   & A., Doc. #429. Since ICD performed services for the Debtor

23   without a valid contractor's license, Plaintiff urges that Or.

24   Rev. Statute ("ORS") § 701.131(1) bars Defendant from enforcing

25   its lien on the Holdback Fund, and bars it from recovering any

26   sums on its proof of claim.[4] *Id.*, citing *Pincetich v. Nolan*, 252

27   　　　　[4] ORS § 701.131 provides, in relevant part, that "a contractor may not
perfect a construction lien, . . . or commence . . . a claim in a court of

28   this state for compensation for the performance of any work or for the breach

1  Or. App. 42, 285 P.3d 759 (2012) (barring a contractor's claim

2  because of a 14-day suspension in contractor's license due to

3  lapse in insurance); *Stellar J. Corp. v. Smith & Loveless*, 580

4  F. App'x 604 (9th Cir. 2014) (barring subcontractor, a Kansas

5  corporation, from pursuing its monetary claim and rejecting all

6  theories raised to avoid the bar because it did not have an

7  Oregon contractor's license when it provided labor and

8  materials).

9      The core of Plaintiff's argument relies on the alleged fact

10  that, as of September 30, 2015, ICD was an independent entity

11  performing construction services without being duly organized as

12  a limited liability company, nor having a contractor's license

13  issued by the State of Oregon. Pl.'s Mem. P. & A., Doc. #429,

14  citing MacConaghy Decl., Docs. ##426-27, *Exs. 1-3*.

15      In response, Defendant claims that ICD is a division of

16  Defendant and an assumed business name of Defendant, so it

17  performed services under Defendant's contractor's license.

18  Def.'s Stmt. Undisp. Facts, Doc. #460, citing Downey Decl.,

19  Doc. #462, ¶¶ 5-6. Plaintiff relies on ICD being named in the

20  Work Order and Contract, but ICD is not and has never been a

21  separate legal entity from Defendant. Since Plaintiff has

22  conceded that Defendant is a duly licensed Oregon contractor and

23  a duly organized Oregon limited liability company, and Defendant

24  recorded a lien and filed a complaint related to the project,

25  Defendant argues that ORS § 701.131 does not apply to its lien,

26  complaint, and claim because it was in fact a duly licensed

27

28  of any contract for work that is subject to this chapter, unless the
    contractor had a valid license issued by the board . . ."

contractor and duly organized limited liability company under
Oregon law at the time it performed services for Debtor.

Defendant distinguishes *Pincetich* and *Stellar* as being
inapplicable: both involved contractors who acknowledged that
they lacked an active, valid contractor's license, but Defendant
here was a licensed Oregon contractor at all relevant times.
Def.'s Mem. P. & A., Doc. #461. Defendant alternatively argues
that neither the Work Order nor the Contract required it to
construct, alter, repair, add to, subtract from, improve,
inspect, move, wreck or demolish any structure at all, so its
services did not fall within the scope of the work of a
"contractor" as defined in ORS § 701.005(5).[5] So even assuming,
*arguendo*, that Defendant was not a licensed contractor at all
relevant times, it insists that this motion should be denied
because its services on this project did not fall within the
scope of those performed by a "contractor" under ORS
§ 701.005(5).

Plaintiff's reply argues (1) Defendant's effort to
substitute a new contracting party into the Work Order is barred
by the parol evidence rule, (2) Defendant cannot avail itself of
the "mistake" exception to the parol evidence rule, and (3)
Defendant is judicially estopped from claiming that the work it
allegedly performed did not require an Oregon contractor's
license. Pl.'s Reply, Doc. #473.

---

[5] ORS § 701.005(5) defines a "contractor" as: "[a] person that, for
compensation or with the intent to sell, arranges or undertakes or offers to
undertake or submits a bid to construct, alter, repair, add to subtract from,
improve, inspect, move, wreck or demolish, for another, a building, highway,
road, railroad, excavation or other structure, project, development or
improvement attached to real estate, or to do any part thereof."

*Parol Evidence Rule*

Plaintiff relies on the parol evidence rule as codified

under Oregon law:

> When the terms of an agreement have been
> reduced to writing by the parties, it is to be
> considered containing all of those terms, and
> therefore there can be, between the parties
> and their representatives or successors in
> interest, no evidence of the terms of the
> agreement, other than the contents of the
> writing, except where a mistake or im-
> perfection of the writing is put in issue by
> the pleadings or where the validity of the
> agreement is the fact in dispute. However this
> section does not exclude other evidence of
> circumstances under which the agreement was
> made, or to which it relates, as defined in
> ORS 42.220, or to explain an ambiguity,
> intrinsic or extrinsic, or to establish
> illegality or fraud. The term "agreement"
> includes deeds and wills as well as contracts
> between the parties.

