# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

**Case Title:** Gregory John te Velde  
**Adversary Title:** Sugarman v. IRZ Consulting, LLC et al  
**Case No.:** 18-11651 - B - 11  
**Adv No.:** 19-01033  
**Docket Control No.**  
**Date:** 11/16/2022  
**Time:** 11:00 AM  

**Matter:** [492] - Motion/Application for Order Establishing Good Faith Settlement Filed by 3rd Pty Defendant George Chadwick (rlos)

**Judge: René Lastreto II**
**Courtroom Deputy: Carina Weed**
**Reporter: Not Recorded**
**Department: B**

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

### CIVIL MINUTES

Motion Denied without prejudice, Resolved without Oral Argument

The court will issue an order.

Defendant George Chadwick dba George Chadwick Consulting ("Chadwick") moves for an order (a) establishing that Chadwick settled the adversary proceeding in good faith with chapter 11 trustee Randy Sugarman ("Plaintiff"), and (b) barring cross-complaints against Chadwick. Doc. #492.

Third Party Plaintiff IRZ Consulting, LLC opposed. Doc. #537.

Chadwick replied. Doc. #548.

The motion was DENIED WITHOUT PREJUDICE for failure to comply with the Local Rules of Practice ("LBR").

First, LBR 9004-2(a)(6), (b)(5), (b)(6), (e)(3), LBR 9014-1(c), and (e)(3) are the rules about Docket Control Numbers ("DCN"). These rules require a DCN to be in the caption page on all documents filed in every matter with the court and each new motion requires a new DCN. The DCN shall consist of not more than three letters, which may be the initials of the attorney for the moving party (e.g., first, middle, and last name) or the first three initials of the law firm for the moving party, and the number that is one number higher than the number of motions previously filed by said attorney or law firm in connection with that specific bankruptcy case. Each separate matter must have a unique DCN linking it to all other related pleadings.

Here, the motion and supporting documents entirely omit the use of a DCN. Docs. ##492-99. This is incorrect. Each new matter filed with the court requires all pleadings in that matter to be linked together with a unique DCN. For example, Chadwick could have used DCN MAD-1, the initials of Chadwick's attorney, Michael A. Dias, or DLF-2 (since DLF-1 was used for Chadwick's motion to dismiss filed April 27, 2021), the initials of Dias Law Firm, Inc., or any other unused iteration of any DCN.

Second, LBR 7005-1 requires service of pleadings and other documents in adversary proceedings, contested matters in the bankruptcy case, and all other pleadings in the Eastern District of California Bankruptcy Court by attorneys, trustees, or other Registered Electronic Filing System Users using the *Official Certificate of Service Form*, EDC 007-005. Unless six or fewer parties in interest are served, the form shall have attached to it the Clerk of the Court's Official Matrix, as appropriate: (1) for the case or adversary proceeding; (2) list of ECF Registered Users; (3) list of persons who have filed Requests for Special Notice; and/or (4) the list of Equity Security Holders. LBR 7005-1(a). The Clerk's Matrix of Creditors shall be downloaded not more than seven days prior to the date of serving the pleadings and other documents and shall reflect the date of downloaded. LBR 7005-1(d).

Here, Chadwick's certificate of service does not use newly required Form EDC 007-005 and does not attach the Clerk's Matrices of Creditors, which are available on the court's website and are obligatory in adversary proceedings beginning November 1, 2022.

For the foregoing reasons, the motion was DENIED WITHOUT PREJUDICE.