MILLER NASH LLP
Kyle D. Sciuchetti, Admitted Pro Hac Vice
   *kyle.s@millernash.com*
Vanessa T. Kuchulis, Admitted Pro Hac Vice
   *vanessa.kuchulis@millernash.com*
Benjamin P. Tarczy, CSB No. 308367
   *benjamin.tarczy@millernash.com*
1140 SW Washington St., Suite 700
Portland, OR 97205
Telephone: 503.224.5858
Facsimile: 503.224.0155

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Hagop T. Bedoyan, CSB No. 131285
7647 N Fresno St.
Fresno, CA 93720
Telephone: 559.433.1300
Facsimile: 559.433.2300

Attorneys for Defendant/Third-Party Plaintiff
IRZ Consulting, LLC and
Defendant Lindsay Corporation

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN TE VELDE,<br><br>Debtor. | Bankruptcy Case No. 18-11651-A-11<br><br>Chapter 11<br><br>Adv. Pro. No. 19-01033-B<br><br>DC No.: WJH-3 |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>IRZ CONSULTING, LLC; aka IRZ CONSTRUCTION DIVISION, LLC;<br><br>Defendant. | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, PRODUCTION OF DOCUMENTS, AND FOR MONETARY SANCTIONS**<br><br>Hearing Date: May 1, 2024<br>Time: 11:00 a.m.<br>Place: Dept. A, Ctr. 13<br>Judge: Hon. Rene Lastreto |

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND

812320-000001 9845364.1     -1-

| | |
|---|---|
| 1 | IRZ CONSULTING, LLC, a/k/a IRZ CONSTRUCTION DIVISION, LLC, |
| 2 | |
| 3 | Third-Party Plaintiff, |
| 4 | v. |
| 5 | U.S. FARM SYSTEMS; 4 CREEKS, INC.; JOHN FAZIO d/b/a FAZIO ENGINEERING; DARI-TECH, INC.; LASER LAND LEVELING, INC.; MAAS ENERGY WORKS, INC.; GEORGE CHADWICK d/b/a GEORGE CHADWICK CONSULTING; VALMONT NORTHWEST, INC.; and NUCOR BUILDING SYSTEMS UTAH LLC, |
| 10 | Third-Party Defendants. |

Defendants IRZ CONSULTING, LLC ("IRZ") and LINDSAY CORPORATION ("Lindsay") hereby submit their Memorandum of Points and Authorities in Opposition to plaintiff RANDY SUGARMAN's Motion to Compel Further Responses to Requests for Production, Production of Documents, and for Monetary Sanctions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Randy Sugarman, Chapter 11 Trustee ("Plaintiff"), brings his Motion to Compel Further Responses to Requests for Production, Production of Documents, and for Monetary Sanctions (the "Motion") despite failing to comply with Federal Rule of Civil Procedure 26 by requesting information not likely to lead to the discovery of admissible evidence. Further, Plaintiff failed to comply with Federal Rule of Civil Procedure 37(a) requiring that the movant meet and confer in good faith regarding the issues of the motion.

Plaintiff's requests are duplicative of previous requests in this matter. IRZ and Lindsay have only withheld documents covered by the attorney-client privilege, *i.e.* communications between Defendants and their counsel during the pendency of this litigation. Plaintiff has failed

1 to make even a prima facie case that the requested information is discoverable. Furthermore,

2 assuming *arguendo* that the attorney-client privileged documents were discoverable, important

3 public policy interests have consistently been held to disfavor waiver of the attorney-client

4 privilege. In short, Plaintiff has failed to meet his burden in any way. Plaintiff has no valid reason

5 for the Motion and seeks only to harass Defendants despite their full compliance with discovery

6 obligations and production of documents responsive to Plaintiff's requests. Plaintiff's motion

7 must be denied.

8 **II.     ARGUMENT**

9     **A.     Standard for Motion to Compel.**

10 Regarding discoverability, the Federal Rules of Civil Procedure provide that parties "may

11 obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

12 defense." *Colaco v. ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434 (N.D. Cal.

