**9**

MILLER NASH LLP
Kyle D. Sciuchetti, Admitted Pro Hac Vice
   kyle.s@millernash.com
Bernard Kornberg, CSB # 252006
   bernie.kornberg@millernash.com
Benjamin P. Tarczy, CSB No. 308367
   benjamin.tarczy@millernash.com
1140 SW Washington St., Ste 700
Portland, OR 97205
Telephone: 503.224.5858
Facsimile: 503.224.0155

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
Hagop T. Bedoyan, CSB No. 131285
7647 N Fresno St.
Fresno, CA 93720
Telephone: 559.433.1300
Facsimile: 559.433.2300

Attorneys for IRZ Consulting, LLC and Lindsay Corporation

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN TE VELDE,<br><br>Debtor. | Bankruptcy Case No. 18-11651-A-11<br><br>Chapter 11<br><br>Adv. Pro. No. 19-01033-B |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>IRZ CONSULTING, LLC, et al.,<br><br>Defendants.<br><br>AN ALL RELATED CROSS-ACTIONS | DC No. DCT - 2<br><br>**DEFENDANTS' RESPONSE TO DARI-TECH INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>Date: April 23, 2025<br>Time: 11:00 a.m.<br>Place: 2500 Tulare Street<br>       Fresno, CA 93721<br>       5th Floor, Courtroom 13<br>Judge: Honorable René Lastreto II |

Pursuant to Local Rule 7056-1(b) Defendants IRZ Consulting, LLC, aka IRZ Construction Division, LLC ("IRZ") and Lindsay Corporation ("Lindsay Corp.") hereby submit the following response to Third-Party Defendant Dari-Tech, Inc's separate statement of undisputed facts in support of its Second Motion for Summary Judgment against IRZ.

The matters stated herein are stated solely for the purposes of this Second Motion for Summary Judgment and are not to prejudice Dari-Tech from admitting into evident at trial other facts, if any, that may be disputed by other parties. The facts and evidentiary support for each fact are stated separately below.

| **Dari-Tech's Statement of Undisputed Facts and Supporting Evidence** | **IRZ's Response and Evidence** |
|---|---|
| 1. On or about March 17 or 18, Dari-Tech made a Final Proposal to the Debtor for the following: "complete turnkey BioLynk tank system, piping and PLC control, installed; all manure pumps and agitators with controls; CST Storage water tank, with room (concrete floor)," a copy of which is Exhibit 7 to Dari-Tech Dep.[1] | Undisputed. |
| 2. The Debtor accepted Dari-Tech's Final Proposal as evidenced by the Purchase Agreement signed by the Debtor's Agent Travis Love dated March 22, 2016. Dari-Tech Dep. Ex. 8. | Undisputed. |
| 3. With regard to the Willow Creek Dairy and the issues in this litigation, Dari-Tech had established no contractual relationship with IRZ. | Undisputed. |
| 4. The Purchase Agreement signed by Travis Love contains the following disclaimer: "Above does not include site work, concrete foundations, miscellaneous concrete, underground piping, buildings, all electrical connections at site, permits, | Undisputed. |

---

[1] "Dari-Tech Dep." as used throughout refers to the Deposition of Dari-Tech's designated witness taken on June 4, 2024.

