POSTED ON WEBSITE
NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN te VELDE,<br><br>        Debtor.<br>_____ | Case No. 18-11651-B-11 |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE<br><br>        Plaintiff,<br>v.<br>IRZ CONSULTING, LLC, aka IRZ CONSTRUCTION DIVISION, LLC,<br><br>        Defendant.<br>_____<br>AND RELATED THIRD-PARTY COMPLAINT AND CONSOLIDATED ACTIONS.<br>_____ | Adv. Proceeding No. 19-1033-B<br><br>Docket Control No. DCT-2 |

**FINDINGS AND RECOMMENDATIONS FOR
DE NOVO CONSIDERATION OF THE DISTRICT COURT
AS TO DARI-TECH, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT**

_____

Shanon J. Slack, SLACK LAW GROUP, APC, for Dari-Tech, Inc., Duncan Turner, BADGLEY MULLINS TURNER PLLC, for Dari-Tech, Inc., Movant/Third Party Defendant.

Kyle D. Sciuchetti, MILLER NASH LLP, for IRZ Consulting, LLC and LINDSAY CORPORATION, Bernie Kornberg, MILLER NASH LLP, for IRZ Consulting, LLC and LINDSAY CORPORATION and Hagop Bedoyan, McCORMICK, BARSTOW, et al., for IRZ Consulting, LLC and LINDSAY CORPORATION, Defendants.

Randy Sugarman, Chapter 11 Trustee.

_____

RENÉ LASTRETO II, Bankruptcy Judge:

1

**INTRODUCTION**

Sometimes successive summary judgment motions are successful; sometimes not.  A third-party defendant in this protracted construction dispute pursues a second summary judgment motion before the District Court ruled on its' objections to this court's Report and Recommendation that the first summary judgment motion be denied.  Though this motion contains certain additional deposition testimony not presented previously; the third-party defendant presented no compelling reason why that testimony was unavailable for its first attempt.  So, the court recommends this motion be denied.

Independently, even considering the evidence, though unnecessary, genuine issues of material fact remain.  For that reason, as well, the court recommends the second summary judgment motion be denied.

**BACKGROUND**

This is another chapter in the saga of the ill-fated Lost Valley Farm in Boardman, Oregon.  Lost Valley was a dairy construction project of Debtor Gregory John te Velde ("Debtor").  Before beginning this project, Debtor owned and operated several large dairies spanning thousands of acres of land across the western United States.

In late 2015, Debtor hired Defendant IRZ Consulting, LLC also known as IRZ Construction Division, LLC ("IRZ") to manage the construction of the dairy project.  IRZ managed at least nine "subcontractors" in the Lost Valley project.  One of those "subcontractors" is the Movant here, Dari-Tech.  Most of the

"subcontractors" actually had direct contracts with the Debtor according to some of the evidence. Dari-Tech also claims it had a direct contract with the Debtor.

One of the features of the Lost Valley dairy project was a closed loop waste flushing system. The idea is to limit the dairy's need for fresh water by using recycled water to flush manure, organic compounds and other waste from the dairy. The waste would go through a separation system and into a large tank for further separation. The water would then exit the tank and eventually finish its' journey in dairy lagoons. The lagoon water would be used in part to continue flushing waste from the dairy and also irrigate crops, trees or other plants.

A component of the system was furnished by Dari-Tech. The component was known as the "Biolynk tank" and accompanying equipment. Those components included manure pumps, flush valves and controls. Dari-Tech contracted with the Debtor to provide and install these components.

Things did not work out as hoped. After dairy operations began, the wastewater management system failed. Millions of gallons of liquid and solid dairy waste backed up, over flowed, and were released onto bare soil. The cause of the failure is what this litigation is about.

That failure resulted in the state of Oregon terminating a permit allowing the dairy to operate. This chapter 11 case soon followed. A chapter 11 trustee was appointed shortly after.

Plaintiff, Randy Sugarman, ("Sugarman" or "Trustee") filed this adversary proceeding against IRZ alleging breach of contract and negligence resulting in nearly in $19 million in construction

defect damages.  The complaint also included an objection to the allowance of IRZ's proof of claim for unpaid management fees.

　　　Trustee's allegations are that IRZ allegedly failed to competently perform management services for the planning, engineering, and construction of the dairy waste collection, treatment, conversion, and disposal system.  The complaint includes four claims for relief:  objection to claim, breach of contract, negligence, and fraudulent transfer.

　　　IRZ then filed a third-party complaint alleging negligence, indemnity, and contribution against nine third-party defendants including Dari-Tech whose work on the project related to the allegations in the complaint.

　　　This saga has now spanned over six years, three presidential administrations, and a pandemic.

