**4**

MILLER NASH LLP
Kyle D. Sciuchetti, Admitted Pro Hac Vice
  *kyle.s@millernash.com*
Bernard Kornberg, CSB No. 252006
  *Bernie.kornberg@millernash.com*
Benjamin P. Tarczy, CSB No. 308367
  *benjamin.tarczy@millernash.com*
1140 SW Washington St, Ste 700
Portland, Oregon 97204
Telephone:   503.224.5858
Facsimile:   503.224.0155

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
Hagop T. Bedoyan, CSB No. 131285
7647 North Fresno Street
Fresno, California 93720
Telephone:   559.433.1300
Facsimile:   559.433.2300

Attorneys for IRZ Consulting, LLC and Lindsay Corporation

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN TE VELDE,<br><br>Debtor. | Bankruptcy Case No. 18-11651-A-11<br><br>Chapter 11<br><br>Adv. Pro. No. 19-01033-B |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>IRZ CONSULTING, LLC et al.;<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | DC No. MNG-5<br><br>**DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:  July 16, 2025<br>Time:  11:00 a.m.<br>Place:  Dept. B, Ctr. 13, 5th Fl.<br>  U.S. Bankruptcy Court<br>  2500 Tulare Street<br>  Fresno, CA<br>Judge:  Hon. Rene Lastreto |

Defendants IRZ Consulting, LLC, aka IRZ Construction Division, LLC ("IRZ") and Lindsay Corporation ("Lindsay Corp.") (and collectively, "Defendants") hereby, pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, move for partial summary judgment as to the claims raised in the first amended complaint (the "FAC") of plaintiff Randy Sugarman, Liquidating Trustee ("Trustee") of the estate of Gregory John Te Velde ("Debtor").[1] In the alternative, Defendants requests that if the Court does not grant summary judgment in its entirety, that the Court, pursuant to Federal Rule of Civil Procedure 56(g), enter an order setting forth each material fact that is not genuinely in dispute and treating the fact as established in the case.

The factual and legal grounds for summary judgment as are follows:

The Court should grant summary judgment on the first cause of action for Objection to Claim as IRZ has filed a proof of claim in compliance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, and thus is entitled to prima facie validity under Federal Rule of Bankruptcy Procedure 3001(f). Trustee has failed to set forth facts rebutting this prima facie validity. The sole disputed issue is whether IRZ was licensed as a contractor during the operative time period and thus entitled to file a claim under ORS 701.131(1). The undisputed facts show that for all work performed for which payment is sought, IRZ had such a license.

The Court should grant summary judgment on the second cause of action for Breach of Contract as it is undisputed that Debtor failed to perform under the contract. Therefore, under *Wasserburger v. Am. Sci. Chem., Inc.*, 267 Or. 77, 82 (1973) and *Shelter Prods., Inc. v. Steelwood Const., Inc.*, 257 Or. App. 382, 386 (2013), along with other authority, Defendants' performance is excused. Further, there was no breach of contract. The Trustee alleges a failure of Defendants to perform on the contract regarding design and engineering work, but that Defendants never agreed to perform that work and the work was in fact performed by Debtor and others.

---

[1] Pursuant to the Court's April 24, 2025 Order [Dkt. #823] and the oral rulings made at the April 23, 2025 hearing, Defendants hereby file this renewed motion to correct the docket control number used in its February 14, 2025 motion for summary judgment. Except for the docket control number, hearing date, and other caption info, the motion and supporting exhibits are identical to Defendants' February 14, 2025 motion for summary judgment.

The Court should grant summary judgment on the third cause of action for negligence as under *Jones v. Emerald Pac. Homes, Inc.*, 188 Or. App. 471, 478 (2003) and other authority, Defendants did not have a duty of care as to Debtor. To the extent other contractors were negligent, Defendants do not have a duty of care to guaranty their work under *Yowell v. Gen. Tire & Rubber Co.*, 260 Or. 319, 325 (1971) and other authorities. Finally, the underlying contracts themselves limit liability on the negligence claim and those limitations are valid under the case of *Certain Underwriters at Lloyd's London v. TNA NA Mfg., Inc.*, 372 Or. 64, 72 (2024), along with other authorities.

The Court should grant summary judgment on the fourth cause of action for fraudulent transfer on the grounds that the issue is moot as, under 11 U.S.C. § 502(h), Defendants would have a claim equal to the avoid liability limitations clauses Trustee seeks to avoid. This claim would offset any damages incurred by the limitations of liability. Further, a fraudulent transfer under ORS 95.240 and 95.230 requires that the Debtor be insolvent or become insolvent due to the transfer. That did not occur here. The Debtor was solvent during the relevant time period. Finally, a transfer is not avoidable under ORS 95.240 and 95.230 if for reasonably equivalent value. The liability limitation clauses of issue were bargained for and a material part of the contract, and thus constitute reasonably equivalent value under *In re 3dfx Interactive, Inc.*, 389 B.R. 842, 865 (Bankr. N.D. Cal. 2008) and other authorities.

Finally, the Court should also grant summary judgment as to defendant Lindsay Corp. on the alternative ground that Lindsay Corp.'s relationship to this matter is solely that it is the ultimate (and not the direct) parent of IRZ. Under ORS 63.165(1), Lindsay Corp. is not liable for the acts of its subsidiaries.

This motion is supported by the memorandum of points and authorities, the statement of undisputed material facts, the declarations of Farahmand Ziari, Wayne Downey, And Benjamin P. Tarczy, the request for judicial notice, the exhibit document, and the pleadings and papers filed in this adversary proceeding and the underlying bankruptcy case.

Dated: April 25, 2025    MILLER NASH LLP


By: */s/ Kyle D. Schiuchetti*
    Kyle D. Sciuchetti, OSB No. 965705, admitted *pro hac vice*
    Bernard Kornberg, CSB No. 252006
    Benjamin P. Tarczy, CSB No. 308367
    Hagop T. Bedoyan, CSB No. 13285

Attorneys for IRZ Consulting, LLC and Lindsay Corporation