ORS § 41.740.

Since Oregon courts routinely bar the admission of parol

evidence, Plaintiff maintains that Defendant cannot substitute

itself into the Work Order using parol evidence. Pl.'s Reply,

Doc. #473, citing *Abercrombie v. Hayden Corp.*, 320 Or. 279, 883

P.2d 845 (1994) (barring admission of evidence of an oral

agreement to extend the time to close on the sale of commercial

properties because the purchase agreement and written extensions

were unambiguous and fully integrated); *Morton & Assocs., LLC v.

McCain Foods USA, Inc.*, 226 Or. App. 532, 204 P.3d 167 (2009)

(affirming summary judgment after concluding that brokerage

agreements were completely integrated, and the plaintiff's

claims relied on barred extrinsic evidence).

Plaintiff also contends that Defendant cannot avail itself

of the "mistake" exception contained in ORS § 41.740 because the

1  mistake was derived from Defendant's pre-printed form and wholly

2  unilateral. Reformation of a fully integrated, unambiguous

3  contract based on unilateral mistake may only occur in two

4  circumstances: (1) the mistake must have been known to the other

5  party; or (2) the other party has acted inequitably. Pl.'s

6  Reply, Doc. #473, citing *Gardner v. Meiling*, 280 Or. 665, 572

7  P.2d 1012 (1977) (rejecting an alleged unilateral mistake

8  because there was no evidence that the defendants were aware of

9  such mistake, or that a reasonable person would have known of

10 the mistake); *Foster v. Gibbons*, 177 Or. App. 45, 33 P.3d 329

11 (2001) (rejecting a claimed mutual mistake because reformation

12 would be inequitable after six years of performance without

13 objection).

14 *Judicial Estoppel*

15      Lastly, Plaintiff maintains that Defendant is judicially

16 estopped from claiming that the work it allegedly performed did

17 not require an Oregon contractor's license because Defendant

18 recorded a mechanics' lien (or "construction lien" under Oregon

19 terminology) and filed a state court action to foreclose it.

20 Under ORS § 701.131, the only entity who can enforce a

21 construction lien is a contractor. Thus, under the doctrine of

22 judicial estoppel, Defendant must be barred from claiming that

23 it was not really acting as a contractor after all. Pl.'s Reply,

24 Doc. #473, citing *Hamilton v. State Farm Fire & Cas. Co.*, 270

25 F.3d 778 (9th Cir. 2001).

26 ///

27 ///

28 ///

Filed 11/10/22     Case 19-01033     Doc 562

B.

ORS § 41.740 incorporates ORS § 42.220, which states "[i]n construing an instrument, the circumstances under which it was made, including the situation of the subject and of the parties, may be shown so that the judge is placed in the position of those whose language the judge is interpreting." This language "permits the judge to consider circumstances under which the instrument was executed and the relative situations of the parties." *United States Nat'l Bank v. Guiss*, 214 Or. 563, 593, 331 P.2d 865, 879 (1958).

Plaintiff's evidence seems to prove that IRZ Consulting, LLC has been licensed by the Oregon Construction Contractors Board ("CCB") since 2011. Def.'s CCB License, Doc. #427, *Ex. 5*. The November 2015 Contract identifies the contracting parties as Debtor TeVelde and IRZ Construction Division "a division of IRZ Consulting LLC." Contract, *Id.*, *Ex. 6* at 15. Defendant's position on ICD's status is not ideal. The earlier Work Order between the parties identified ICD as "IRZ Construction Division, an Oregon limited liability company." Work Order, Doc. #463, *Ex. A*. But it apparently was not a limited liability company when the Work Order was signed. ICD's CCB License Doc. #427, *Ex. 2*.

There is a genuine factual dispute on this material issue: is ICD an independent entity performing activities requiring a contractor's license or an assumed business name and division of Defendant that is legally performing services under Defendant's contractor's license? Since the record itself contains conflicting information, it cannot be said that "no reasonable

14

1  jury" would find one classification more believable than the

2  other.

3      The answer to the disputed factual issue may impact the

4  admission of evidence concerning at least the Work Order under

5  the parol evidence rule, but the court need not reach that issue

6  since factual disputes exist as to the license status of ICD.

7  The same is true for Plaintiff's judicial estoppel argument

8  raised in reply. Whether Defendant is barred by judicial

9  estoppel from claiming an Oregon contractor's license was

10 unnecessary will depend, in part, on ICD's license status. *See*

11 *also*, *New Hampshire v. Maine*, 542 U.S. 742, 753, 121 S. Ct.

12 1808, 1816 (2001) ("It may be appropriate to resist application

13 of judicial estoppel 'when a party's prior position was based on

14 inadvertence or mistake.'"), quoting *John S. Clark Co. v.*

15 *Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995).