13 2014). A "relevant matter" under Rule 26(b)(1) is any item that "bears on, or that reasonably

14 could lead to other matter that could bear on, any issue that is or may be in the case." *Myhre v.*

15 *Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D.

16 633, 637 (S.D. Cal. 2014) *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

17 Regarding sanctions, Rule 37(a)(5) requires that "the court must not order [sanctions] if:

18 (i) the movant filed the motion before attempting in good faith to obtain the disclosure or

19 discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was

20 substantially justified; or (iii) other circumstances make an award of expenses unjust."

21 Regarding meet and confer efforts, Rule 37(a)(1) requires that "[t]he motion must include

22 a certification that the movant has in good faith conferred or attempted to confer with the person

23 or party failing to make disclosure or discovery in an effort to obtain it without court action."

24     **B.     Plaintiff's Motion Must be Denied Because it Seeks Documents Protected by**

25 **the Attorney-Client Privilege.**

26 The Federal Rules of Civil Procedure provide that parties "may obtain discovery

27 regarding any nonprivileged matter that is relevant to any party's claim or defense." *Colaco v.*

28 *ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434 (N.D. Cal. 2014). A "relevant

1  matter" under Rule 26(b)(1) is any item that "bears on, or that reasonably could lead to other

2  matter that could bear on, any issue that is or may be in the case." *Myhre v. Seventh-Day*

3  *Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 637 (S.D.

4  Cal. 2014) *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). District courts

5  have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.

6  2002). When considering a motion to compel, the Court has similarly broad discretion in

7  determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Productions*, 406

8  F.3d 625, 635 (9th Cir. 2005) (*citing Hallet*, 296 F.3d at 751).

9    Plaintiff's Motion acknowledges Defendants have provided responses to all of Plaintiff's

10 requests, accompanied by verifications. *See* Motion at p. 3:25-4:3, Vote Decl. at ¶¶ 9, 11-12.

11 The only documents withheld are documents covered by the attorney-client privilege, *i.e.*

12 communications between Defendants and their counsel during the pendency of this litigation.

13 Privileged documents are beyond the scope of discovery. *Colaco,* 301 F.R.D. at 434.

14   Furthermore, to the extent they are discoverable, Courts have long recognized the

15 important policy interests served by the attorney-client privilege and regularly decline to find

16 waiver of such an important privilege. *See e.g. Anson v. Weinstein*, No. CV 17-8360-GW (KSX),

17 2019 WL 6655259, at *4 (C.D. Cal. Aug. 26, 2019).

18   Defendants have provided all relevant and responsive documents in their possession,

19 custody, and control, pursuant to a diligent search and reasonable inquiry, other than those

20 covered by the attorney-client privilege. Defendants are cognizant of their obligations under Rule

21 26 to supplement their responses should they learn that in some material respect the disclosure or

22 response is incomplete or incorrect.

23   The Court should exercise its broad discretion, as other Courts have done, and decline to

24 find any attorney-client privilege has been waived. As such, Plaintiff's motion should be denied.

25 ///

26 ///

27 ///

28 ///

1　　**C.　　Plaintiff's Motion Must be Denied Because Plaintiff Failed to Meet and**
2　　**Confer in Good Faith Regarding Issues as to Form in an Effort to Obtain Responses**
3　　**Without the Need for Court Intervention.**

4　　　　Rule 37(a)(1) requires that "[t]he motion must include a certification that the movant has
5　　in good faith conferred or attempted to confer with the person or party failing to make disclosure
6　　or discovery in an effort to obtain it without court action."　Rule 34 (b)(2)(E)(i) requires that "A
7　　party must produce documents as they are kept in the usual course of business *__or__* must organize
8　　and label them to correspond to the categories in the request" (emphasis added).