| | | |
|---|---|---|
| | engineering (other than the pre-engineered CST tanks), flush valve installation." Dari-Tech Dep. Ex. 7. | |
| 5. | Wayne Downey contacted Dari-Tech initially to solicit a bid from Dari-Tech to the Debtor for the equipment listed in Exhibit 7.<br>Dari-Tech Dep. p. 19.<br>DeWaard Declaration ¶ 9. | Wayne Downey solicited Dari-Tech for the design and installation of Dari-Tech's Biolynk flush system, not solely for the equipment provided.<br>Ex. F, Downey Dep., Vol. 1 at 109:6-16 |
| 6. | After Downey contacted Dari-Tech, he provided Dari-Tech with a site plan drawn by IRZ.<br>Dari-Tech Dep. p. 20.<br>DeWaard Declaration ¶ 10. | Downey provided Dari-Tech with a site plan drafted by IRZ in accordance with the design of Greg te Velde and Fazio Engineering.<br>Ex. F, Downey Dep., Vol. 1 at 54:20-24, 98:25-99:9, 101:5-8, 104:5-12<br>Ex. G, Downey Dep., Vol. 2 at 237:8-238:4, 241:1-4, 299:3-6 |
| 7. | Taking the site plan provided by Downey, Dari-Tech duplicated it and produced a derivative plan as shown in document IRZ 000033.<br>Dari-Tech Dep. p. 20.<br>DeWaard Decl. ¶ 12 | Undisputed that Dari-tech created the plan as shown in document IRZ 000033. |
| 8. | IRZ reviewed Dari-Tech's equipment proposal to the Debtor and evaluated it as to its capacity for the intended purpose.<br>Ziari Dep. p. 104. | IRZ recommended that Mr. Te Velde explore using the Dari-tech proposal, but did not perform an independent evaluation.<br>Ex. G, Downey Dep., Vol. 2 at 283:2-5<br>Ex. H, Downey Dep., Vol. 3 at 111:18-112:2 |
| 9. | During the entirety of Dari-Tech's involvement with the Dairy project, IRZ never identified any aspect of Dari-Tech's work that was out of order.<br>Ziari Dep. p. 105. | IRZ personnel noted that the operation of the manure management system was woefully inadequate.<br>Ex. G, Downey Dep., Vol. 2 at 313:2-9 |
| 10. | The Debtor has never expressed any complaints about Dari-Tech's work, including the design and installation of the equipment or systems it provided to the Dairy, and/or the training provided to the Dairy workers.<br>DeWaard Decl. ¶ 20.<br>cf. Sugarman Dep. at 201. | Debtor and Dari-Tech had disputes regarding Dari-tech's work and payments. Debtor's farm general manager, Travis Love, expressed several complaints regarding Dari-Tech's work, both internally and to Dari-Tech personnel.<br>Ex. J, Dari-Tech Dep., at 54:22-55:11, 84:3-11, 86:3-12<br>Ex. I, Love Dep., at 51:8-14, 79:24-80:20, 98:23-99:20, 110:12-111:9, 116:2-117:11, |

|  |  | 117:25-118:14 |
|---|---|---|
| 11. | Dari-Tech was not involved in the site plan design of the Dairy or the location of the dairy stalls.<br>Downey Dep. pp. 100-101.<br>DeWaard Decl. ¶¶ 16-18. | Dari-Tech was involved in the plan design of the Biolynk flush system of the Dairy, including reception pit sizes and screen separator usage.<br>Ex. H, Downey Dep., Vol. 3 at 104:1-22, 106:11-18, 108:4-8, 110:17-21, 111:18-21 |
| 12. | The recommended locations of the Dari-Tech equipment depicted on IRZ 000033 were conveyed to Dari-Tech by Downey.<br>Dari-Tech Dep. p. 20. | Undisputed that Wayne Downey transmitted IRZ 000033. |
| 13. | The location of the BioLynk tank as depicted in Exhibit 7 was changed at the direction of the Debtor.<br>Downey Dep. p. 299.[2] | Undisputed. |
| 14. | The Debtor was responsible for the location of all of the equipment on the Dairy.<br>Downey Dep. p. 299. | Undisputed. |
| 15. | Dari-Tech had no role in preparing a grading plan for mass excavation calculations.<br>Downey Dep. p. 317, | Undisputed. |
| 16. | Dari-Tech had no role in determining the grade (slope) in the dairy stalls.<br>Downey Dep. p. 317. | Undisputed. |
| 17. | Dari-Tech had no role in in the selection of the use of porous decomposed granite for the bedding in the dairy stalls.<br>Downey Dep. p. 317. | Undisputed. |
| 18. | Dari-Tech had no role in determining the diameter of piping other than that associated with the BioLynk tank system.<br>Downey Dep. p. 318. | Undisputed. |