　　　This is the second summary judgment motion filed by Dari-Tech.[1]

　　　The first summary judgment motion was filed after written discovery had been exchanged.  The basic argument in the first motion was that there was no evidence that Dari-Tech was engaged in any of the activity or responsible for the components that lead to the failure of the wastewater treatment system.  The court issued a report and recommendation that the District Court deny the motion in June 2022.[2]  The court's extensive report and recommendation on the first motion outlined the material factual

---

[1] Doc. #143.
[2] In ruling on IRZ's motion to withdraw the reference (Doc. #162) in August 2019, the District Court denied the motion and ordered that pretrial matters including non-dispositive motions be handled by the Bankruptcy Court.  Dispositive motions, however, were to be the subject of a report and recommendation.

4

disputes that remained. The District Court has not yet ruled on any objections to the report and recommendation.

In this second motion, Dari-Tech argues essentially the same contention. Dari-Tech does cite deposition testimony which was largely absent in the first motion. Dari-Tech's primary argument is the Biolynk components were not the cause of the wastewater system failure but rather other components, the design of other portions of the dairy were faulty, or that the Dari-Tech Biolynk system was not properly operated.

IRZ contends otherwise. IRZ maintains that there are genuine issues of material fact including the role of Dari-Tech in the design of the wastewater treatment system, whether the Biolynk system for the Lost Valley Dairy was inadequate for the type of waste going through the system, whether Dari-Tech improperly trained the operators of the Biolynk tank and related components, and that the failure of the Biolynk tank was a contributing factor in the failure of the wastewater system.[3]

**JURISDICTION**

The District Court has jurisdiction of Trustee's complaint under 28 U.S.C. § 1334(b) because it is a civil proceeding arising under Title 11 of the United States Code. This court has jurisdiction by reference from the District Court under 28 U.S.C. § 157(a).

This court has "related to" jurisdiction over IRZ's third-party complaint under 28 U.S.C. § 157(b)(3) because it is related

---

[3] A more complete factual background is set forth in the court's Findings and Recommendations concerning Dari-Tech's first summary judgment motion. (Doc. #395).

| | |
|---|---|
| 1 | to Trustee's complaint against IRZ.  Trustee's complaint is a |
| 2 | "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), |
| 3 | and (O). |
| 4 | Since this court's jurisdiction is "related to" the |
| 5 | bankruptcy case, this court cannot render a final judgment in |
| 6 | this matter.  The District Court has deferred from withdrawing |
| 7 | its reference under 28 U.S.C. § 157(c)(1) and this court is |
| 8 | directed to supervise discovery, rule on non-dispositive motions, |
| 9 | and issue findings and recommendations for de novo consideration |
| 10 | by the District Court as to dispositive motions.[4] |
| 11 | Additionally, the court may exercise supplemental |
| 12 | jurisdiction under 28 U.S.C. § 1367(a) because the third-party |
| 13 | claims relate to Dari-Tech's work on the dairy which share a |
| 14 | common nucleus of operative facts with the allegations in |
| 15 | Trustee's complaint. |

**DISCUSSION**

**This second summary judgment motion should be denied since there is no basis to bring a repetitive motion.**

Dari-Tech brought this motion before the District Court has ruled on the Report and Recommendation submitted by this court on Dari-Tech's first summary judgment motion.  Dari-Tech has not met the requirements in this circuit for bringing this second motion.

Nothing in Fed. R. Civ. Proc. 56 (Fed. R. Bankr. Proc. 7056) precludes the filing of a second summary judgment motion. *Martinez v. High*, 91 F.4th 1022, 1027 (9th Cir. 2024)(Second summary judgment held appropriate because there was a change of

---

[4] See above discussion and footnote 2 above.

law on a central issue of qualified immunity). Whether a second summary judgment motion should be permitted is discretionary with the court. *Hoffman v. Tonnemacher*, 593 F.3d 908 (9th Cir. 2010)(Second summary judgment permitted after the first was denied, additional discovery occurred, there was a partial grant of summary judgment, a trial, a deadlocked jury, a mistrial, and modification of a pretrial order). In this circuit, successive summary judgment motions may be considered if there is an intervening change in controlling law; the availability of new evidence or an expanded factual record; and the need to correct a clear error or prevent manifest injustice. *Brazill v. California North State College of Pharmacy*, 2013 WL 4500667*1 (E.D. Cal. August 22, 2013) citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).

　　IRZ argues in opposition to this motion that nothing new has been presented in this summary judgment motion that was not presented previously. Though additional evidence has been offered by Dari-Tech, there is no showing that any of the depositions offered were unavailable before. There has been no trial testimony or other compelling basis for this court to consider the second summary judgment motion which restates the same arguments included in the first motion. Dari-Tech argues that the depositions were unavailable because it was a "scheduling nightmare" since depositions were delayed by the needs of the Trustee and IRZ. Further, Dari-Tech argues that it is in the "interests of justice" for this second motion to be considered. None of these arguments are persuasive.