16      Another impediment to finding an absence of a material

17 factual dispute are the terms of the "integration clauses" in

18 both the Work Order and Contract. Work Order & Contract,

19 Docs. #463, *Ex. A* at 5 & *Ex. B* at 21. As relevant here, the

20 provisions state that "[t]his writing is the full and complete

21 agreement between the parties *concerning ICD's services to*

22 *(**CLIENT/OWNER**) for the above services and work"* (emphasis

23 added). So, the subject of the integration is limited to ICD's

24 services to Debtor Te Velde for those "services and work"

25 described in both agreements. The integration clause by its

26 terms is limited to ICD's performance under the agreements. The

27 clause includes nothing more.

28 ///

1    Since it is disputed whether ICD was performing unlicensed

2  contractor activities, or whether it was doing business under

3  Defendant's valid contractor's license, the court is unable to

4  recommend granting this motion.

5

6                              **CONCLUSION**

7    Plaintiff has not demonstrated that ICD was performing

8  unlicensed contractor's services, so this court recommends that

9  this motion for summary judgment be DENIED. The court will issue

10  a subsequent order setting deadlines for objections to this

11  proposed report and recommendation. The rulings on the parties'

12  evidentiary objections begins on the following page.

13

14

15    **Dated:** Nov 10, 2022                **By the Court**

16

17

18                                          René Lastreto II, Judge
                                            **United States Bankruptcy Court**

19

20

21

22

23

24

25

26

27

28

**RULINGS ON EVIDENTIARY OBJECTIONS**

**IRZ's Objections to the Declaration of John H. MacConaghy**

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 1. "Attached to this Declaration and labeled Exhibit 1 is a correct copy of the Westlaw database printout indicating that IRZ Construction Division, LLC was not organized as an Oregon limited liability company until May 31, 2017." MacConaghy Decl., Doc. #426 at ¶ 3, Lines 2:9-11. | 1a. Lacks personal knowledge. FRE 602.<br><br>1b. Best evidence rule. FRE 1002-04. | 1a. Sustained as to lack of personal knowledge of IRZ Construction Division, LLC's and/or IRZ Consulting, LLC's status as an Oregon limited liability company.<br><br>1b. Sustained. The Westlaw corporate records and business registration search result is not an official government source and cannot be used in place of an original writing, recording, or photograph, and therefore cannot be used to prove its content. |
| 2. "Attached to this Declaration and labeled Exhibit 2 is a correct copy of the "license search" database maintained by the Oregon Construction Contractors Board indicating that there is no record of IRZ Construction Division, LLC ever being a licensed contractor in the State of Oregon." *Id.* at ¶ 4, Lines 2:12-16. | 2a. Lacks personal knowledge. FRE 602.<br><br>2b. Best evidence rule. FRE 1002-04. | 2a. Sustained as to lack of personal knowledge of IRZ Construction Division, LLC's and/or IRZ Consulting, LLC's status as an Oregon limited liability company.<br><br>2b. Overruled. The printout from the Oregon Construction Contractors' license database can be used to prove whether "IRZ Construction Division LLC" is a licensed contractor. |

Doc. #459.

///

///

///

**Plaintiff's Objections to the Declaration of Wayne Downey**

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 1. "Defendant entered into a short-form, 3-page work order (the "Work Order") with Gregory John te Velde. . ." Downey Decl., Doc. #462 at ¶ 2, Lines 2:18-19. | 1a. Parol evidence rule.<br><br>1b. Best evidence rule. FRE 1002-04. | 1a. Overruled. License status of ICD is still in dispute. Also, the integration clause may have limited effect. Doc. #463.<br><br>1b. Overruled. A copy of the Work Order has been filed as an exhibit, which can be used to prove its contents. |
| 2. "The Work Order did not call for Defendant to arrange, undertake, offer to undertake, or submit a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish any structure for Debtor." *Id.* at ¶ 2, Lines 2:23-25. | 2a. Parol evidence rule.<br><br>2b. Best evidence rule. FRE 1002-04. | 2a. Overruled. Integration clause may have limited effect. Doc. #463.<br><br>2b. Sustained. |
| 3. "The Contract provided that Defendant act as "Project Manager" to perform review, oversight, design, and engineering tasks, with Debtor to act as General Contractor for the project. The Contract did not call for Defendant to arrange, undertake, offer to undertake, or submit a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish any structure for Debtor." *Id.* at ¶ 3, Lines 2:1-5. | 3a. Parol evidence rule.<br><br>3b. Best evidence rule. FRE 1002-04. | 3a. Overruled. Statement is not inconsistent with terms of contract.<br><br>3b. Overruled. No question raised as to authenticity of duplicate. Otherwise, sustained. |

///

///

///

///

///

| Material Objected To: | Grounds for Objections: | Court's Ruling: |
|---|---|---|
| 4. The Work Order mistakenly names "IRZ Construction Division," as opposed to the correctly named "IRZ Construction Division (ICD) (a division of IRZ Consulting LLC)" named in the Contract, as party to the Work Order." *Id.* at ¶ 5, Lines 2:8-10. | 4a. Lacks foundation/personal knowledge. FRE 602.