9　　　　In the instant matter, Plaintiff seeks compliance with Rule 34 as to the form of the actual
10　　document production.　As a preliminary matter, Plaintiff has failed to meet and confer on this
11　　issue, and Defendants were entirely unaware of this issue prior to reviewing Plaintiff's Motion.
12　　Plaintiff's Motion should be denied on this basis alone.　Nonetheless, Defendants provided their
13　　documents as they are kept in the usual course of business.　Defendants provided Bates stamps on
14　　each document, identifying each individual page, and Plaintiff acknowledges that he readily
15　　understands what each individual document is.　*See* Vote Decl. at ¶ 15, Exhibit "O".　No further
16　　response is required.

17　　　　As such, Plaintiff's motion should be denied.

18　　**D.　　Plaintiff is Not Entitled to Sanctions Because Defendants Acted with**
19　　**Substantial Justification.**

20　　　　Rule 37(a)(5) requires that "the court must not order [sanctions] if: (i) the movant filed the
21　　motion before attempting in good faith to obtain the disclosure or discovery without court action;
22　　(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii)
23　　other circumstances make an award of expenses unjust."

24　　　　In the instant matter, Plaintiff has failed to meet and confer at all regarding any issues
25　　relating to the form of Defendants' responses.　Further, Defendants requested that Plaintiff clarify
26　　the documents which Plaintiff is alleging are being withheld but received no response.　Plaintiff
27　　has since filed and withdrawn a motion to compel the responses in dispute without further
28　　meeting and conferring as to any specific documents.　Plaintiff has further had the opportunity to

1  review Defendants' opposition to the first motion, specifically stating that the only documents
2  withheld were withheld based on the attorney-client privilege and has still failed to meet and
3  confer to identify which specific documents he believes have been withheld.  Even after
4  reviewing the instant Motion, Defendants are still unaware as to what documents Plaintiff is
5  referring.  This does not demonstrate a good faith effort to meet and confer to obtain disclosure or
6  discovery without court action. Plaintiff is not entitled to sanctions for issues on which he did not
7  meet and confer in good faith.
8        Finally, Defendants have acted with substantial justification such that an award of
9  expenses would be unjust.  Plaintiff's Motion acknowledges that responses, documents, and
10 verifications have been provided in response to his Requests, even though verifications are not
11 required by Fed. R. Civ. P. 34.  *See* Motion at p. 3:25-4:3, Vote Decl. at ¶¶ 9, 11-12.  Plaintiff
12 further acknowledges that "several hundred pages of Documents" have been produced in
13 response to Plaintiff's Requests.  *See* Vote Decl. at ¶ 15, Exhibit "O".  Defendant IRZ has
14 previously produced over 25,000 pages of documents.  Maintaining objections in withholding
15 attorney-client privileged documents is in accord with Federal Law.  Privileged documents are
16 beyond the scope of discovery.  *Colaco,* 301 F.R.D. at 434.  To the extent they are discoverable,
17 Courts have long recognized the important policy interests served by the attorney-client privilege
18 and regularly decline to find waiver of such an important privilege.  *See e.g. Anson*, No. CV 17-
19 8360-GW (KSX), 2019 WL 6655259, at *4 (C.D. Cal. Aug. 26, 2019).  Defendants have acted
20 with substantial justification in following well-established Federal precedent.  Defendants further
21 requested that Plaintiff clarify which documents Plaintiff alleges are being withheld, but
22 Defendants did not receive a response. Defendants have put forth every effort to resolve this
23 dispute without the need for court action, while Plaintiff has not.  As such, Plaintiff is not entitled
24 to sanctions.
25 ///
26 ///
27 ///
28 ///

MILLER NASH LLP
ATTORNEYS AT LAW
PORTLAND

812320-000001 9845364.1  - 6 -

### III. CONCLUSION

For the reasons stated above, Defendants request the entry of an order denying Plaintiff's motion to compel further responses in its entirety, including Plaintiff's request for sanctions.

Dated: April 17, 2024      MILLER NASH LLP

By: _____
Kyle D. Sciuchetti, OSB No. 965705, admitted *pro hac vice*
Benjamin P. Tarczy, CSB No. 308367
Hagop T. Bedoyan, CSB No. 131285
Attorneys for Defendant/Third-Party Plaintiff IRZ Consulting, LLC and Defendant Lindsay Corporation