---

[2] "Downey Dep." as used throughout refers to the Deposition of Wayne Downey, Volumes 1 and 2, taken on April 18 and 19, 2023.

| | |
|---|---|
| 19. Wayne Downey selected the diameter of the flush valves used to release water to flush the barns.<br>Downey Dep. p. 113. | Undisputed. |
| 20. Dari-Tech had no role in the design or construction of the lagoons, including the height of overflow pipes or drains.<br>Downey Dep. p. 305, 318-319. | Undisputed. |
| 21. The "flush system" at the Dairy consisted of the equipment that Dari-Tech provided to the Debtor per their contract.<br>Downey Dep. 289. | Undisputed. |
| 22. The lagoons at the Dairy are not a part of the flush system.<br>Downey Dep. p. 305. | Undisputed. |
| 23. IRZ's onsite manager had no complaints regarding any construction management or other tasks performed by Dari-Tech.<br>Obendorf Dep. pp. 157-158. | Undisputed. |
| 24. Dari-Tech had no role in designing the cow lanes at the Dairy.<br>Downey Dep. p. 299. | Undisputed. |
| 25. Dari-Tech had no role in designing the milking parlor at the Dairy.<br>Downey Dep. p. 299. | Undisputed. |
| 26. Dari-Tech had no role in designing the corrals at the Dairy.<br>Downey Dep. pp. 299-300. | Undisputed. |
| 27. Dari-Tech had no role in designing or installing the sand lanes at the Dairy.<br>Downey Dep. at 300. | Dari-Tech was involved in the grading of the sand lanes.<br>Downey Decl. at ¶35, Ex. E |
| 28. Dari-Tech had no role in designing the catch basins (the collection pit at the end of the flush lanes) at the Dairy.<br>Downey Dep. p. 300, 303.<br>Dari-Tech Dep. p. 62. | Dari-Tech was involved in the plan design of the Biolynk flush system, including reception pit sizes.<br>Ex. H, Downey Dep., Vol. 3 at 104:1-22, 106:11-18, 108:4-8 |

| # | Fact | Response |
|---|---|---|
| 29. | Dari-Tech had no role in designing the transition lanes connecting the runoff from the different cow alleys to the sand lane at the Dairy.<br>Downey Dep. at 304-305. | Undisputed. |
| 30. | Dari-Tech had no role in designing or building the collection pits and related pipes at the ends of the free stalls connecting them to the sand lanes at the Dairy.<br>Downey Dep. at 304-305. | Dari-Tech was involved in the plan design of the Biolynk flush system, including reception pit sizes.<br>Ex. H, Downey Dep., Vol. 3 at 104:1-22, 106:11-18, 108:4-8 |
| 31. | The manure separators at the Dairy were supplied by someone other than Dari-Tech.<br>Downey Dep. p. 306. | Undisputed. |
| 32. | Dari-Tech had recommended to the Debtor that he employ a secondary phase of separation to further remove solids from the circulating flush water.<br>Dari-Tech Dep. p. 42. | Undisputed. |
| 33. | Cow barns typically provide bedding for the cows that typically are either organic material or sand. | Lacks evidentiary basis to create a dispute. |
| 34. | In a flush cycle at the Dairy, water was to move through the cow barn and sweep waste material and bedding into collection bin, after which the waste was to move though pipes to the sand lane.<br>Love Dep. pp. 107-108. | Undisputed. |
| 35. | The Dairy experienced problems getting waste material to the sand lane due to the sand collecting in the collection bins (or troughs) and clogging the pipe to the sand lane.<br>Love Dep. p. 108.<br>Dari-Tech Dep. p. 92. | Undisputed. |
| 36. | The Dairy also experienced problems with the sand lane, which is a sloping concrete plane that conveys waste water to the collection pits, and in the | Undisputed. |