///

No proof has been offered by Dari-Tech as to what a "scheduling nightmare" means in this protracted case. There is no record of this court intervening in the discovery disputes or to facilitate scheduling of depositions. Dari-Tech may very well have been frustrated in its attempts to schedule depositions in this case but a logical inference based on this record is that Dari-Tech acquiesced in the delayed scheduling of depositions. Indeed, the parties have engaged in at least two mediation sessions.

Dari-Tech's contention that the "interests of justice" would be served by this court considering the motion for summary judgment is likewise unavailing. Dari-Tech does not develop this argument or articulate how it has been treated unjustly in this litigation. Dari-Tech's view is they are blameless in the catastrophic failure of the waste disposal system at Lost Valley Dairy, but that does not equate to Dari-Tech suffering injustice. The matter has not been tried. Dari-Tech has been an active participant since the beginning of the case. Dari-Tech presents no intervening change in controlling law, no clear error, and no manifest injustice. The scenario here is nothing like the situations where multiple summary judgments have been entertained by other courts.[5]

///

---

[5] *Edwards Lifesciences Corp. v. Meril Lifesciences Pvt. Ltd.*, 2021 WL 4281336 (N.D. Cal. September 21, 2021)(denying leave to file a second summary judgment motion at close of discovery noting availability of additional discovery "has little persuasive weight in this case"). *CF, AAA Flag & Banner Mfg. Co. Inc. v. Flynn Signs and Graphics, Inc.*, 2010 WL 11463632 (C.D. Cal. March 15, 2010)(permitting second motion for summary judgment shortly after denial of the first motion because defendant's motion potentially mitigated litigation costs to all parties).

In short, this court is not persuaded that it should exercise its discretion to consider successive summary judgment motions by Dari-Tech since there has been no compelling showing. This motion for summary judgment should be denied on this basis alone.

Nevertheless, upon review of the evidence submitted by Dari-Tech and IRZ, there are genuine issues of material fact that warrant denial of the summary judgment motion even if it was properly entertained.

**Standards**

Under Fed. R. Civ. Proc. 56(a) summary judgment should be granted "if the movant shows that there is not genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To survive a summary judgment motion, the opposing party need only present evidence from which a jury might return a verdict in its favor. If so, there is a genuine issue of fact that requires a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

When determining whether a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the non-moving party. *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189 (9th Cir. 2021). That includes questions of credibility and of the weight to be accorded particular evidence on summary judgment. *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1132 (9th Cir. 2003). Courts are not to evaluate credibility or weigh conflicting evidence on a
///

summary judgment motion.  *Anderson*, 477 U.S. at 255.  In short, the evidence of non-movants is to be believed.  *Id.*

An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson*, 477 U.S. at 248, 49.  A fact is "material" if the fact may affect the outcome of the case.  *Id.* at 248; *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001).

Applying these standards to the evidence presented on this second motion for summary judgment, establishes genuine issues of material fact.

## Some Genuine Issues of Material Fact

1. <u>Identification of shortcomings of Dari-Tech in its involvement in the project</u>.

Dari-Tech points to the deposition of Mr. Ziari of IRZ who stated that he was not aware of anything that was wrong with any part of the project based on comments from the Debtor.[6]  IRZ points to testimony of construction manager Wayne Downey of IRZ who discussed with Josh Obendorf that the operation of the manure management system was woefully inadequate.[7]  Further, Debtor's farm manager, Travis Love, expressed concerns concerning manure management and other aspects of the project.[8]

This conflicting testimony will need to be assessed by the fact finder as to whether there were concerns expressed to IRZ and Dari-Tech about the manure management system.  The issue is material since Dari-Tech contends it received no negative

---

[6] Doc. #159 Ziari Deposition page 105.
[7] Doc. #793 Downey Deposition Vol. 3 at page 313.
[8] Doc. #793 51:8-14, 79:24-80:20; 98:23-99:20.

10

commentary when the dairy was operating.  So, Dari-Tech argues the waste system was working properly when it operated.  That is disputed.