4b. Parol evidence rule.

4c. Best evidence rule. FRE 1002-04. | 4a. Overruled. Wayne Downey is the Director of Construction at IRZ and signed as Director on behalf of ICD in the Contract. Mr. Downey has personal knowledge as director and as IRZ's agent to know about the accuracy of the Work Order.

4b. Overruled. ICD license status is a disputed fact. Also, integration clause may have limited effect.

4c. Overruled. No genuine question as to authenticity. FRE 1003 |
| 5. "At all times, the parties understood the Work Order and Contract to be between Defendant and Debtor." *Id.* at ¶ 5, Lines 2:10-11. | 5. Lacks foundation/personal knowledge. FRE 602. | 5. Overruled as to IRZ's understanding because Wayne Downey, as director and as an agent of IRZ, has personal knowledge of IRZ's understanding of the Work Order and Contract. Sustained as to Debtor's understanding of the Work Order and Contract. |

Doc. #475.

**Dated:** Nov 10, 2022

**By the Court**

*René Lastreto II*

**René Lastreto II, Judge**
**United States Bankruptcy Court**

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Tracy A. Agrall
246 W. Shaw
Fresno, CA 93704-2644

Steve Alfieris
502 West Grangeville Blvd
Hanford, CA 93230-2857

Hagop T. Bedoyan
7647 N. Fresno Street
Fresno, CA 93720-2578

Michael Brown
Law Offices of Michael Brown
1809 West Main Street, Suite H
Visalia, CA 93291-4464

D. Gary Christensen
Miller Nash Graham and Dunn LLP
3400 U.S. Bancorp Tower 111 S.W. 5th Ave 93291
Portland, OR 97204

Paula C. Clark
502 West Grangeville Blvd
Hanford CA 93230

Ronald A. Clifford
1100 Town and Country Rd., Ste 1250
Orange, CA 92868

Michael A. Dias
502 W Grangeville Blvd
Hanford, CA 93230-2857

Anthony Dutra
Hanson Bridgett LLP
425 Market Street
26th Floor
San Francisco, CA 94105-5401

Mark F. Enenbach
McGrath North Mullin and Kratz, PC, LLO
First National Tower #3700
1601 Dodge St
Omaha, NE 68102-1650

```
 1   David A. Foraker
     111 SW 5th Ave #3400
 2   Portland, OR 97204

 3   Vanessa Triplett Kuchulis
     Miller Nash, LLP
 4   111 S. W. 5th Ave #3400
     Portland, OR 97204-3614
 5
     Sanford R. Landress
 6   3400 U.S. Bancorp Tower
     111 SW 5th Ave
 7   Portland, OR 97204

 8   John H. MacConaghy
     645 First St., West, Suite D
 9   Sonoma, CA 95476-7044

10   Aaron Moore
     1600 West St.
11   Redding, CA 96001-1726

12   James J. Niemeier
     First National Tower, Suite 3700
13   1601 Dodge Street
     Omaha, NE 68102-1637
14
     Kyle D. Sciuchetti
15   111 SW Fifth Ave #3400
     Portland, OR 97204-3614
16
     Lindy H. Scoffield
17   3043 Gold Canal Dr #100
     PO Box 269127
18   Sacramento, CA 95826-9127

19   Shanon J Slack
     Slack Law Group APC
20   2030 Main Street
     Suite 1300
21   Irvine, CA 92614-7220

22   Randy Sugarman
     583 1st St W
23   Sonoma, CA 95476-6638

24   Benjamin P. Tarczy
     US Bancorp Tower
25   111 SW Fifth Avenue, Suite 3400
     Portland, OR 97204
26
     Duncan C. Turner
27   Badgley Mullins Turner PLLC
     19929 Ballinger Way NE #200
28   Seattle, WA 98155-8208
```

```
 1  Scot M. Tyler
    Moore & Van Allen PLLC
 2  100 N. Tryon St #4700
    Charlotte, NC 28202-4003
 3
    Kurt F. Vote
 4  265 E. River Park Circle, Suite 310
    Fresno, CA 93720-1580
 5
    Riley C. Walter
 6  265 E. River Park Circle Suite 310
    Fresno, CA 93720-1580
 7
    Neal L. Wolf
 8  425 Market St 26th Fl
    San Francisco, CA 94105
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```