| | |
|---|---|
| process removes most of the sand by gravity.<br>Love Dep. 108-109 | |
| 37. The purposes of using a sand lane is to remove the sand from the waste water before it arrives at the collection pits.<br>Love Dep. pp. 108-109. | Undisputed. |
| 38. At the collection pits at the Dairy, waste water was pumped to manure separators that were to further refine the effluent by removing solid manure and other organic material and then discharging the water to the BioLynk tank.<br>Love Dep. 109.<br>Dari-Tech Dep. 95-96. | Undisputed. |
| 39. After the water is processed by the separators, the majority of the sand and other solids should be out of the system.<br>Love Dep. p. 110.<br>Dari-Tech Dep. 95-96. | Undisputed. |
| 40. Some dairies elect to have an additional separator designed to remove sand from the waste water flow, but the Debtor elected not to install one.<br>Love Dep. p. 111. | Undisputed. |
| 41. Prior to the Debtor's purchase of the BioLynk tank, Dari-Tech took him on a tour of two dairies to show him the BioLynk tanks in operation there.<br>Dari-Tech Dep. p. 42. | Undisputed. |
| 42. Prior to the Debtor's purchase of the BioLynk tank, Dari-Tech advised the Debtor that it was critical to have proper separation of solids from the effluent in order to operate the BioLynk tank within its normal operating conditions.<br>Dari-Tech Dep. pp. 42-43. | Undisputed. |

| | |
|---|---|
| 43. The Dairy operators knew that the BioLynk tank was not a sand separator.<br>Love Dep. pp. 17-118. | The Dairy operators understood that the Biolynk tank would evacuate solids, including sand.<br>Ex. I, Love Dep., at 110:12-111:9, 116:2-117:11 |
| 44. The Dairy's main issue with the BioLynk tank was that it filled with sand.<br>Love Dep. 79-80. | The Dairy had several issues, including lack of funding, lack of water, and personal issues of the Debtor.<br>Ex. I, Love Dep., at 98:23-99:20 |
| 45. The BioLynk tank filled with sand because the sand lanes did not operate properly.<br>Love Dep. 118. | The Dairy operators understood that the Biolynk tank would evacuate solids, including sand.<br>Ex. I, Love Dep., at 110:12-111:9, 116:2-117:11 |
| 46. At times when the sand lanes were malfunctioning, the Dairy operators bypassed the separators and fed unprocessed effluent directly from the collection pit into the BioLyink tank.<br>Love Dep. p. 114.<br>Dari-Tech Dep. p. 84, 86. | Undisputed. |
| 47. If an operator bypasses the manure separators and feeds the effluent straight into the BioLynk tank, this would be operator error.<br>Dari-Tech Dep. p. 84-85. | The Dairy operators discussed feeding additional water from lagoons without passing through a separator at length with Dari-Tech. Dari-Tech personnel were aware of this practice by the Dairy operators and made no instruction otherwise.<br>Ex. I, Love Dep., at 114:5-116:20 |
| 48. Had the sand at the Dairy been removed properly before the effluent had been entered into the BioLynk, it would have operated properly.<br>Love Dep. p. 118. | The Dairy had several issues, including lack of funding, lack of water, and personal issues of the Debtor. The Dairy further would have required the Biolynk system to work properly.<br>Ex. I, Love Dep., 98:23-99:20, 118:7-14 |
| 49. The ultimate cause of the malfunctioning of the BioLynk tank was the failure of the other parts of the waste system to remove adequate amounts of sand from the effluent.<br>Love Dep. p. 118. | The Dairy had several issues, including lack of funding, lack of water, and personal issues of the Debtor. The Biolynk system further failed to evacuate solids.<br>Ex. I, Love Dep., 98:23-99:20, 116:2-117:11, 118:7-14 |

Miller Nash LLP
Attorneys At Law
Portland

RESPONSE TO DARI-TECH'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Dated: April 2, 2025        MILLER NASH LLP


By: */s/ Kyle D. Sciuchetti*
    Kyle D. Sciuchetti, OSB No. 965705, admitted *pro hac vice*
    Bernard Kornberg, CSB No. 252006
    Benjamin P. Tarczy, CSB No. 308367
    Hagop T. Bedoyan, CSB No. 13285

Attorneys for IRZ Consulting, LLC and Lindsay Corporation