2.　　Extent of Dari-Tech's involvement in design of the manure management system.

Dari-Tech offers evidence from IRZ's Wayne Downey that "subcontractors were not involved in site design."[9]  Further, Mr. Dewaard who was at the time of construction the president of Dari-Tech stated in a declaration that the Debtor rejected the overall plan of Dari-Tech in favor of buying certain components related to the Biolynk flushing system from other suppliers.[10]

IRZ counters that according to Mr. Downey's deposition, Dari-Tech and the Debtor were involved in discussions changing portions of Dari-Tech's design of certain components of the manure management system.[11]

There is also conflicting testimony as to whether Dari-Tech was involved in the design of the Biolynk flushing system and reception pit sizes which may or may not have been rejected by the Debtor.[12]  This conflicting testimony also presents the issue that portions of Dari-Tech's design of the waste system were rejected by Debtor.  Nevertheless, Dari-Tech continued with the project using its' other components even though critical parts of its role in the system were supplied by parties other than Dari-

---

[9] Doc. #759.
[10] *Id.*
[11] Doc. #793 Downey Deposition 106:11-18.
[12] See Declaration of John O'Donnell Doc #794; contradictory testimony from Mr. Downey. (Doc. #759; Doc. #789 Deposition of Downey 104:1-22; 106:11-18; 108:4-8.

11

Tech or otherwise modified by Debtor.  This presents a material issue of Dari-Tech's knowledge that the Debtor was intending to use components that Dari-Tech did not design or supply.  This suggests Dari-Tech was in a position to "work around" these components that integrated with the Biolynk system.

3.  <u>Dari-Tech's knowledge of use of sand as a base for cow barns and the sand as a component of the effluent running through the waste system</u>.

Dari-Tech contends that Mr. Love, Debtor's farm manger, knew that the Biolynk tank which was part of the flushing system was not a sand separator.[13]  Dari-Tech also contends that the amount of sand that was flushed through the system without separation before the effluent went into the Biolynk tank was operator error.[14]  Mr. Love, however, testified that the Biolynk tank was to evacuate solids including sand.  He also testified that he discussed with Dari-Tech at length about feeding water from the lagoons without passing that water through a separator.[15]  This conflicting testimony will need to be resolved by the trier of fact since it involves questions of credibility and weight of the evidence.  Both Dari-Tech and IRZ have their own interpretations of this testimony.  What the trier of fact will need to decide based on this testimony and other evidence is what portion of the failure at Lost Valley Dairy, if any, was attributable to Dari-Tech's components in the system.

///

---

[13] Doc. #759 Love Deposition 17-118.
[14] Doc. #759 Dari-Tech Deposition 84-85.
[15] Doc. #793 Love Deposition Exhibit I 110:12-111:9; 114:5-116:20; 116:2-117:11; 98:23-99:20.

**CONCLUSION**

Dari-Tech has not presented a compelling case for this court to even consider a second summary judgment motion based on essentially the same theories and facts as the first motion. For that reason, the court recommends the District Court deny the motion.

Independently, and by no means limiting what may be both material and disputed issues of fact, this court recommends the District Court deny the motion for summary judgment on the merits. The court's rulings on IRZ's evidentiary objections are filed contemporaneously with this report.

Objections to the above Report and Recommendation, responses thereto and other requirements shall be as required by Fed. R. Bankr. Proc. 9033.

**Dated:** Apr 24, 2025

By the Court

*/s/ René Lastreto II/*
**René Lastreto II, Judge**
**United States Bankruptcy Court**

13

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

    The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Randy Sugarman
583 1st St W
Sonoma, CA 95476

Aaron Moore
1600 West St.
Redding, CA 96001

Ben Patrick
275 Battery Street, Ste, 2000
San Francisco CA 94111

Carl S. Kravitz
2100 L Street, NW, Ste. 400
Washington DC 20037

Duncan C. Turner
19910 50th Avenue W., Ste. 103
Lynnwood, WA 98036

Hagop T. Bedoyan
7647 N. Fresno Street
Fresno, CA 93720

Jean Barnier
645 First St., West, Suite D
Sonoma, CA 95476

Kurt F. Vote
265 E. River Park Circle, Suite 310
Fresno, CA 93720

Kyle D. Sciuchetti
500 Broadway St., Ste. 400
Vancouver WA 98660

Bernie Kornberg
340 Golden Shore, Ste. 450
Long Beach, CA 90802

Lindy H. Scoffield
3043 Gold Canal Dr #100
P. O. Box 269127
Sacramento CA ,95826-9127

| | |
|---|---|
| 1 | Michael Brown |
| | 1809 West Main St., Ste. H |
| 2 | Visalia, CA 93291 |
| 3 | Riley C. Walter |
| | 265 E. River Park Circle Suite 310 |
| 4 | Fresno, CA 93720 |
| 5 | Shanon J Slack |
| | 2030 Main Street, Ste. 1300 |
| 6 | Irvine, CA 92614 |
| 7 | Tracy A. Agrall |
| | 246 W. Shaw |
| 8 | Fresno, CA 93704 |